FILED

MAR - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

For Defendants Gulf Telephone Company, Inc.,
Gulf Coast Services, Inc., Gulf Merger Corporation,
Madison River Telephone Company, LLC
**Madison River Communications**
**103 South Fifth Street**
**Mebane, North Carolina 27302**

For Defendant Millry Management Corporation
**Millry Corporation**
**30433 Highway 17**
**Millry, Alabama 36558**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ESLAVA, et al., | ) |
| Plaintiffs | ) CASE NUMBER 1:07MS00104 |
| vs. | ) JUDGE: Rosemary M. Collyer |
| GULF TELEPHONE CO., INC., | ) DECK TYPE: Miscellaneous |
| et al., | ) DATE STAMP: 03/07/2007 |
| Defendants. | ) |

### GULFTEL DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COME NOW the Defendants Gulf Telephone Company, Inc., Gulf Coast Services, Inc., Gulf Merger Corporation, Gulf Telephone Company Administrative Committee, Gulf Telephone Company ESOP Plan Administrator, Escrow Committee, Dale Younce, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Jo Gould Smith, Madison River Telephone Company, LLC, Donald Roberton, Kenneth Amburn, Stephen Vanderwoude, Paul Sunu, and Randy Wood, and Defendants Millry Management Corporation[1] and Paul Brown ("GulfTel Defendants"), by and through undersigned counsel of record, and move this Court for a protective order requiring the deposition of Michael Balhoff to be conducted at the offices of Alston &

---
[1] Millry Management Corporation was converted to Millry Management, LLC

Bird, in Washington DC. In support hereof, GulfTel Defendants show the Court as follows:

    Plaintiffs served a subpoena demanding the appearance of Michael Balhoff for deposition on March 6, 2007 at Esquire Reporting Services, 1020 19th Street NW, #620A, Washington, DC 20036. See Exhibit 1. Defendants agreed to produce Mr. Balhoff despite the close of discovery on March 2, 2007. On March 2, counsel for the Gulf Telephone defendants emailed Mr. Garofolo and requested that the deposition be held at the Washington DC office of the Gulf Telephone Defendants' counsel because Defendants' counsel had other business at his Washington DC office and needed to be at that office. Mr. Garofolo refused to agree despite the fact that the GulfTel Defendants' Washington DC office is just a few blocks from Esquire reporting services and has superior conference room and telephonic capabilities for other counsel attending by phone.

    GulfTel Defendants' counsel's subsequent requests to Mr. Garofolo were refused without any reason offered. Accordingly, with regret, Defendants seek a protective order relieving Michael Balhoff from appearing at Esquire Reporting Services. Defendants were unable to file this motion before the scheduled start of the deposition because of the required corporate disclosure statement required extensive information concerning the many corporate defendants that was unavailable until the date hereof. Notice of this motion was, however, served on Mr. Garofolo before the scheduled start of the deposition.

Respectfully submitted on March 7, 2007.

_David R. Godofsky /sw_
David R. Godofsky
(DC. Bar No. 469602)
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
Phone: 202-756-3300
Fax: 202-756-3333
Email: david.godofsky@alston.com

OF COUNSEL:

Gregory C. Braden
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
Email: greg.braden@alston.com

Attorney for Defendants Gulf Telephone Company, Inc., Gulf Coast Services, Inc., Gulf Telephone Company Administrative Committee, Gulf Telephone ESOP Plan Administrator, Escrow Committee, Dale Younce, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Jo Gould Smith, Madison River Telephone Company, LLC, Donald Robertson, Kenneth Amburn, Stephen Vanderwoude, Paul Sunu, Randy Wood, Millry Management Corporation, Paul Brown, and Gulf Merger Corporation.

# Exhibit 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     COLUMBIA

DAVID ESLAVA, et al.

V.

GULF TELEPHONE COMPANY, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-297-KD-B

USDC Southern District of Alabama

TO: Michael J. Balhoff, Balhoff & Rowe, LLC
5457 Twin Knolls Road, Suite 101
Columbia, Maryland 21045

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>1020 19th Street NW, #620A, Washington, DC 20036 | 3/6/2007 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>1020 19th Street NW, #620A, Washington, DC 20036 | 3/6/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiffs | 2/21/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph A. Garofolo, Esq., Law Office of Joseph A. Garofolo
2125 Oak Grove Rd., Suite 110, Walnut Creek, CA 94598     Phone: (925) 926-0524

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 2/21/2007 | Alston & Bird LLP<br>1201 West Peachtree St., Atlanta, GA 30309 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Gregory C. Braden | | Electronic Mail |
| SERVED BY (PRINT NAME) | | TITLE |
| Tuyana Kupisk | | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/21/2007
                   DATE

SIGNATURE OF SERVER

2125 Oak Grove Road, Suite 110
ADDRESS OF SERVER

Walnut Creek, CA 94598

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A
TO THE SUBPOENA ISSUED TO
DEFENDANTS' EXPERT MICHAEL J. BALHOFF**

**Definitions**

The following definitions shall be applicable to these requests:

"Document(s)" or "document(s) and record(s)" shall include without limitation all written, printed, typed, recorded or graphic matter, however produced or reproduced, in your actual or constructive possession, custody or control, or in the actual or constructive possession of any person or entity on your behalf, including your employees, officers, agents or representatives. The terms "document(s)" or "document(s) and record(s)" shall include, but shall not be limited to, all forms of creating or preserving information, by whatever means, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, photographs, videotaped material, sound reproduction tapes, data compilations, correspondence, cancelled checks, bank statements, balance sheets, accounting work papers, financial statements, memoranda, notes, diaries, log books, daily progress reports, statistics, letters, telegrams, minutes, contracts, reports, studies, statements, receipts, summaries, pamphlets, books, prospectuses, computer printouts, inter-office and intra-office communications, notations of any sort regarding conversations, telephone calls, meetings, or other communications, bulletins, printed matter, schematics, reports, statistics, proposals, requests for proposals, bids, requests for bids, teletypes, telefaxes, invoices, worksheets, each and every draft, alteration, modification, change or amendment of any kind of the foregoing, or any other tangible thing which constitutes or contains matters within the scope of the Federal Rules of Civil Procedure.

Further, such documents or records should include all databases, electronic data, or computerized information of any kind, including, without limitation, electronic mail messages (e-mail) and other electronic communications which may or may not be reduced to hard copy and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, CD's, back-up tapes, or other storage media, tapes, cassettes, discs, and/or recordings, electronic storage device, external or internal computer data drives.

"Electronic Storage Device" means any disk, including hard disks and floppy disks, flash drives, CD-ROMs, DVDs, audio tapes, network servers, shared servers, computers, magnetic tape, back-up tapes, voicemails, temporary files, and PDAs, whether currently on your premises or otherwise.

"Electronic data" means any information, including files, documents, images, video, metadata or any combination thereof, stored, created or used on any of your electronic storage devices.

1. For each separate civil action or lawsuit in which you have been retained as an expert, please produce the following documents, including in your response all matters in which you have been identified as a testifying expert but also have been retained as a consultant:

    a. All reports, including each earlier draft, prepared by you or at your direction, including the style, case number and jurisdiction of such cases.

    b. All deposition transcripts with exhibits;

    c. All transcripts of trial testimony;

    d. All other documents of any nature related to your being retained in such action;

    e. All court opinions in which your testimony has been cited.

2. With respect to your retention in connection with the above-styled action, *Eslava et al. v. Gulf Telephone et al.*, produce the following documents:

    a. Every document that you received related to this action;

    b. Every communication between you and any attorney for or agent of the plaintiffs with respect to this action or your engagement in any capacity;

    c. Any notes made by you or on your behalf and any notes made by any attorney for, any agent of the plaintiffs, or any plaintiff with respect to your engagement for or work on this case;

    d. As to your report dated February 2, 2007 and amended February 6, 2007 produce each and every earlier draft of such report;

    e. Produce everything consulted or reviewed by you from the time of your first contact with anyone about this action relative to any of the issues in this action, including any valuations, or any consultation or expert retention relating to this action, including, but not limited to, documents, studies, resources, areas of inquiry within a computer database, industry or other company data, etc.

    f. Records of payment for your services in connection with this matter, including, but not limited to, 1099s, W-2 forms, copies of checks or records of checks or other form of payment received from counsel for the plaintiffs or by any person, firm or entity on their behalf.

3. Identify the first communication between you and any attorney for or any agent of the plaintiffs in which any aspect of this action was discussed.

4. All earlier drafts of any report in this action, whether or not submitted to Defendants and whether or not submitted to counsel for plaintiffs for their review.

5. All documents relating or referring to any communication between you and any attorney for or any agent of the plaintiffs in which your possible consultation or engagement as an expert was a focus or was discussed.

6. All documents relating or referring to any communication between you and any attorney for the plaintiffs, any agent of the plaintiffs, or any plaintiff in which document retention practices relating to retention as an expert, including, but not

2

limited to, your retention in this case, were discussed, including, but not limited to, drafts, notes, calculations, comparables reviewed, industry or other data reviewed, emails, etc.

7. All documents consulted or reviewed by you or on your behalf from the time of your first contact with anyone about this case relative to any of the issues in this action, including any consultation or expert retention relating to this action, including but not limited to, documents, studies, resources, areas of inquiry within a computer database, industry or other company data.

8. All documents relating to or referred to in your report or any prior version of your report, or in any notes made by you or on your behalf since your engagement in this action, whether those notes or other information or documents were created by you or on your behalf or at your request, whether they currently exist or not.

9. All calendars, daytimers, or schedules maintained by you or on your behalf and/or any other person who worked on your expert report and/or any previous version of the report, whether in electronic, hard copy or any other form, from May 7, 2004 to February 6, 2007.

10. All emails between and among anyone about either your expert report of any previous version of the report or your engagement as an expert in this action.

11. To the extent not included in any request above, your engagement letter, fee agreement, bills, invoices, requests for payments for services, and/or any other document of any type or kind whatsoever, pursuant to your employment engagement in this matter by attorneys for the plaintiffs.

12. Your current curriculum vitae or resume, and any version of same created or existence since May 7, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ESLAVA, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Misc. Case No. _____ |
| vs. ) | |
| ) | Civil Action No. : 04-0297-KD-B |
| GULF TELEPHONE CO., INC., ) | pending in the U.S.D.C for the Southern |
| et al., ) | District of Alabama |
| ) | |
| Defendants. ) | |

### [Proposed] **ORDER**

Before the Court is GulfTel Defendants' Motion for Protective Order. The Court hereby GRANTS GulfTel Defendants' Motion, and hereby ORDERS that the deposition of Michael Balhoff shall proceed at the Washington D.C. office of Alston & Bird LLP.

Date:_____          _____
                                United States District Judge

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 7th day of March, 2007 that I filed the foregoing document with the Clerk of Court and notified all counsel of such filing via electronic mail to the following attorneys of record:

Donald J. Aho daho@millermartin.com,

Jenny C. Baker jbaker@mwe.com

Thomas H. Benton, Jr. tbenton@mlrlawyers.com, dmoye@mlrlawyers.com

Scott A. Boykin sboykin@burr.com, lparker@burr.com

Lee H. Copeland copeland@copelandfranco.com

Christopher A. Crevasse ccrevasse@millermartin.com, mstratton@millermartin.com

Joseph A. Garofolo erisalaw@sbcglobal.net

Michael T. Graham mgraham@mwe.com

William H. Hardie whh@johnstoneadams.com, service@johnstoneadams.com

Shannon L. Holliday holliday@copelandfranco.com

R. Mark Kirkpatrick mkirkpatrick@cdklaw.com, jcalton@cdklaw.com

Joseph W. Letzer jletzer@burr.com, cdyer@burr.com

Paul F. Linn pflinn@mbf-law.com, amgelhaus@mbf-law.com

James D. Martin martin@copelandfranco.com

Emit L. McCafferty, III mmccafferty@vickersriis.com, cmiller@vickersriis.com

John C. Morrow jmorrow@burr.com, tmoore@burr.com

Donald F. Pierce dpierce@pierceledyard.com

John Chas. Pierce jpierce@butlerpappas.com

Michael D. Strasavich mds@bowronlatta.com, kmr@bowronlatta.com

M. Mort Swaim swaimlaw@gulftel.com

Howard P. Walthall, Jr. hpwaltha@burr.com, mwalker@burr.com

H. William Wasden hww@bowronlatta.com

Michael A. Youngpeter may@olennicholas.com

*David R. Godofsky/dw*
David R. Godofsky
(DC. Bar No. 469602)
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
Phone: 202-756-3300
Fax: 202-756-3333
Email: david.godofsky@alston.com