For Plaintiff David Eslava
**2500 Bodie Lane**
**Gulf Shores, AL 36542**

For Plaintiff Robert Kaiser
**12912 County Road 26**
**Foley, AL 36535**

For Plaintiffs Jon Hartman
**12239 Grantham Road**
**Foley, AL 36535**

For Plaintiff Thomas Faison
**12836 Briarwood Drive**
**Foley, AL 36535**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID ESLAVA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GULF TELEPHONE COMPANY, | ) | Civil Action No. 1:07MS00104 (RMC) |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO GULFTEL
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COME NOW the Plaintiffs, by and through undersigned counsel, and respond to the

Motion for Protective Order (Doc. 1) filed by the GulfTel Defendants ("Defendants") on March

7, 2007 as follows:

### I.    INTRODUCTION

The lawsuit to which Defendants' Motion for Protective Order relates is an action

brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

on behalf of a putative class of employee benefit plan participants. Plaintiffs allege violations of ERISA relating to the Gulf Telephone Company Employee Stock Ownership Plan (the "ESOP" or the "Plan"), including the sale of ESOP stock for less than fair market value in connection with a merger transaction and the improper diversion and use of Plan assets prior and subsequent to the merger transaction. The action was filed in the United States District Court for the Southern District of Alabama in May of 2004.

In addition to numerous other discovery abuses (*see* Garofolo Decl., Ex. 1 at 5-8),[1] on March 6, 2007, Gregory C. Braden, Esq. ("Counsel for the Defendants" or "Counsel")[2] failed to produce Defendants' putative expert Michael J. Balhoff for an agreed-upon deposition. The parties had agreed that Plaintiffs would take Mr. Balhoff's deposition on March 6, 2007 in Washington, D.C. The deposition was noticed pursuant to a subpoena issued by Plaintiffs' counsel Joseph A. Garofolo, Esq. in the name of the United States District Court for the District of Columbia. (Defs.' Mot. for Protective Order, Ex. 1). Counsel for the Defendants attempted to force Plaintiffs' counsel to take the deposition at Counsel's Washington, D.C. office, offering as a purported reason that "he had other business at his Washington DC office and needed to be at that office." (Defs.' Mot. for Protective Order at 1). On behalf of the Defendants, Counsel filed a motion for protective order with this Court on March 7, 2007, after the scheduled date of the deposition, requesting only that this Court require that the "deposition…be conducted at the office of Alston & Bird, in Washington DC." (*Id.* at 1-2).

---

[1] "Garofolo Decl." refers to the Declaration of Joseph A. Garofolo In Support of Plaintiffs' Response to GuflTel Defendants' Motion for Protective Order, filed herewith.

[2] Mr. Braden is counsel for Defendants Gulf Telephone Company, Inc., Gulf Coast Services, Inc., Gulf Merger Corporation, Gulf Telephone Company ESOP Plan Administrator, Escrow Committee, Dale Younce, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Jo Gould Smith, Madison River Telephone Company, LLC, Donald Roberton, Kenneth Amburn, Stephen Vanderwoude, Paul Sunu, Randy Wood, Millry Management Corporation, and Paul Brown. Mr. Braden is also apparently the designated representative for all defendants in this litigation with respect to Defendants' putative experts David L. Heald and Mr. Balhoff.

Since Defendants' motion is frivolous and Defendants have improperly initiated an unnecessary proceeding, Plaintiffs request that the Court sanction Defendants and/or Counsel for the Defendants (or Alston & Bird LLP) by awarding Plaintiffs their costs and fees associated with the deposition including, but not limited to, the costs of Plaintiffs' expert who was present at the noticed deposition. Plaintiffs request only this relief and do not request that the subpoena commanding Mr. Balhoff to appear for his deposition be enforced, as Plaintiffs have filed a separate motion to preclude all the defendants in the Alabama litigation from offering testimony of Mr. Balhoff. (*See* Garofolo Decl., Ex. 1).

## II.    BACKGROUND

In its Order dated January 24, 2007 ("1/24/07 Order"), the United States District Court for the Southern District of Alabama extended Defendants' expert disclosure deadline to February 2, 2007 and extended the discovery cut-off to March 2, 2007. (Garofolo Decl., Ex. 2). On February 2, 2007, Defendants served Fed. R. Civ. P. 26(b)(2) disclosures for three putative experts, Michael D. Waters, David L. Heald, Michael J. Balhoff, by mail. The parties scheduled depositions of Michael D. Waters and David L. Heald and all three of Plaintiffs' putative experts within the discovery cutoff.

After Defendants rejected Plaintiffs' request to enter into a stipulation to take Mr. Balhoff's deposition after the discovery cut-off [3] (requested because of the numerous other depositions scheduled during the last two weeks of February), Plaintiffs proposed March 2, 2007 for the deposition of Mr. Balhoff. (Garofolo Decl., Ex. 3). Defendants rejected this proposal and offered to make Mr. Balhoff available only on February 28, 2007, the same date that two other depositions were scheduled. (Garofolo Decl., Ex. 4). Counsel for the Defendants explained his

---

[3] Fed. R. Civ. P. 29 provides that parties may only enter into stipulations to modify the time for discovery responses under Rules 33, 34 and 36 past the discovery cut-off with court approval, but permits depositions to be taken after the discovery cut-off pursuant to a stipulation without court approval.

view as to the reasonableness of this proposed arrangement by stating that Plaintiffs "have 3 lawyers who are intimately familiar with the case and can easily do 3 depositions the 28th." (*Id.*). However, Plaintiffs had previously indicated that Mr. Garofolo, Plaintiffs' attorney specializing in ERISA, would be deposing Mr. Heald and Mr. Balhoff. (*See* Garofolo Decl., Ex. 5).

Counsel for the Defendants subsequently reconsidered his position and agreed to the deposition of Mr. Balhoff on March 6, 2007, subject only to "work[ing] out an acceptable date for the Sunu/ Gulf 30b6 deposition." (Garofolo Decl., Ex. 6). The Fed. R. Civ. P. 30(b)(6) depositions to which Counsel was referring, which had been properly noticed for February 21, 2007 in Foley, Alabama, were rescheduled to February 28, 2007 in Chicago, Illinois to accommodate his request and a confirming email was sent to Counsel on February 15, 2007. (Garofolo Decl., Ex. 7). Thus, an agreement that the deposition of Mr. Balhoff would proceed on March 6, 2007 in Washington, D.C. was reached on February 15. (*Id.*).

On February 21, 2007, Plaintiffs' counsel issued a subpoena setting the deposition of Mr. Balhoff for March 6, 2006 in Washington, D.C., as agreed upon. (Defs.' Mot. for Protective Order, Ex. 1). The subpoena commanded Mr. Balhoff to produce documents at 9:00 A.M. and to appear for a deposition at 10:00 A.M. at Esquire Deposition Services located at 1020 19th Street NW, #620A, Washington, D.C. 20036. (*Id.*). As required by Fed. R. Civ. P. 45, this location is within 100 miles of the deponent's place of business. Not surprisingly, considering the stipulation that had been agreed upon by the parties, no objections to the subpoena duces tecum were ever served and no motion for protective order for the deposition was filed at any time prior to the deposition. (Garofolo Decl., ¶ 18).

On March 6, 2007, Mr. Balhoff failed to produce documents at 9:00 A.M. as the February 21, 2007 subpoena commanded. (Garofolo Decl., ¶ 24). This was likely due to Counsel's failure

to instruct the witness that he must produce documents at the noticed location. In addition, Mr. Balhoff failed to appear at the noticed location for his deposition at 10:00 A.M. (*Id.*). As the email exchanges discussed below make clear, Counsel for the Defendants failed to instruct the witness that he must appear for his deposition at the noticed location and actually interfered with the subpoena instead of producing the witness. (*See* Garofolo Decl., Exs. 8, 10, 12, 14).

On March 2, 2007, Counsel sent an email to Plaintiffs' counsel attempting to alter the location noticed in the subpoena to his firm's office in Washington, D.C. (Garofolo Decl., Ex. 8). The email provided the following:

> On several occasions I have mentioned that MR [sic] Balhoff will be made available at the DC office at Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire reporting service. While this change will involve no inconvenience to you (if anything greater convenience given the superior facilities), there is significant inconvenience to me with your preferred location. Since you insisted on "your" location in chicago [sic] I just wanted to make it clear in advance that we will appear at my office.

(*Id.*). Counsel's first statement is false as this was the first time he had ever mentioned that he would only make Mr. Balhoff available at his office in Washington, D.C., despite agreeing to the deposition in Washington, D.C. on February 15, 2007, and being informed of the precise location through the February 21, 2007 subpoena. (Garofolo Decl., ¶ 17). In addition, the facilities at Esquire Deposition Services in Washington, D.C. were not inferior to those of Alston & Bird LLP. (Garofolo Decl., ¶ 21). In pertinent part, Plaintiffs' counsel responded with an email stating the following:

> That is simply false. There was never any discussion that you would make him available only at Alston & Bird either verbally or in writing. You have received a subpoena and the deposition is to proceed at the noticed location. It is not your choice where to produce the witness. If you will not agree to do so, *I will be forced to file a motion regarding this issue and include a request for*

> *sanctions for your ongoing abuse of the discovery process and lack*
> *of good faith.*

(Garofolo Decl., Ex. 9) (emphasis added).

With respect to the March 6, 2007 deposition, counsel for the Plaintiffs traveled from San Francisco, California to Washington, D.C. to take Mr. Balhoff's deposition. After Plaintiffs' counsel had already arrived in Washington, D.C., Counsel responded on March 5, 2007 by continuing to maintain that the deposition would be taken at his office. (Garofolo Decl., Ex. 10). Counsel for the Plaintiffs again responded that the deposition would occur at the noticed location and, in pertinent part, explained the following:

> Despite receiving a subpoena, the first time you decided to bring
> this issue up was Friday. I do not understand why you think you
> are entitled to schedule the location of a deposition that I am
> taking. As long as the deposition is noticed within 100 miles of
> Mr. Balhoff's place of business or residence, there should be no
> issue for you. The court reporter has been scheduled and the
> deposition will proceed as noticed. *If you choose not to attend, it*
> *will be yet another example of unreasonable conduct on your part.*

(Garofolo Decl., Ex. 11) (emphasis added).

On the day of the deposition, Plaintiffs' counsel, along with Plaintiffs' valuation expert Kace G. Clawson, appeared at Esquire Deposition Services, the noticed location where documents were to be produced and where the deposition was to proceed. (Garofolo Decl., ¶¶ 20, 22). At approximately 10:30 A.M that day, after Mr. Balhoff failed to produce documents or appear for his deposition, Plaintiffs' counsel accessed the internet and discovered an email from Counsel stating that he would not produce Mr. Balhoff at the noticed location. (Garofolo Decl., ¶ 23). Counsel for the Defendants also emailed a draft motion for protective order ("Draft Motion"). (Garofolo Decl., Ex. 12). This email was reviewed after the time set forth in the subpoena for the production of documents and after the time of the scheduled deposition. (Garofolo Decl., ¶ 23).

The Draft Motion is frivolous on its face and is factually inaccurate. In pertinent part, the Draft Motion provides the following:

> On March 2, counsel for the Gulf Telephone defendants emailed Mr. Garofolo and requested that the deposition be held at the Washington DC office of the Gulf Telephone Defendants' counsel because *Defendants' counsel had other business at his Washington DC office and needed to be at that office.*

(Garofolo Decl., Ex. 12 at 2) (emphasis added). Counsel never stated that he had other business or that he needed to be at his office on March 6 in his March 2 email. (Garofolo Decl., Ex. 8). Instead, he stated only that there "is significant inconvenience" at the noticed location without specifying the inconvenience. (*Id.*). More importantly, Counsel's explanation defies logic because he could not possibly properly defend a deposition and conduct other business at the same time.

In addition, while Plaintiffs' attorneys were expected to take three depositions (including those of two experts) in one day, Counsel expected Plaintiffs to believe that no other attorney for all of the Defendants in the litigation would be able to defend the deposition of Mr. Balhoff. Plaintiffs note that five attorneys from Counsel's firm alone have appeared in this case and approximately seventeen different attorneys (not including the five from Counsel's firm) have appeared for the various Defendants in this litigation. Typically, more recently, three to four attorneys for the Defendants have appeared at Plaintiffs' depositions. (Garofolo Decl., ¶ 25).

Although, under these circumstances, Plaintiffs' counsel did not have to justify his noticed location of Mr. Balhoff's deposition, in an email sent at approximately 10:32 A.M. on March 6, 2007, Plaintiffs' counsel explained the following:

> There are several reasons why I want to proceed at this location as noticed. You previously produced documents for Mr. Heald on a CD-ROM despite the fact that the deposition was in Chicago where Mr. Heald conducts his business. At Esquire Deposition

> Services, I can print documents in the event you again produce
> electronic documents. In addition, Plaintiffs' expert Mr. Clawson
> is attending and Esquire has internet access at the deposition.

(Garofolo Decl., Ex. 13). Particularly since Counsel for the Defendants had repeatedly refused

to act in good faith regarding discovery matters, Plaintiffs' counsel would have been

disadvantaged by proceeding with the deposition at Counsel's office. (*See* Garofolo Decl., Ex. 1

at 5-8). Despite having received Plaintiffs' counsel's explanation, Counsel still refused to

produce the witness and responded with an email stating that "[y]our belatedly expressed need

for printing facilities can be accommodated here." (Garofolo Decl., Ex. 14)

GulfTel Defendants' Motion for Protective Order was filed with this Court on March 7,

2007. However, this motion retained language from the previous Draft Motion that stated

"GulfTel Defendants' counsel's subsequent requests were refused without any reason offered,"

which is false. (*See* Garofolo Decl., Ex. 13).

## II.   ARGUMENT

**A.   The Court Need Not Reach the Substance of Defendants' Motion for Protective Order Because it was Not Timely Filed.**

The plain language of Rules 45(a)(1)(C), (b)(2), and (c)(3)(A)(ii) makes clear that the

attorney issuing the subpoena decides upon the specific location so long as the location is within

100 miles of where a non-party resides or regularly transacts business. This principle is well

established as explained by a leading treatise on the Federal Rules of Civil Procedure: "[A]

witness must attend if the place stated in the subpoena satisfies the requirements of Rule

45(b)(2), unless the party or witness obtains an order of the court changing the place." 8A

Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 73 (2d ed. 1994).

Rule 45(c)(3)(A)[4] provides that a subpoena shall be quashed or modified upon a "timely motion" under four circumstances. However, a motion to quash based on any of those four circumstances must be brought *prior to the noticed date* of the deposition unless that date is set with such short notice that it does not allow sufficient time to file a motion to quash. *U.S. ex rel. Pogue v. Diabetes Treatment Centers America, Inc.*, 238 F.Supp.2d 270, 278 (D.D.C. 2002); *see* 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 73 (A motion for a protective order "must be seasonably made and a party or witness who fails to attend at the time and place stated may not subsequently move to change the place of examination.")

Accordingly, the failure of Defendants to file a motion for protective order prior to the deposition results in waiver of any argument that the subpoena should be modified and Mr. Balhoff should have appeared for his deposition. *See U.S. ex rel. Pogue,* 238 F.Supp.2d at 278; *Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1496 (11th Cir. 1986); 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 73. This alone makes Defendants' Motion for Protective Order improper. However, Defendant's Motion is also frivolous because it provides no legitimate reason for modifying the February 21, 2007 subpoena.

**B.    The GulfTel Defendants' Motion for Protective Order is Frivolous on Its Face.**

The Rules of the United States District Court for the District of Columbia provides that "[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion." LCvR 7(a). Even if Defendants' Motion for Protective Order had been timely filed, such motion provides no citation to law or authority that supports

---

[4] Rule 45(c)(3)(B) sets forth certain circumstances where a subpoena may be quashed or modified, but none of those circumstances are even arguably relevant here.

modifying the subpoena. In fact, Defendants' Motion contains no citation to law or authority at all.

Defendants do not cite any law or authority because there is no legitimate reason for modifying the subpoena under the standards set forth in Rule 45(c)(3)(A). The motion seeks to modify the subpoena (after the fact) to require the "deposition of Michael J. Balhoff to be conducted at the office of Alston & Bird LLP, in Washington DC." (Defs.' Mot. for Protective Order at 1-2). Plaintiffs can only speculate that Defendants are basing their motion on Rule 45(c)(3)(A)(iv) which protects a person (typically the witness) from undue burden. That purported person can only be Counsel for the Defendants as no burden is mentioned for the witness. As discussed above, the purported reason that Counsel "had other business at his Washington DC office and needed to be at that office" defies logic because if Counsel is defending the deposition, he cannot also be conducting other business at the same time. In addition, one of the 21 other attorneys for the Defendants in this litigation could easily have appeared to defend the deposition of Mr. Balhoff.

**C.    Sanctions Should Be Assessed Against Counsel for the Defendants and/or His Firm.**

While Mr. Balhoff should have complied with the subpoena, the party responsible for his non-compliance was Counsel for the Defendants. The above facts make the following clear: i) Counsel acted in bad faith in attempting to change the deposition location at the eleventh hour; ii) Counsel failed to produce the witness when he could have easily done so; and iii) Counsel caused a frivolous motion for protective order to be filed after the noticed date of the deposition. These actions are only the latest abuses by Counsel and Plaintiffs have moved to preclude Mr. Balhoff from testifying as an expert in the Alabama litigation. (*See* Garofolo Decl., Ex. 1).

However, this Court is the appropriate forum to sanction Counsel for the Defendants' and/or his firm for the conduct in connection with Mr. Balhoff's failure to appear at his deposition.[5]

This Court's authority to sanction Counsel for the Defendants and/or his firm for their conduct in connection with Mr. Balhoff's deposition and the filing of a frivolous motion for a protective order stems from several overlapping sources. These sources include Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions. *Chambers v. NASCO, Inc.* 501 U.S. 32 (1991). Rule 11(b) specifically authorizes sanctions against "attorneys, law firm, or parties that have violated…[Rule 11(b)] or are responsible for the violation" and 28 U.S.C § 1927 authorizes sanctions against "[a]ny attorney or other person admitted to conduct cases in any court of the United States…who so multiplies the proceedings in any case unreasonably and vexatiously."

In this instance, the Court should award attorneys' fees in connection with this response and the costs and fees of Plaintiffs' counsel associated with the deposition of Mr. Balhoff.[6] *See LaPrade v. Kidder Peadbody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998) (Sanctions under 28 U.S.C. § 1927 may be predicated upon a finding of "evidence of recklessness, bad faith, or improper motive.") (internal citations omitted), *cert. denied*, 525 U.S. 1071 (1999); *Greiner v. City of Champlin* 152 F.3d 787, 790 (8th Cir. 1998) (attorney sanctioned for failing to prevent improper conduct of expert witness).

### III.    CONCLUSION

For all of the foregoing reasons, the GulfTel Defendants' Motion for Protective Order should be denied and Plaintiffs request that this Court enter an Order awarding: i) Plaintiffs' attorneys' fees in connection with this response; ii) costs and fees of Plaintiffs' counsel

---

[5] Plaintiffs do not seek to enforce the subpoena, but instead only request sanctions against Counsel for the Defendants and/or his firm.
[6] An application for attorneys' fees and costs will be filed should the Court grant Plaintiffs' request.

associated with Counsel for the Defendants' failure to produce Mr. Balhoff for his deposition, including costs of Plaintiffs' expert witness who appeared at the deposition location; and iii) any other relief the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Benjamin Hahn (Bar No. 446270)
Schnader Harrison Segal & Lewis LLP
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006-1825
Phone: (202) 419-4242
Fax: (202) 419-4243
Email: bhahn@schnader.com

OF COUNSEL:
Joseph A. Garofolo (Cal. Bar 214614)
Law Office of Joseph A. Garofolo
88 King Street, Suite 806
San Francisco, CA 94107
Phone: (415) 517-5307
Fax: (415) 348-1515
Email: erisalaw@sbcglobal.net

*Attorney for Plaintiffs David Eslava, Robert Kaiser, Jon Hartman, and Thomas Faison*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 21, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

David F. Godofsky          dgodofsky@alston.com


_____/s/_____
Benjamin W. Hahn

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID ESLAVA, et al.         )
                                )
        Plaintiffs,        )
                                )
v.                            )
                                )
GULF TELEPHONE COMPANY,   )     Civil Action No. 1:07MS00104 (RMC)
INC., et al.               )
                                )
        Defendants.      )

**DECLARATION OF JOSEPH A. GAROFOLO IN SUPPORT OF
PLAINTIFFS' RESPONSE TO GULFTEL DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

I, Joseph A. Garofolo, declare as follows:

1.      I am a member of the bar of the State of California, admitted to practice before the United States District Court for the Northern District of California, and admitted *pro hac vice* before the United States District Court for the Southern District of Alabama in the litigation styled *Eslava et al. v. Gulf Telephone Co., et al.*, Civil Action No.1:04-cv-00297-KD-B (the "*Eslava* Litigation").  I am one of three counsel of record for the Plaintiffs in the *Eslava* Litigation.

2.      This declaration is submitted in support of Plaintiffs' Response to GulfTel Defendants Motion for Protective Order.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.      On March 16, 2007, Plaintiffs filed their Motion to Preclude Defendants from Offering Testimony of Their Putative Expert Michael J. Balhoff or, in the Alternative, Motion for Leave to Depose Mr. Balhoff (Doc. 535) in the *Eslava* Litigation pending in the United States District Court for the Southern District of Alabama.  A true and correct copy of Plaintiffs'

Motion to Preclude Defendants from Offering Testimony of Their Putative Expert Michael J. Balhoff or, in the Alternative, Motion for Leave to Depose Mr. Balhoff is attached hereto as Exhibit 1.

4.      On January 24, 2007, the United States District Court for the Southern District of Alabama extended Defendants' expert disclosure deadline to February 2, 2007 and extended the discovery cut-off to March 2, 2007. A true and correct copy of the court's Order dated January 24, 2007 is attached hereto as Exhibit 2.

5.      On February 9, 2007, I sent an email to Gregory C. Braden, counsel for the GulfTel Defendants ("Defendants"), proposing to depose Michael J. Balhoff, a putative expert for all defendants in the *Eslava* Litigation, on March 2, 2007. A true and correct copy of the February 9, 2007 email that I sent to Mr. Braden is attached hereto as Exhibit 3.

6.      On February 12, 2007, I received an email from Mr. Braden offering to make Mr. Balhoff available on February 28, 2007, the same day that two other depositions in the *Eslava* Litigation were scheduled.  A true and correct copy of the February 12, 2007 email that I received from Mr. Braden is attached hereto as Exhibit 4.

7.      On February 7, 2007, I sent an email to Mr. Braden informing him that I would be coordinating the depositions of Mr. Balhoff and another putative expert of defendants, David L. Heald.  On or around February 7, 2007, I also explicitly informed Mr. Braden during a telephone conversation that I would be deposing Mr. Balhoff and Mr. Heald.  A true and correct copy of the February 7, 2007 email that I sent to Mr. Braden is attached hereto as Exhibit 5.

8.      On February 13, 2007, I received an email from Mr. Braden where he agreed to the deposition of Mr. Balhoff on March 6, 2007, subject to rescheduling two Fed. R. Civ. P.

30(b)(6) depositions. A true and correct copy of the February 13, 2007 email that I received from Mr. Braden is attached hereto as Exhibit 6.

9.      The Rule 30(b)(6) depositions to which Mr. Braden was referring in his February 13, 2007 email attached hereto as Exhibit 6 were rescheduled to February 28, 2007 in Chicago, Illinois to accommodate his request and I sent a confirming email to Mr. Braden on February 15, 2007.    A true and correct copy of the February 15, 2007 email that I sent to Mr. Braden is attached hereto as Exhibit 7.

10.      On March 2, 2007, I received an email from Mr. Braden attempting to alter the location noticed in the subpoena to his firm's office in Washington, D.C. A true and correct copy of the March 2, 2007 email that I received from Mr. Braden is attached hereto as Exhibit 8.

11.      On March 2, 2007, I responded to Mr. Braden's email (attached hereto as Exhibit 8) by informing him that the deposition would proceed at the noticed location. A true and correct copy of the March 2, 2007 email that I sent to Mr. Braden is attached hereto as Exhibit 9.

12.      On March 5, 2007, I received an email from Mr. Braden continuing to maintain that Mr. Balhoff's deposition would take place at his Washington, D.C. office. A true and correct copy of the March 5, 2007 email that I received from Mr. Braden is attached hereto as Exhibit 10.

13.      On March 5, 2007, I responded to Mr. Braden's email (attached hereto as Exhibit 10) by informing him that the deposition would occur at the noticed location. A true and correct copy of the March 5, 2007 email that I sent to Mr. Braden is attached hereto as Exhibit 11.

14.      At approximately 10:30 A.M. Eastern Standard Time ("EST"), I accessed the internet and reviewed an email sent from Mr. Braden on March 6, 2007 indicating that it was sent at 8:50 A.M. The email references a motion for protective order that was not attached.

However, I reviewed another email from Mr. Braden that was received soon thereafter with a motion for protective order attached. The March 6, 2007 email indicating that it was sent at 8:50 A.M. along with the motion for protective are attached hereto as Exhibit 12.

15.    On March 6, 2007 at approximately 10:32 A.M. EST, I sent an email to Mr. Braden explaining why I wanted to proceed with the deposition at Esquire Deposition Services ("Esquire") as noticed. A true and correct copy of the March 6, 2007 email that I sent at approximately 10:32 A.M. EST to Mr. Braden is attached hereto as Exhibit 13.

16.    On March 6, 2007, at approximately 10:47 A.M. EST, I received an email from Mr. Braden indicating that he would not produce Mr. Balhoff at the noticed location of the deposition. A true and correct copy of the March 6, 2007 email that I received from Mr. Braden at approximately 10:47 A.M. EST is attached hereto as Exhibit 14.

17.    Mr. Braden had never mentioned that he desired to conduct the deposition of Michael J. Balhoff at the Washington, D.C. office of Alston & Bird LLP prior to his email of March 2, 2007 (attached hereto as Exhibit 8).

18.    I never received any objections to the subpoena duces tecum issued on February 21, 2007 to Mr. Balhoff, nor did I receive notice that a motion for protective order relating to Mr. Balhoff's deposition would be filed prior to March 6, 2007.

19.    On March 4, 2007, I traveled from San Francisco, California to Washington, D.C. to take the deposition of Michael J. Balhoff in Washington, D.C. on March 6, 2007.

20.    On March 6, 2007, I arrived at Esquire located at 1020 19th Street NW, #620A, Washington, D.C. 20036 at approximately 9:12 A.M. EST. When I arrived at Esquire, I asked an employee of Esquire whether anyone had appeared at that location relating to the *Eslava* Litigation or whether any documents had been delivered. The employee responded that no one

relating to the *Eslava* Litigation had arrived before me and that no documents had been produced at that location.

21.     Esquire provided a large conference room for the deposition with internet access and seating for at least 10 individuals.

22.     Kace G. Clawson, Plaintiffs' valuation expert, arrived at Esquire at approximately 9:30 A.M. on March 6, 2007.

23.     I accessed my email at Esquire via a laptop for the first time on March 6, 2007 at approximately 10:30 A.M. EST.   Accordingly, I did not read Mr. Braden's email (attached hereto as Exhibit 12) until approximately 10:30 A.M. EST on March 6, 2007.

24.     I remained at Esquire with Mr. Clawson until approximately 11:20 A.M.   Neither Mr. Balhoff nor any counsel for the defendants (including Mr. Braden) appeared at Esquire for the deposition during any time that I was there.

25.     At the recent depositions in the *Eslava* Litigation that I have attended, including the depositions of Plaintiffs' experts Kace G. Clawson and Bruce D. Ruud as well as Defendants' expert David L. Heald, typically three to four attorneys for the defendants have attended.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed this 21st day of March 2007 at Walnut Creek, California.

Joseph A. Garofolo

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID ESLAVA, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: 04-297-KD-B |
| | * | |
| GULF TELEPHONE COMPANY, | * | |
| INC., et al. | * | |
| | * | |
| Defendants. | * | |

---

**MOTION TO PRECLUDE DEFENDANTS FROM OFFERING TESTIMONY
OF THEIR PUTATIVE EXPERT MICHAEL J. BALHOFF OR, IN THE
ALTERNATIVE, MOTION FOR LEAVE TO DEPOSE MR. BALHOFF**

---

COME NOW the Plaintiffs in the above-styled cause and move the Court for an Order

precluding Defendants from offering any testimony of their putative expert Michael J. Balhoff

and awarding fees associated with the filing of this motion.  Plaintiffs' motion is based on the

following separate and several grounds:

1.    After repeated abuses of the discovery process relating to Mr. Balhoff and

Defendants' other putative experts by Gregory C. Braden, Esq. ("Counsel for the Defendants" or

"Counsel"),[1] Mr. Balhoff failed to appear at his deposition at the date and place noticed in a

---

[1] Mr. Braden is counsel for Defendants Gulf Telephone Company, Inc., Gulf Coast Services, Inc., Gulf Merger Corporation, Gulf Telephone Company ESOP Plan Administrator, Escrow Committee, Dale Younce, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Robert Younce, Woodward Setzer, Harold Killian, Willard Mitchem, Sandra Bixler, Jo Gould Smith, Madison River Telephone Company, LLC, Donald Roberton, Kenneth Amburn, Stephone Vanderwoude, Paul Sunu, Randy Wood, Millry Management Corporation, and Paul Brown.  Mr. Braden is also apparently the designated representative for all Defendants in this litigation with respect to Defendants' putative experts David L. Heald and Mr. Balhoff.

subpoena.  Defendants have violated a Court Order on numerous occasions and Counsel has refused to cooperate in the discovery process, culminating in the failure to produce Mr. Balhoff at an agreed-upon deposition.  While Plaintiffs also believe that Defendants should be precluded from offering any testimony of Mr. Balhoff based on his qualifications and the methodology he employed in arriving at his opinions, the instant motion is based on Defendants' egregious abuses of the discovery process relating to experts as well as Mr. Balhoff's failure to comply with a subpoena.  Accordingly, Plaintiffs reserve the right to challenge Mr. Balhoff and Defendants' other putative experts based on the lack of admissibility of their testimony under Rule 702 of the Federal Rules of Evidence or any other grounds.

2.    The tactics of Counsel for the Defendants have been designed to prejudice Plaintiffs and prevent them from obtaining information from Defendants' experts and Counsel's repeated abuses merit the preclusion of any testimony by Mr. Balhoff.  Since discovery has concluded, unless Mr. Balhoff is precluded from proffering any testimony as an expert in this litigation, Plaintiffs will be irreparably prejudiced because they will not have complete information to fully challenge his qualifications and the methodology of his expert report, as well as any testimony that Defendants may offer in connection with dispositive motions.  The Court should exercise its sound discretion and preclude any testimony of Mr. Balhoff, a sanction that would be appropriate considering the numerous instances (on at least seven separate occasions)[2] of abuse of the discovery process relating to Defendants' experts and the gravity of such abuses. In the event the Court does not preclude Mr. Balhoff from testifying, Plaintiffs seek leave to depose him after the discovery cut-off and an Order requiring Defendants and/or their counsel to bear all costs and fees associated with such deposition.

---

[2] *See infra* at 5-8.

3.      In order for the Court to appreciate the egregiousness of the conduct at issue, it is necessary to provide a summary of the context in which Counsel and Mr. Balhoff's actions occurred.  In their Joint Motion to Amend Rule 16(b) Scheduling Order (Doc. 458) ("Joint Motion") filed on January 16, 2007, the parties requested an extension of Defendants' expert disclosure deadline to February 2, 2007 and of the discovery cut-off to March 15, 2007.   The Joint Motion also provided that Defendants "will produce to Plaintiffs within ten (10) days thereof, the categories of documents referenced in Defendants' subpoenas served on Plaintiffs' experts as if said subpoenas were served on Defendants' experts."

4.      In its Order dated January 24, 2007 (Doc. 472) ("1/24/07 Order"), the Court adopted the parties' proposed amendment to extend the Defendants' expert disclosure deadline to February 2, 2007, adopted a discovery cut-off of March 2, 2007, and incorporated the requirement that Defendants produce to Plaintiffs the categories of documents referenced in Defendants' subpoenas to Plaintiffs' experts within 10 days of their expert disclosures.  With the adoption of a March 2, 2007 discovery cut-off, the timely production of expert documents as required by the Court's Order became even more important than originally contemplated in the Joint Motion.

5.      The parties scheduled depositions of Defendants' putative experts Michael D. Waters and David L. Heald and all three of Plaintiffs' putative experts within the discovery cut-off.

6.      After Defendants rejected Plaintiffs' request to enter into a stipulation to take Mr. Balhoff's deposition after the discovery cut-off [3] (requested because of the numerous other depositions scheduled during the last two weeks of February), Plaintiffs proposed March 2, 2007

_____

[3] Fed. R. Civ. P. 29 provides that parties may only enter into stipulations to modify the time for discovery responses under Rules 33, 34 and 36 past the discovery cut-off with court approval, but permits depositions to be taken after the discovery cut-off pursuant to stipulation without court approval.

for the deposition of Defendants' third putative expert, Michael J. Balhoff.  (Ex. 1, J. Garofolo Email to G. Braden dated 2/9/07).  Defendants rejected this proposal and offered to make Mr. Balhoff available only on February 28, 2007, the same day that the deposition of Defendants' putative expert David L. Heald had already been scheduled as well as the deposition of another witness.  (Ex. 2, G. Braden Email to J. Garofolo dated 2/12/07).  Counsel for the Defendants explained his view as to the reasonableness of this proposed arrangement by stating that Plaintiffs "have 3 lawyers who are intimately familiar with the case and can easily do 3 depositions the 28th." (*Id.*).  However, Plaintiffs indicated well in advance that Mr. Garofolo, Plaintiffs' attorney specializing in ERISA, would be deposing Mr. Heald and Mr. Balhoff.  (Ex. 3, J. Garofolo Email to G. Braden dated 2/7/07).

7. Counsel for the Defendants then reconsidered his position and agreed to the deposition of Mr. Balhoff on March 6, 2007, subject only to "work[ing] out an acceptable date for the Sunu/ Gulf 30b6 deposition." (Ex. 4, G. Braden email to J. Garofolo dated 2/13/07).  The Fed. R. Civ. P. 30(b)(6) depositions to which Counsel was referring, which had been properly noticed for February 21, 2007 in Foley, Alabama, were rescheduled to February 28, 2007 in Chicago, Illinois to accommodate his request. (Ex. 5, J. Garofolo Email to G. Braden dated 2/15/07).

8. Despite the fulfillment of the only condition that he had attached to the deposition of Mr. Balhoff on March 6, 2007, Counsel for the Defendants subsequently attempted to extract additional discovery concessions from the Plaintiffs by threatening to renege on his binding stipulation.  (Ex. 6, G. Braden Email to J. Garofolo dated 2/16/07; Ex. 7, G. Braden email to J. Garofolo dated 2/22/07).  For example, after refusing to produce documents relating to Defendants' putative expert David L. Heald as required by the Court's 1/24/07 Order, and after

Plaintiffs filed a motion relating to the same (Doc. 500), Counsel stated that "if you elect to proceed with the motion our agreement to make Balhoff available after the discovery cutoff, which was contingent on reaching agreement on scheduling all of the depositions (agreement we had reached), is abrogated." (Ex. 7). However, the stipulation was not contingent on anything other than scheduling the Rule 30(b)(6) depositions to which Plaintiffs had agreed on to February 15, 2007. (Exs. 4, 5). This was only one of multiple misrepresentations (whose falsity is readily verifiable) made by Counsel for the Defendants.

9.    On February 21, 2007, Plaintiffs' counsel issued a subpoena setting the deposition of Mr. Balhoff for March 6, 2006 in Washington, D.C., as agreed upon. (Ex. 8). The subpoena commanded Mr. Balhoff to produce documents at 9:00 A.M. and to appear for a deposition at 10:00 A.M. at Esquire Deposition Services located at 1020 19th Street NW, #620A, Washington, D.C. 20036. (*Id*.). As required by Fed. R. Civ. P. 45, this location is within 100 miles of the deponent's place of business. Not surprisingly, considering the stipulation that had been agreed upon by the parties, no objections to the subpoena duces tecum were ever served and no motion for protective order for the deposition was filed at any time prior to the deposition.

10.   After stipulating to the deposition of Mr. Balhoff, Defendants failed to comply with the Court's 1/24/07 Order and Counsel demonstrated his lack of good faith on at least seven different occasions, culminating in his apparent instruction to Mr. Balhoff not to produce documents and not to appear for his deposition at the noticed location. The following summarizes Counsel's repeated discovery abuses:

- By letter dated February 19, 2007, Counsel responded to a February 18 letter from Plaintiffs' counsel by refusing to produce drafts of the reports of any of Defendants' putative experts, including Mr. Balhoff, as required by the Court's 1/24/07 Order, and also refusing to produce additional documents relating to Defendants' putative expert David L. Heald (also required by the Court's 1/24/07

5

Order) in a timely fashion.[4]  (Ex. 10, G. Braden Letter to J. Garofolo dated 2/19/07 at 2).  Counsel contended that Plaintiffs had not produced drafts of their experts' reports and that with respect to prior expert engagements for one of Defendants' experts, he would produce "documents…from prior cases with the same haste that plaintiffs' experts have exhibited."  (*Id.*).

- Since Counsel's contentions were clearly false,[5] Defendants' failure to produce documents would hamper Plaintiffs' ability to examine Defendants' putative expert, and Defendants' refusal to produce documents was contrary to the Court's 1/24/07 Order, Plaintiffs filed a motion for leave to depose Defendants' expert David L. Heald after the discovery cut-off (Doc. 500).  After Plaintiffs' filed their motion, Defendants then began producing some of the requested documents relating to Defendants' experts Mr. Balhoff and Mr. Heald.  Accordingly, with the understanding that Defendants would abide by the Court's Order, Plaintiffs promptly filed a notice of withdrawal of their motion to depose Mr. Heald after the discovery cut-off (Doc. 507).  However, after Plaintiffs filed their notice of withdrawal, co-counsel for the Defendants indicated that drafts of the expert report of David L. Heald had not been retained by Mr. Heald and that although Counsel for the Defendants possessed the documents, such documents would not be produced because the expert no longer "possessed" such documents.  Despite being informed that this position was frivolous, Counsel would not reconsider even though the plain language of Rule 45(a)(1)(C) requires the production of documents within a subpoena recipient's "possession, custody, or control." (*See* Ex. 12, J. Garofolo Email to G. Braden dated 2/24/07).[6]

- Consistent with Defendants' agreement to produce documents relating to their experts, co-counsel for the Defendants indicated that she would provide hard copies of certain documents that Defendants were producing for one of their experts.  She indicated that she would leave such documents in Counsel's office so that they could be picked up after a deposition of one of Plaintiffs' experts that was noticed at Counsel's office.[7] (Ex. 15, N. Pridgen Email to J. Garofolo dated

---

[4] The documents required to be produced by Defendants pursuant to the Court's 1/24/07 are set forth in the subpoena issued to Plaintiffs' expert Bruce D. Ruud.  (Ex. 9).

[5] Plaintiffs' counsel Joseph Garofolo not only diligently assisted with the production of documents from Plaintiffs' experts, but also produced documents (including, but not limited to, drafts exchanged with experts), in response to a subpoena that Counsel for the Defendants issued to Mr. Garofolo. (*See* Ex. 11, N. Pridgen Email to J. Garofolo dated 1/11/07; *see also* Plaintiffs Motion for Leave to Depose Defendants Expert David L. Heald After Discovery Cut-Off (Doc. 500) at 4).  While Plaintiffs' counsel (who is not a fact witness) could have legitimately refused to produce documents at all in response to this subpoena, acting in good faith and sensitive to discovery deadlines, he produced documents on December 20, 2006.  This was five business days after receiving the subpoena.

[6] Aware that his position was frivolous, Counsel for the Defendants was not willing to commit such position to the record at the conclusion of the substantive portion of the deposition of one of Plaintiffs' experts. (Ex. 13, K. Clawson Depo. at 271: 10-25; 272: 1-9).  Counsel later tried to divert attention away from the fact that Mr. Heald no longer possessed certain drafts exchanged between Defendants' counsel by stating that drafts of Mr. Heald report would be produced, while at the same time refusing to produce drafts in Counsel's possession.  (Ex. 14, G. Braden Email to J. Garofolo dated 2/25/07).

[7] Of course, Plaintiffs did not object to the location of this deposition at Counsel's office because, as discussed below, such an objection is not proper.

2/23/07). After the deposition of Plaintiffs' expert on February 24, 2007, which proceeded at Counsel's office as noticed, Counsel feigned ignorance regarding the documents and failed to produce them. After the deposition and in response to an email inquiring whether such documents had been left with Counsel for the Defendants, on February 25, 2007, co-counsel for the Defendants stated that such documents had indeed been delivered to Counsel, but no explanation was ever provided as to why he did not produce the documents. (Ex. 16, N. Pridgen Email to J. Garofolo).

- Despite the issuance of a subpoena commanding production of documents at 9:00 A.M. on February 28, 2007 by Defendants' expert Mr. Heald (Ex. 17) and an email specifically reminding Counsel that documents were to be produced at 9:00 A.M. (Ex. 18, J. Garofolo Email to G. Braden dated 2/27/07),[8] no documents were produced responsive to the request at 9:00 A.M. (with the exception of Mr. Heald's notes that were provided because Mr. Heald arrived at the deposition prior to 10:00 A.M.). Instead, at 10:00 A.M., Counsel produced documents which he had scanned to a CD-ROM.[9] Plaintiffs proceeded with the deposition as noticed despite the tardy production of documents that did not provide Plaintiffs' counsel with sufficient time to review and inquire about during the deposition.

- During Mr. Heald's deposition on February 28, 2007, Plaintiffs' counsel learned that Defendants had failed to provide Mr. Heald with the subpoena served on Plaintiffs' experts and that the first time documents relating to prior expert witness engagements had been requested was February 19, 2007.[10] (*See* Ex. 21, N. Pridgen Email to D. Heald). This revealed that Defendants' Counsel did not even request the documents subject to the Court's 1/24/07 Order until three days after production was already due and after Plaintiffs had threatened to file a motion.[11] It is likely that Mr. Balhoff was also never provided with the subpoenas served on Plaintiffs' experts, which resulted in his failure to timely produce drafts

---

[8] Reflecting Counsel's apparent belief that he is entitled to set the specific location of depositions taken by Plaintiffs, one day prior to the deposition, Counsel attempted to alter the location of the deposition that had been reasonably noticed by Plaintiffs' counsel (at a proper location) to one of the offices of counsel for the Defendants. (Ex. 19, G. Braden Email to J. Garofolo dated 2/27/07). Plaintiffs' counsel refused to alter the location. (Ex. 18).

[9] Counsel for the Defendants asserted that the CD-ROM document production was being made in that format because Plaintiffs' expert Kace G. Clawson had produced documents (that had all previously been produced) on a CD-ROM at his deposition at Counsel's office in Atlanta, Georgia on February 24, 2007. However, Mr. Clawson brought physical copies of all documents that he had recently created and therefore not previously produced, including hand-written comments relating to Mr. Balhoff's report. Mr. Clawson could not physically bring all of the documents he had previously produced because the deposition was in Atlanta as opposed to Reston, Virginia (where Mr. Clawson conducts his business). (Ex. 20, J. Garofolo Email to G. Braden dated 2/20/07). Moreover, co-counsel for the Defendants was informed that the production of documents that had already been produced would be made in electronic format. In contrast, Mr. Heald's deposition was taken in Chicago, Illinois, approximately 22 miles from his place of business, and yet Defendants produced drafts of his report (that had not previously been produced) on a CD-ROM.

[10] A copy of Mr. Heald's deposition has not yet been forwarded to counsel, but Plaintiffs will request leave to supplement this motion when the deposition is available should there be any dispute over this fact.

[11] Under the time computation set forth in Fed. R. Civ. P. 6(a), complete production for Defendants' putative experts was due no later than February 16, 2007. Rule 6(a) provides that when the time prescribed by a court's order is less than 10 days, intervening Saturday, Sundays, and legal holidays are not included.

of his report. However, as discussed below, Mr. Balhoff failed to appear at his deposition so Plaintiffs cannot confirm this.

- On March 6, 2007, Mr. Balhoff failed to produce documents at 9:00 A.M. as the February 21, 2007 subpoena commands. (Ex. 8). This was likely due to Counsel's failure to instruct the witness that he must produce documents at the properly noticed location.

- On March 6, 2007, Mr. Balhoff failed to appear at the properly noticed location for his deposition at 10:00 A.M. Clearly, Counsel for the Defendants failed to instruct the witness that he must appear for his deposition at the noticed location and actually interfered with the subpoena instead of producing the witness.

11.     With respect to the March 6, 2007 deposition, counsel for the Plaintiffs traveled from San Francisco, California to Washington, D.C. to take Mr. Balhoff's deposition. The subpoena was served on February 21, 2007. On March 2, 2007, Counsel sent an email to Plaintiffs' counsel attempting to alter the location noticed in the subpoena to his firm's office in Washington, D.C. (Ex. 22, G. Braden Email to J. Garofolo). The email provided the following:

> On several occasions I have mentioned that MR [sic] Balhoff will be made available at the DC office at Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire reporting service. While this change will involve no inconvenience to you (if anything greater convenience given the superior facilities), there is significant inconvenience to me with your preferred location. Since you insisted on "your" location in chicago [sic] I just wanted to make it clear in advance that we will appear at my office.

(*Id*.)

12.     Counsel's first statement is false as this was the first time he had ever mentioned that he would only make Mr. Balhoff available at his office in Washington, D.C. In addition, the facilities at Esquire Deposition Services in Washington, D.C. were not inferior in any way to those of Alston & Bird LLP. In pertinent part, Plaintiffs' counsel responded with an email stating the following:

> That is simply false. There was never any discussion that you would make him available only at Alston & Bird either verbally or in

8

> writing. You have received a subpoena and the deposition is to proceed at the noticed location. It is not your choice where to produce the witness. If you will not agree to do so, *I will be forced to file a motion regarding this issue and include a request for sanctions for your ongoing abuse of the discovery process and lack of good faith.*

(Ex. 23, J. Garofolo Email to G. Braden dated 3/2/07) (emphasis added).

13.     After Plaintiffs' counsel had already arrived in Washington, D.C., Counsel responded on March 5, 2007 by continuing to maintain that the deposition would be taken at his office.  (Ex. 24, G. Braden Email to J. Garofolo dated 3/5/07).  Counsel for the Plaintiffs again responded that the deposition would occur at the noticed location and, in pertinent part, explained the following:

> Despite receiving a subpoena, the first time you decided to bring this issue up was Friday. I do not understand why you think you are entitled to schedule the location of a deposition that I am taking. As long as the deposition is noticed within 100 miles of Mr. Balhoff's place of business or residence, there should be no issue for you.
>
> The court reporter has been scheduled and the deposition will proceed as noticed. *If you choose not to attend, it will be yet another example of unreasonable conduct on your part.*

(Ex. 25, J. Garofolo Email to G. Braden dated 3/5/07) (emphasis added).

14.     On the day of the deposition, Plaintiffs' counsel, along with Plaintiffs' valuation expert Mr. Clawson, appeared at Esquire Deposition Services, the noticed location where documents were to be produced at 9:00 A.M. and where the deposition was to proceed at 10:00 A.M. (*See* Ex. 8).

15.     At approximately 10:30 A.M that day, after Mr. Balhoff failed to produce documents or appear for his deposition, Plaintiffs' counsel accessed the internet and discovered an email from Counsel stating that he would not produce Mr. Balhoff at the noticed location. Counsel for the Defendants also emailed a draft motion for protective order ("Draft Motion").

(Ex. 26, G. Braden Email to J. Garofolo and Draft Motion).    This email was received after the time set forth in the subpoena for the production of documents and after the time of the scheduled deposition.

16.    The Draft Motion is frivolous on its face and is factually inaccurate.  In pertinent part, the Draft Motion provides the following:

> On March 2, counsel for the Gulf Telephone defendants emailed Mr. Garofolo and requested that the deposition be held at the Washington DC office of the Gulf Telephone Defendants' counsel because *Defendants' counsel had other business at his Washington DC office and needed to be at that office*.

(*Id*.) (emphasis added).  Counsel never stated that he had other business or that he needed to be at his office on March 6 in his March 2 email. (Ex. 22).  Instead, he stated only that there "is significant inconvenience" at the noticed location without specifying the inconvenience. (*Id*.). More importantly, Counsel's explanation defies logic because he could not possibly properly defend a deposition and conduct other business at the same time.  In addition, while Plaintiffs' attorneys were expected to take three depositions (including those of two experts) in one day, Counsel expected Plaintiffs to believe that no other attorney for all of the Defendants in this litigation would be able to defend the deposition of Mr. Balhoff.  Plaintiffs note that five attorneys from Counsel's firm alone have appeared in this case and approximately seventeen different attorneys (not including the five from Counsel's firm) have appeared for the various Defendants in this litigation.  Typically, more recently, three to four attorneys for the Defendants have appeared at Plaintiffs' depositions.

17.    Although, under these circumstances, Plaintiffs' counsel did not have to justify his noticed location of Mr. Balhoff's deposition, in an email sent at approximately 10:32 A.M. on March 6, 2007, Plaintiffs' counsel explained the following:

> I have just discovered your emails this morning and continue to be amazed at your conduct. You only offered to make Mr. Balhoff available in Washington, D.C. on March 28 [sic February 28] which was the same day as Mr. Heald's deposition (which had been scheduled in advance). You did not offer to make Mr. Balhoff available any other day and you stipulated to make him available on March 6.
>
> There are several reasons why I want to proceed at this location as noticed. You previously produced documents for Mr. Heald on a CD-ROM despite the fact that the deposition was in Chicago where Mr. Heald conducts his business. At Esquire Deposition Services, I can print documents in the event you again produce electronic documents. In addition, Plaintiffs' expert Mr. Clawson is attending and Esquire has internet access at the deposition.

(Ex. 27, J. Garofolo Email to G. Braden). Particularly since Counsel for the Defendants had repeatedly refused to act in good faith regarding discovery matters, Plaintiffs' counsel would have been disadvantaged by proceeding with the deposition at Counsel's office. Despite having received Plaintiffs' counsel's explanation, Counsel still refused to produce the witness and responded with an email stating that "[y]our belatedly expressed need for printing facilities can be accommodated here." (Ex. 28, G. Braden Email to J. Garofolo dated 3/6/07).

18. A motion containing the same purported reasons was filed in the United States District Court for the District of Columbia on March 7, 2007. (Ex. 29). However, this motion retained language from the previous Draft Motion that stated "GulfTel Defendants' counsel's subsequent requests were refused without any reason offered" (*id*.), which is false. (*See* Ex. 27).

19. On March 9, 2007, Defendants emailed Plaintiffs a second amended report for Mr. Balhoff dated March 6, 2007. Defendants provided no description of the changes made by the second amended report. Plaintiffs can only speculate that either Defendants were intending to provide this second amended report at the deposition (which would have given counsel for the Plaintiffs no chance to review the report to examine the witness regarding his changes) or wanted

to delay the deposition to allow the amended report to be provided prior to any potential subsequent deposition.

20.     Including interfering with Mr. Balhoff's production of documents (instead of producing such documents as the Court's 1/24/07 Order required Defendants to do)[12] and causing him not to appear at his deposition, there are at least seven occasions where Counsel for the Defendants has violated the Court's 1/24/07 Order and/or blatantly refused to cooperate in discovery relating to Defendants' experts.  Based on the above facts and the authorities discussed below, the appropriate sanction for the Court to impose is to preclude Mr. Balhoff from offering any testimony in this litigation.

21.     The plain language of Rules 45(a)(1)(C), (b)(2), and (c)(3)(A)(ii) makes clear that the attorney issuing the subpoena decides upon the specific location so long as the location is within 100 miles of where a non-party resides or regularly transacts business.  This principle is well established as explained by a leading treatise on the Federal Rules of Civil Procedure: "[A] witness must attend if the place stated in the subpoena satisfies the requirements of Rule 45(b)(2), unless the party or witness obtains an order of the court changing the place." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 73 (2d ed. 1994).

22.     Rule 45(c)(3)(A)[13] provides that a subpoena shall be quashed or modified upon a "timely motion" under four circumstances.  The United States District Court for the District of Columbia, the court with jurisdiction to hear Defendants' motion for protective order, has explained that a motion to quash based on any of those four circumstances must be brought prior to the noticed date of the deposition unless that date is set with such short notice that it does not allow sufficient time to file a motion to quash.  *U.S. ex rel. Pogue v. Diabetes Treatment Centers*

---

[12] Notably, the Court's 1/24/07 Order commands "Defendants" to produces documents for their experts.

[13] Rule 45(c)(3)(B) sets forth certain circumstances where a subpoena may be quashed or modified, but none of those circumstances are even arguably relevant here.

*America, Inc.*, 238 F. Supp.2d 270, 278 (D.D.C. 2002); *see* 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 73 (A motion for a protective order "must be seasonably made and a party or witness who fails to attend at the time and place stated may not subsequently move to change the place of examination.")

23.    Accordingly, the failure of Defendants to file their motion for protective order prior to the deposition should result in Mr. Balhoff being held in contempt. *See U.S. ex rel. Pogue,* 238 F.Supp.2d at 278; *Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1496 (11th Cir. 1986) ("If a witness disregards the subpoena and fails to comply without filing *a timely motion* to quash, the witness may be found in contempt of court, with no need for any further court order.") (emphasis added).

24.    Even if Defendants' motion for protective order had been timely filed, such motion provides no legitimate reason for modifying the subpoena. Thus, it does not satisfy any of the standards set forth in Rule 45(c)(3)(A). The motion apparently seeks to modify the subpoena (after the fact) to require the "deposition of Michael J. Balhoff to be conducted at the office of Alston & Bird LLP, in Washington DC." (Ex. 29). No specific reference to Rule 45 or any other authority is provided in Defendants' motion; however, Defendants apparently base their motion on Rule 45(c)(3)(A)(iv) which protects a person (typically the witness) from undue burden. That purported person can only be Counsel for the Defendants as no burden is mentioned for the witness. As discussed above, the purported reason that Counsel "had other business at his Washington DC office and needed to be at that office" defies logic because if Counsel is defending the deposition, he cannot also be conducting other business at the same time. In addition, one of the 21 other attorneys for the Defendants in this litigation could easily have appeared to defend the deposition of Mr. Balhoff.

13

25. Considering the failure of Mr. Balhoff to appear at his deposition or produce documents, as well as the numerous other abuses of discovery, the Court has the authority to preclude Defendants from offering any testimony of Mr. Balhoff under Fed. R. Civ. P. 37. Under Rule 37, "[t]he court is directed to make such orders 'as are just' and is not limited in any case of disregard of the discovery rules or court order under them to a stereotyped response." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2284 at 612. Instead, "[t]he sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural." *Id*. Sanctions under Rule 37, other than a default judgment or dismissal of the complaint, do not require "a showing of willfulness or bad faith on the part of the disobedient party." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994).

26. While Plaintiffs will file a response to the motion for protective order filed by the Defendants (after the date of the noticed deposition) in the United States District Court for the District of Columbia, this Court is the proper forum to address Plaintiffs' motion to preclude Mr. Balhoff's testimony or, in the alternative, permit his deposition after the discovery cut-off.

27. Fed. R. Civ. P. 37(b)(2)(B) "authorizes the district court to impose sanctions on a disobedient party by refusing to allow the party to introduce designated matters into evidence." *Barrett v. Atlantic Richfieled Co.*. 95 F.3d 375, 380 (5th Cir. 1996). Rule 16(f) provides that "[i]f a party or party's attorney fails to obey a scheduling order…the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D)." Thus, the sanctions available under Rule 37(b)(2)(B) clearly apply to the Court's 1/24/07 Order which modified the Court's original Rule 16(b) Scheduling Order (Doc. 173). *See* Advisory Committee Note to 1980 Amendment of

Rule 37(b)(2); *Barrett*, 95 F.3d at 380; *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 690 (M.D. Ala. 2000).

28.     As explained in *KW Plastics*, "[a] court has little choice but to issue sanctions for discovery violations, unless the party can show that its violation was either justified or harmless." *Id.* (internal quotations and citation omitted). The willful and flagrant misconduct of Counsel for Defendants is evident and merits an Order precluding Defendants from offering any testimony of Mr. Balhoff. *See id.*; *Barrett*, 95 F.3d at 380-382; *Hagans v. Henry Weber Aircraft Distributors*, 852 F.2d 60, 63-64 (3d Cir. 1988). This is particularly true considering that the subpoena at issue commanded Mr. Balhoff to appear a mere 35 miles from his place of business and that Counsel offered no colorable excuse for interfering with the witness's compliance with the subpoena. The Court's Order was clear regarding production of documents and expert discovery. Defendants only offered to make Mr. Balhoff available on February 28, 2007, the same day that two other depositions were scheduled (including the deposition of one of Defendants' other experts), and refused to make Mr. Balhoff available any other day within the discovery cut-off. After agreeing to Mr. Balhoff's deposition on March 6, 2007, Defendants refused to produce him at the noticed location without any legitimate reason.

29.     Citing *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), the Northern District of Georgia has recently recognized that there is great harm caused by a "party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann*, No. 3:04-CV-023-JEC, 2007 WL 656578, * 3 (N.D. Ga. Feb. 27, 2007) This Court has set the dispositive motion cut-off for April 2, 2007 and a number of additional deadlines are approaching. Thus, even if Plaintiffs are permitted to depose Mr. Balhoff, they will be irreparably prejudiced by the delay resulting from Defendants' flagrant abuses of the discovery

process. Accordingly, Defendants should be precluded from offering any testimony from Mr. Balhoff.

30. In the alternative, should the Court decide not to preclude the Defendants from offering Mr. Balhoff's testimony, Plaintiffs request leave to depose Mr. Balhoff and an Order requiring Defendants and/or their counsel to bear all costs and fees associated with such deposition. Further, Plaintiffs request that the Court order Defendants to produce Mr. Balhoff at a location within 100 miles of his place of business or residence as set forth in a subpoena to be issued by Plaintiffs' counsel, or face additional sanctions if they fail to do so.

31. In summary, Defendants' repeated and egregious abuses of the discovery process relating to their putative experts have prevented Plaintiffs from obtaining necessary information to adequately depose such experts and prepare their case. While Plaintiffs have attempted to cooperate with Counsel for the Defendants to resolve all legitimate disputes and exercised great restraint before coming before this Court even when Counsel clearly demonstrated his bad faith (including his total disregard for the Court's 1/24/07 Order), the Court should not permit Defendants' abuses relating to Mr. Balhoff to prejudice the Plaintiffs. The evidence submitted in support of this motion, which cannot legitimately be disputed, establishes that the sanction of precluding Mr. Balhoff from testifying as an expert is appropriate.

WHEREFORE, the above premises considered, Plaintiffs request that the Court enter an Order precluding Defendants from offering any testimony of Mr. Balhoff or, in the alternative, granting Plaintiffs leave to depose Mr. Balhoff and requiring Defendants to bear the costs and fees associated with such deposition. Plaintiffs also respectfully request that the Court award Plaintiffs attorneys' fees relating to this motion and grant any other relief that it deems appropriate.

Respectfully submitted,

s/ Thomas H. Benton, Jr. (BENTT7091)
MCFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: (251) 342-9172
Facsimile:  (251) 342-9457
Email: tbenton@mlrlawyers.com

s/Mark Kirkpatrick (KIRKR7609)
COALE, DUKES, KIRKPATRICK
 & CROWLEY, P.C.
2610-B Dauphin Street, Suite 101
Mobile, Alabama 36606
Telephone: (251) 471-2625
Facsimile: (251) 471-2139
Email: mkirkpatrick@cdklaw.com

s/ Joseph A. Garofolo (Cal. Bar No. 214614)
LAW OFFICE OF JOSEPH A. GAROFOLO
88 King Street, Suite 806
San Francisco, California 94107
Telephone: (415) 517-5307
Facsimile:  (415)-348-1515
Email: erisalaw@sbcglobal.net

*Attorneys for Plaintiffs David Eslava, Robert
Kaiser, Jon Hartman, and Thomas Faison*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Donald J Aho | daho@millermartin.com, dcampbell@millermartin.com, rwomack@millermartin.com |
| Leslie M. Bassett | leslie.bassett@alston.com, hans-peter.vonthielen@alston.com |
| Theodore M. Becker | tbecker@morganlewis.com, sfollmer@morganlewis.com |
| Thomas H. Benton , Jr | tbenton@mlrlawyers.com, lstarr@mlrlawyers.com |
| Scott Ashley Boykin | sboykin@burr.com, lparker@burr.com |
| Gregory C. Braden | greg.braden@alston.com, hans-peter.vonthielen@alston.com |
| Lee H. Copeland | copeland@copelandfranco.com, moseley@copelandfranco.com |
| Christopher A Crevasse | ccrevasse@millermartin.com, mstratton@millermartin.com |
| Joseph A. Garofolo | erisalaw@sbcglobal.net |
| Michael T. Graham | mgraham@mwe.com |
| William H. Hardie | whh@johnstoneadams.com, service@johnstoneadams.com |
| H. Douglas Hinson | doug.hinson@alston.com, hans-peter.vonthielen@alston.com |
| Shannon L. Holliday | holliday@copelandfranco.com, smith@copelandfranco.com |
| R. Mark Kirkpatrick | mkirkpatrick@cdklaw.com; jcalton@cdklaw.com |
| Joseph W. Letzer | jletzer@burr.com, cdyer@burr.com |
| Paul F. Linn | pflinn@mbf-law.com, amgelhaus@mbf-law.com; aekeller@mbf-law.com |
| James David Martin | martin@copelandfranco.com, moseley@copelandfranco.com |
| Emit Luther McCafferty , III | mmccafferty@vickersriis.com, cmiller@vickersriis.com |
| John C. Morrow | jmorrow@burr.com, tmoore@burr.com |
| Donald F. Pierce | dpierce@butlerpappas.com, dvanek@butlerpappas.com |

John Chas. Pierce                jpierce@butlerpappas.com, bedwards@butlerpappas.com

Nancy B. Pridgen                 nancy.pridgen@alston.com, hans-peter.vonthielen@alston.com

Michael David Strasavich         mds@bowronlatta.com, vlb@bowronlatta.com

M. Mort Swaim                    swaimlaw@gulftel.com

Peter M. Varney                  peter.varney@alston.com, hans-peter.vonthielen@alston.com

Howard Philip Walthall , Jr      hpwaltha@burr.com, edrigger@burr.com; mwalker@burr.com

H. William Wasden                hww@bowronlatta.com, kbm@bowronlatta.com;
                                 esm@bowronlatta.com

Mark D. Wilkerson                mark@wilkersonbryan.com; cathy@wilkersonbryan.com

Michael A. Youngpeter            may@olennicholas.com


              s/ Joseph A. Garofolo
              LAW OFFICE OF JOSEPH A. GAROFOLO
              88 King Street, Suite 806
              San Francisco, California 94107
              Telephone: (415) 517-5307
              Facsimile:  (415) 348-1515
              Email: erisalaw@sbcglobal.net

Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DAVID ESLAVA, *et al.*,           *
                                  *
     Plaintiffs,                  *
                                  *
vs.                               *   CIVIL ACTION 04-00297-KD-B
                                  *
GULF TELEPHONE COMPANY,           *
*et al.*,                         *
                                  *
     Defendants.                  *

## ORDER

This action is before the Court on the parties' Joint Motion to Amend the Scheduling Order. (Doc. 458).  Upon consideration of the parties' motion, and the representations of counsel during the discovery conference conducted on January 24, 2007, the Motion is **GRANTED** in part, and **DENIED** in part.  The Rule 16 Scheduling Order (Doc. 173), entered on March 24, 2006, is amended as follows:

1) The deadline for the completion of discovery is extended to **March 2, 2007**.

2) The parties are permitted to conduct seven (7) additional depositions, per side, not including expert witness depositions.

3) Defendants shall submit their Rule 26(a)(2) expert disclosures by **February 2, 2007**, and shall produce to Plaintiffs, within ten (10) days thereof, the categories of documents referenced in Defendants' subpoenas served on Plaintiffs' experts as if said subpoenas were served on Defendants' experts.

4) The deadline for the parties' joint statement regarding

their respective settlement positions is extended to **March 2, 2007.**

4) The deadline for dispositive motions is extended to **April 2, 2007.**

Except as provided herein, the other deadlines set forth in the Court's Rule 16(b) Scheduling Order (Doc. 173) remain in effect.

Done this the **24th** day of **January 2007.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**

Exhibit 3

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 1 of 8

Case 1:07-mc-00104-RMC    Document 3-5    Filed 03/21/2007    Page 2 of 9

| Date: | Fri, 9 Feb 2007 11:03:25 -0800 (PST) |
|---|---|
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net>    View Contact Details    Add Mobile Alert |
| Subject: | Re: Fwd: RE: RE: Eslava Expert Depostion of B. Ruud |
| To: | "Braden, Greg" <Greg.Braden@alston.com> |
| CC: | "Tom Benton" <tbenton@mlrlawyers.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com> |

Greg, Mr. Clawson's is available on the 24th, but only in Atlanta. Please confirm that you want to depose Mr. Clawson in Atlanta on the 24th. I can accept service for him. Is Mr. Balhoff available to be deposed on March 2 in Washington, D.C.?

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> Joe, we cannot agree to depositions after the discovery cutoff. Heald is available the 27th and 28th in chicago. He is not available 22 or 23. Is clawson available the 24th?
>
> *************************
> Sent via handheld Blackberry wireless.
> Gregory C. Braden
> Alston & Bird LLP
> 1201 W. Peachtree Street
> Atlanta, Georgia 30309-3424
> 404/881-7497
> 404/881-7777 - FAX
> gbraden@alston.com
>
> -----Original Message-----
> From: Joseph Garofolo
> To: Braden, Greg
> CC: Tom Benton ; Mark Kirkpatrick ; Pridgen, Nancy
> Sent: Wed Feb 07 14:53:12 2007
> Subject: Fwd: RE: RE: Eslava Expert Depostion of B. Ruud
>
> Dear Greg:
>
> I am going to be coordinating the depositions of Mr. Balhoff and Mr. Heald. Considering that we have Mr. Ruud's deposition already set for the 26, I believe it makes sense to have Mr. Heald's on the 22nd or 23 (whichever day Mr. Wilkerson's is not - see Mr. Kirkpatrick's email below). Is Mr. Heald available on the 22nd or 23 to be deposed in Chicago?
>
> Because I agree with your initial suggestion that it would be most efficient to depose Mr. Clawson and Mr. Balhoff back to back in D.C., I would again request that we work out a date after the discovery cut-off for both. Please let me know if your co-counsel are agreeable to any date during the first two weeks of March and I will confirm with Mr. Clawson.
>
> Regards,
>
> Joe

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                Page 2 of 8

Case 1:07-mc-00104-RMC    Document 3-5    Filed 03/21/2007    Page 3 of 9

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

Mark Kirkpatrick wrote:

Subject: RE: RE: Eslava Expert Depostion of B. Ruud
Date: Wed, 7 Feb 2007 13:00:57 -0600
From: "Mark Kirkpatrick"
To: "Braden, Greg"
CC: , "Joseph Garofolo"


Can we do Watters on the 16th and Wilkerson on the 22nd or 23rd?

_____

From: Braden, Greg [mailto:Greg.Braden@alston.com]
Sent: Tuesday, February 06, 2007 1:20 PM
To: Joseph Garofolo
Cc: Mark Kirkpatrick; Tom Benton
Subject: RE: RE: Eslava Expert Depostion of B. Ruud


What about the 24th or 25th?

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


_____

From: Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
Sent: Tuesday, February 06, 2007 1:53 PM
To: Braden, Greg
Cc: Mark Kirkpatrick; Tom Benton
Subject: RE: RE: Eslava Expert Depostion of B. Ruud


Dear Greg:

Mr. Clawson is out of town the 13-20 and unavailable the 23. I am unavailable on the 12. I understand that you will be defending depositions on the 21 and 22.

Do you want to propose February 28, March 1, or March 2 knowing that depositions of other Defendants are scheduled that day? I can then confirm with Mr. Clawson, but expect that he wil still be available.

Regards,

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 3 of 8

Case 1:07-mc-00104-RMC     Document 3-5     Filed 03/21/2007     Page 4 of 9

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


"Braden, Greg" wrote:

Joe, after conferring with co-counsel, we cannot do the clawson depo after the discovery cutoff.
Please send me his available dates in February. Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


_____

From: Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
Sent: Monday, February 05, 2007 1:48 PM
To: Braden, Greg
Subject: Fwd: RE: Eslava Expert Depostion of B. Ruud


Greg, below is an email I sent to you regarding the Clawson deposition. Mr. Clawson is not available
on the 15th. Plaintiffs are willing to stipulate to his deposition after the discovery cut-off the week of
March 5.

Joseph Garofolo wrote:

Date: Fri, 2 Feb 2007 12:37:38 -0800 (PST)
From: Joseph Garofolo
Subject: RE: Eslava Expert Depostion of B. Ruud
To: "Braden, Greg"
CC: Nancy Pridgen ,
Tom Benton ,
Mark Kirkpatrick


Dear Greg:

I am coordinating the deposition of Mr. Clawson and Tom Benton is coordinating for Mr. Womack. Mr.
Clawson is not available the 13-20 or the 23rd of February.

Considering the number of depositions scheduled for the week of the 26 extending to March 1-2,
Plaintiffs are willing stipulate to permit Mr. Clawson to be deposed after the discovery cut-off, the
week of March 5. Mr. Clawson is available March 5-9. Please let me know.


Best regards,

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 4 of 8

Case 1:07-mc-00104-RMC      Document 3-5      Filed 03/21/2007      Page 5 of 9

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

"Braden, Greg" wrote:

Ps-- I am issuing subpoenas for Womack in Birmingham and Clawson in DC the 14th and 15th
respectively. I am willing to discuss other possible dates but we need to get these on the books with
time running out. Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

From: Braden, Greg
Sent: Tuesday, January 30, 2007 3:24 PM
To: 'Joseph Garofolo'
Cc: Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
Subject: RE: Eslava Expert Depostion of B. Ruud

Joe, I got summary judgment so my trial is off that week. I can do 2/28. Pls confirm his availability.
Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

From: Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
Sent: Wednesday, January 24, 2007 11:45 PM
To: Braden, Greg
Cc: Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
Subject: RE: Eslava Expert Depostion of B. Ruud

Dear Greg:

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 5 of 8

Case 1:07-mc-00104-RMC    Document 3-5    Filed 03/21/2007    Page 6 of 9

Mr. Ruud may have availability on February 26-28. The deposition will have to be in Texas. Do any of those days work for you?

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

"Braden, Greg" wrote:

Joe, I understand that the court extended discovery only until 3/2. Accordingly, we will need to get dates for Rudd in Feb. If we have to do a weekend, we will.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

From: Braden, Greg
Sent: Wednesday, January 24, 2007 11:49 AM
To: 'Joseph Garofolo'
Subject: RE: Eslava Expert Depostion of B. Ruud

The 14th works for defense counsel. Are you bringing him to Mobile?

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

From: Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
Sent: Tuesday, January 23, 2007 7:01 PM
To: Braden, Greg
Cc: Tom Benton; Mark Kirkpatrick; Pridgen, Nancy
Subject: Eslava Expert Depostion of B. Ruud

Dear Greg:

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 6 of 8

Case 1:07-mc-00104-RMC     Document 3-5     Filed 03/21/2007     Page 7 of 9

The dates that work for a deposition for Mr. Ruud and myself are February 26-28 and March 12-15. Please let me know since Mr. Ruud's schedule fills up quickly. Thanks.

Best regards,

Joe


Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____


*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its

AT&T Yahoo! Mail - erisalaw@sbcglobal.net          Page 7 of 8

Case 1:07-mc-00104-RMC     Document 3-5     Filed 03/21/2007     Page 8 of 9

attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
taxing authorities, we inform you that any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
taxing authorities, we inform you that any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
taxing authorities, we inform you that any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
_____

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 8 of 8

Case 1:07-mc-00104-RMC     Document 3-5     Filed 03/21/2007     Page 9 of 9

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____

Exhibit 4

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 1 of 2

Case 1:07-mc-00104-RMC     Document 3-6     Filed 03/21/2007     Page 2 of 3

| Subject: | RE: Expert depos |
|---|---|
| Date: | Mon, 12 Feb 2007 22:22:02 -0500 |
| From: | "Braden, Greg" <Greg.Braden@alston.com>   📷View Contact Details   📱Add Mobile Alert |
| To: | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| CC: | "Mike Strasavich" <MDS@bowronlatta.com>, HWW@bowronlatta.com, "Walthall, Howard" <Hpwaltha@burr.com>, ".ALC.Letzer, Joseph" <jletzer@burr.com>, "Matt Springer" <springem@madisonriver.net>, "Tom Benton" <tbenton@mlrlawyers.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com> |

Joe, my proposal is intended to make it easier on everyone by doing substantially all of it in Chicago.  I realize that we have to compress a number of depos together in short order but you have 3 lawyers who are intimately familiar with the case and can easily do 3 depositions the 28th.   We have all the depos scheduled except Balhoff and he is available the 28th.   A possible alternative is to do Balhoff and Heald back to back the 28th if you cant staff 3 simultaneous depos.   Let me know.  Thanks.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 12, 2007 7:35 PM
**To:** Braden, Greg
**Cc:** Mike Strasavich; HWW@bowronlatta.com; Walthall, Howard; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick
**Subject:** Re: Expert depos

Dear Counsel:

We have Mr. Hommel and Mr. Heald currently scheduled for the 28th in Chicago already.  I have spent a great deal of time coordinating Clawson for the 24th in Atlanta and Ruud for the 26th in Austin already.

Apparently, at least some among counsel for the Defendants are currently unwilling to stipulate to depositions after the discovery cut-off, despite the fact that this makes the most sense.  Pursuant to F.R.C.P. Rule 29, Court approval is not required for reaching a stipulation to take depositions beyond the discovery cut-off.  Thus, I again request that counsel for the Defendants reconsider their collective position so that we can schedule Mr. Clawson's and Mr. Balhoff's depositions in Washington D.C. at an agreed upon date after the discovery cut-off.  This would allow us to maintain the expert deposition schedule that we have already agreed upon, including Mr. Ruud for the 26th in Austin and Mr. Heald for the 28th in Chicago.

Please let me know as soon as possible or we will have to reschedule depositions that I thought we had agreed upon because counsel for the Plaintiffs cannot agree to four depositions in three days (the 26-28) in Chicago.

Best regards,

Joe

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 2 of 2

Case 1:07-mc-00104-RMC    Document 3-6    Filed 03/21/2007    Page 3 of 3

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> Gentlemen, Balhoff is available the 28th.  Since we will all be in Chicago the week of the 26th, it
> makes sense to bring Balhoff and Rudd there for their depos. Pls let me know if you agree.   If you do
> not want to do it in Chicago, Balhoff will be availavble in DC the 28th.  Thanks.
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com
> ********************************************************
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
> taxing authorities, we inform you that any tax advice contained in this communication (including any
> attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
> penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
>
> _____
>
> NOTICE: This e-mail message and all attachments transmitted with it
> may contain legally privileged and confidential information intended
> solely for the use of the addressee. If the reader of this message is not
> the intended recipient, you are hereby notified that any reading,
> dissemination, distribution, copying, or other use of this message or its
> attachments is strictly prohibited. If you have received this message in
> error, please notify the sender immediately by telephone
> (404-881-7000) or by electronic mail (postmaster@alston.com), and
> delete this message and all copies and backups thereof. Thank you.
> _____

********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing
authorities, we inform you that any tax advice contained in this communication (including any attachments) is
not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be
imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

Exhibit 5

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 1 of 7

Case 1:07-mc-00104-RMC      Document 3-7      Filed 03/21/2007      Page 2 of 8

| Date: | Wed, 7 Feb 2007 11:53:12 -0800 (PST) |
|---|---|
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| Subject: | Fwd: RE: RE: Eslava Expert Depostion of B. Ruud |
| To: | "Greg Braden" <greg.braden@alston.com> |
| CC: | "Tom Benton" <tbenton@mlrlawyers.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, "Nancy Pridgen" <nancy.pridgen@alston.com> |

Dear Greg:

I am going to be coordinating the depositions of Mr. Balhoff and Mr. Heald.  Considering that we have Mr. Ruud's deposition already set for the 26, I believe it makes sense to have Mr. Heald's on the 22nd or 23 (whichever day Mr. Wilkerson's is not - see Mr. Kirkpatrick's email below).  Is Mr. Heald available on the 22nd or 23 to be deposed in Chicago?

Because I agree with your initial suggestion that it would be most efficient to depose Mr. Clawson and Mr. Balhoff back to back in D.C., I would again request that we work out a date after the discovery cut-off for both. Please let me know if your co-counsel are agreeable to any date during the first two weeks of March and I will confirm with Mr. Clawson.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**Mark Kirkpatrick <MKirkpatrick@cdklaw.com>** wrote:

> Subject: RE: RE: Eslava Expert Depostion of B. Ruud
> Date: Wed, 7 Feb 2007 13:00:57 -0600
> From: "Mark Kirkpatrick" <MKirkpatrick@cdklaw.com>
> To: "Braden, Greg" <Greg.Braden@alston.com>
> CC: <tbenton@mlrlawyers.com>, "Joseph Garofolo" <erisalaw@sbcglobal.net>
>
> Can we do Watters on the 16th and Wilkerson on the 22nd or 23rd?
>
> ---
>
> **From:** Braden, Greg [mailto:Greg.Braden@alston.com]
> **Sent:** Tuesday, February 06, 2007 1:20 PM
> **To:** Joseph Garofolo
> **Cc:** Mark Kirkpatrick; Tom Benton
> **Subject:** RE: RE: Eslava Expert Depostion of B. Ruud
>
> What about the 24th or 25th?
>
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 2 of 7

Case 1:07-mc-00104-RMC    Document 3-7    Filed 03/21/2007    Page 3 of 8

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, February 06, 2007 1:53 PM
**To:** Braden, Greg
**Cc:** Mark Kirkpatrick; Tom Benton
**Subject:** RE: RE: Eslava Expert Depostion of B. Ruud

Dear Greg:

Mr. Clawson is out of town the 13-20 and unavailable the 23.  I am unavailable on the 12.  I understand that you will be defending depositions on the 21 and 22.

Do you want to propose February 28, March 1, or March 2 knowing that depositions of other Defendants are scheduled that day?  I can then confirm with Mr. Clawson, but expect that he wil still be available.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


***"Braden, Greg" <Greg.Braden@alston.com>*** wrote:

Joe, after conferring with co-counsel, we cannot do the clawson depo after the discovery cutoff.  Please send me his available dates in February.   Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 05, 2007 1:48 PM
**To:** Braden, Greg
**Subject:** Fwd: RE: Eslava Expert Depostion of B. Ruud

Greg, below is an email I sent to you regarding the Clawson deposition.  Mr. Clawson is not available on the 15th.  Plaintiffs are willing to stipulate to his deposition after the discovery cut-off the week of March 5.

***Joseph Garofolo <erisalaw@sbcglobal.net>*** wrote:

Date: Fri, 2 Feb 2007 12:37:38 -0800 (PST)
From: Joseph Garofolo <erisalaw@sbcglobal.net>

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 3 of 7

Case 1:07-mc-00104-RMC     Document 3-7     Filed 03/21/2007     Page 4 of 8

Subject: RE: Eslava Expert Depostion of B. Ruud
To: "Braden, Greg" <Greg.Braden@alston.com>
CC: Nancy Pridgen <nancy.pridgen@alston.com>,
Tom Benton <tbenton@mlrlawyers.com>,
Mark Kirkpatrick <mkirkpatrick@cdklaw.com>

Dear Greg:

I am coordinating the deposition of Mr. Clawson and Tom Benton is coordinating for
Mr. Womack.  Mr. Clawson is not available the 13-20 or the 23rd of February.

Considering the number of depositions scheduled for the week of the 26 extending to
March 1-2, Plaintiffs are willing stipulate to permit Mr. Clawson to be deposed after the
discovery cut-off, the week of March 5.  Mr. Clawson is available March 5-9.  Please
let me know.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Ps-- I am issuing subpoenas for Womack in Birmingham and Clawson in DC
the 14th and 15th respectively.  I am willing to discuss other possible dates
but we need to get these on the books with time running out.  Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

**From:** Braden, Greg
**Sent:** Tuesday, January 30, 2007 3:24 PM
**To:** 'Joseph Garofolo'
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Joe, I got summary judgment so my trial is off that week.  I can do 2/28.  Pls
confirm his availability.  Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell

AT&T Yahoo! Mail - erisalaw@sbcglobal.net    Page 4 of 7

Case 1:07-mc-00104-RMC    Document 3-7    Filed 03/21/2007    Page 5 of 8

(404) 881-7777 - fax
gbraden@alston.com

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Wednesday, January 24, 2007 11:45 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Dear Greg:

Mr. Ruud may have availability on February 26-28. The deposition will have to
be in Texas. Do any of those days work for you?

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Joe, I understand that the court extended discovery only until 3/2.
Accordingly, we will need to get dates for Rudd in Feb. If we have to
do a weekend, we will.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

**From:** Braden, Greg
**Sent:** Wednesday, January 24, 2007 11:49 AM
**To:** 'Joseph Garofolo'
**Subject:** RE: Eslava Expert Depostion of B. Ruud

The 14th works for defense counsel. Are you bringing him to Mobile?

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 5 of 7

Case 1:07-mc-00104-RMC    Document 3-7    Filed 03/21/2007    Page 6 of 8

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, January 23, 2007 7:01 PM
**To:** Braden, Greg
**Cc:** Tom Benton; Mark Kirkpatrick; Pridgen, Nancy
**Subject:** Eslava Expert Depostion of B. Ruud

Dear Greg:

The dates that work for a deposition for Mr. Ruud and myself are
February 26-28 and March 12-15.  Please let me know since Mr.
Ruud's schedule fills up quickly.  Thanks.

Best regards,

Joe


Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and
attorney-client privileged material for the sole use of the intended
recipient.  Any review, copying, or distribution of this email (or any
attachments hereto) by others is strictly prohibited.  If you are not the
intended recipient, please contact the sender immediately and delete
the original and any copies of this email and any attachments.  Any
tax advice contained in this communication (including any
attachments) is not intended or written to be used,  and cannot be
used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.*
*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS and other taxing authorities, we inform you that
any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties that may be imposed on
any taxpayer or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is
not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or
its
attachments is strictly prohibited. If you have received this message in

error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 6 of 7

Case 1:07-mc-00104-RMC       Document 3-7       Filed 03/21/2007       Page 7 of 8

delete this message and all copies and backups thereof. Thank you.
_____

*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____

*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____

*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its

attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____

Exhibit 6

| Subject: | RE: Expert depos |
|---|---|
| Date: | Tue, 13 Feb 2007 15:39:16 -0500 |
| From: | "Braden, Greg" <Greg.Braden@alston.com> |
| To: | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| CC: | "Mike Strasavich" <MDS@bowronlatta.com>, HWW@bowronlatta.com, "Walthall, Howard" <Hpwaltha@burr.com>, ".ALC.Letzer, Joseph" <jletzer@burr.com>, "Matt Springer" <springem@madisonriver.net>, "Tom Benton" <tbenton@mlrlawyers.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, mgraham@mwe.com |

Joe, on further reflection with co counsel we are willing to consider moving Balhoff's deposition to March 6 provided we can work out an acceptable date for the Sunu/ Gulf 30b6 deposition.  As I previously advised Tom, Mr Sunu is not available the 21st and I have received no alternative dates from him.  Please let me know how you would like to proceed.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Tuesday, February 13, 2007 9:07 AM
**To:** 'Joseph Garofolo'
**Cc:** Mike Strasavich; HWW@bowronlatta.com; Walthall, Howard; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick; 'mgraham@mwe.com'
**Subject:** RE: Expert depos

Just so we're clear.  You gave me a choice of 3 dates for Rudd during the entire month (Feb 26-28) and insisted it be in Texas.  You said Clawson was available only on Saturday the 24th and only in Atlanta.  So you havent really done us any favors Joe.  You will have 2 lawyers in Chicago on the 28th for the Hommell and Heald depos.  Adding  Balhoff , who is not available March 2, and making him available in Chicago is both logical and efficient.  If you cannot arrange to have 3 lawyers there we will agree to start two depositions early and start the third immediately after the first is completed.  I don't think it is unreasonable under the circumstances to have 2 lawyers take a total of 3 depositions the same day, especially since one is a fact witness whose knowledge is limited to post-merger escrow issues and should take no more than an hour or two.

Let's get this done Joe.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 12, 2007 11:39 PM

**To:** Braden, Greg
**Cc:** Mike Strasavich; HWW@bowronlatta.com; Walthall, Howard; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Expert depos

Dear Greg:

Unfortunately, we simply do not have as many attorneys as the Defendants to take (and defend) depositions and all of Plaintiffs' attorneys are being fully utilized.  The possibility of deposing Defendants' experts earlier in the month was ruled out since Defendants' expert disclosures were not served by mail until February 2 and documents responsive to the automatic subpoenas have not yet been produced.

We had already agreed to the depositions of Mr. Hommel and Mr. Heald on February 28 and you have issued a subpoena for Mr. Ruud's deposition on the 26th in Austin.  We agreed to make Plaintiffs' expert Mr. Womack available on Saturday, February 17.  In addition, I went out of my way to make Mr. Clawson available on Saturday, February 24th and was able to do so in Atlanta for your convenience.  Accordingly, I would appreciate it if you would request that Mr. Balhoff make himself available in Washington, D.C. on March 2.

Please let me know as soon as possible.  If we cannot resolve this, I would like to seek the Court's assistance.  Thank you.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Joe, my proposal is intended to make it easier on everyone by doing substantially all of it in Chicago.  I realize that we have to compress a number of depos together in short order but you have 3 lawyers who are intimately familiar with the case and can easily do 3 depositions the 28th.  We have all the depos scheduled except Balhoff and he is available the 28th.   A possible alternative is to do Balhoff and Heald back to back the 28th if you cant staff 3 simultaneous depos.   Let me know.  Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 12, 2007 7:35 PM
**To:** Braden, Greg
**Cc:** Mike Strasavich; HWW@bowronlatta.com; Walthall, Howard; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick
**Subject:** Re: Expert depos

Dear Counsel:

We have Mr. Hommel and Mr. Heald currently scheduled for the 28th in Chicago already.  I have spent a great

deal of time coordinating Clawson for the 24th in Atlanta and Ruud for the 26th in Austin already.

Apparently, at least some among counsel for the Defendants are currently unwilling to stipulate to depositions after the discovery cut-off, despite the fact that this makes the most sense. Pursuant to F.R.C.P. Rule 29, Court approval is not required for reaching a stipulation to take depositions beyond the discovery cut-off. Thus, I again request that counsel for the Defendants reconsider their collective position so that we can schedule Mr. Clawson's and Mr. Balhoff's depositions in Washington D.C. at an agreed upon date after the discovery cut-off. This would allow us to maintain the expert deposition schedule that we have already agreed upon, including Mr. Ruud for the 26th in Austin and Mr. Heald for the 28th in Chicago.

Please let me know as soon as possible or we will have to reschedule depositions that I thought we had agreed upon because counsel for the Plaintiffs cannot agree to four depositions in three days (the 26-28) in Chicago.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Gentlemen, Balhoff is available the 28th. Since we will all be in Chicago the week of the 26th, it makes sense to bring Balhoff and Rudd there for their depos. Pls let me know if you agree. If you do not want to do it in Chicago, Balhoff will be availavble in DC the 28th. Thanks.
Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com
*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____


*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or

matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

_____


*****************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities,
we inform you that any tax advice contained in this communication (including any attachments) is not intended or written
to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

_____

Exhibit 7

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                              Page 1 of 2

Case 1:07-mc-00104-RMC     Document 3-9     Filed 03/21/2007     Page 2 of 3

| Date: | Thu, 15 Feb 2007 09:30:51 -0800 (PST) |
|---|---|
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net>   ▦ View Contact Details   ▯ Add Mobile Alert |
| Subject: | Correction of Prior Email re 30(b)(6) Depos |
| To: | "Braden, Greg" <Greg.Braden@alston.com>, "Thomas H. Benton" <tbenton@mlrlawyers.com>, "Mike Strasavich" <MDS@bowronlatta.com> |
| CC: | "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com> |

Dear Greg:

I would like to correct a statement in my prior email.  The Heald deposition will be noticed for February 28 in Chicago, not March 28.

Accordingly, the deposition scheduling would be GulfTel/GCSI 30(b)(6)s in Chicago at 2:00 P.M. on February 28 after the Hommel depo that begins at 9:00 A.M., the Heald deposition at 10:00 A.M. on February 28 in Chicago, and the Balhoff deposition on March 6 in Washington, D.C.  Please confirm the above and that you will accept electronic service for Mr. Heald and Mr. Balhoff.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> Gentlemen, I regret to report that we cant make the 20th work in Foley.  We can make the Gulf/ GCSI 30b6 available in Chicago or Foley any time the week of the 26th.  Let me know.  Thanks
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com
>
> ─────────────────────────
>
> **From:** Thomas H. Benton [mailto:tbenton@mlrlawyers.com]
> **Sent:** Wednesday, February 14, 2007 5:52 PM
> **To:** 'Mike Strasavich'
> **Cc:** JOE GAROFOLO; Braden, Greg
> **Subject:** Byrd Gates Depositions
>
> Mike:
>       I just got off the phone with Greg and we are trying to schedule the depositions of Gulftel and GCSI on the 20th in Foley. Can we do Byrd and Gates on the 21st?
> ************************************************************
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any

attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____

Exhibit 8

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                                    Page 1 of 1

Case 1:07-mc-00104-RMC     Document 3-10     Filed 03/21/2007     Page 2 of 2

| Subject: | |
|---|---|
| **Date:** | Fri, 2 Mar 2007 15:21:10 -0500 |
| **From:** | "Braden, Greg" <Greg.Braden@alston.com>   📇 View Contact Details   📱 Add Mobile Alert |
| **To:** | erisalaw@sbcglobal.net |

On several occasions I have mentioned that MR Balhoff will be made
available at the DC office of Alston + Bird.  He will be available at 9 am
at that office.   He will not appear  at Esquire reporting service.
While this change will involve no inconvenience to you (if anything
greater convenience given the superior facilities), there is significant
inconvenience to me with your preferred location.  Since you insisted on
"your" location in chicago I just wanted to make it clear in advance
that we will
appear at my office.

************************
Sent via handheld Blackberry wireless.
Gregory C. Braden
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia  30309-3424
404/881-7497
404/881-7777 - FAX
gbraden@alston.com

*********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements
imposed by the IRS and other taxing authorities, we inform you that any
tax advice contained in this communication (including any attachments)
is not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties that may be imposed on any taxpayer or
(ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

_____

NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is
not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or
its
attachments is strictly prohibited.  If you have received this message
in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.

_____

Exhibit 9

| Date: | Fri, 2 Mar 2007 13:52:05 -0800 (PST) |
|---|---|
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net>   📷 View Contact Details   📱 Add Mobile Alert |
| Subject: | Re: |
| To: | "Braden, Greg" <Greg.Braden@alston.com> |
| CC: | "Nancy Pridgen" <nancy.pridgen@alston.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, "Tom Benton" <tbenton@mlrlawyers.com> |

Dear Greg:

That is simply false.  There was never any discussion that you would make him available only at Alston & Bird either verbally or in writing.  You have received a subpoena and the deposition is to proceed at the noticed location.  It is not your choice where to produce the witness.  If you will not agree to do so, I will be forced to file a motion regarding this issue and include a request for sanctions for your ongoing abuse of the discovery process and lack of good faith.

Please confirm by 6:00 P.M. Eastern today that Mr. Balhoff will be present at the noticed location or I will file my motion and seek costs and sanctions.

Regards,

Joe

**"Braden, Greg" <Greg.Braden@alston.com> wrote:**

> On several occasions I have mentioned that MR Balhoff will be made available at the DC office of Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire reporting service. While this change will involve no inconvenience to you (if anything greater convenience given the superior facilities), there is significant inconvenience to me with your preferred location. Since you insisted on "your" location in chicago I just wanted to make it clear in advance that we will appear at my office.
>
> ************************
> Sent via handheld Blackberry wireless.
> Gregory C. Braden
> Alston & Bird LLP
> 1201 W. Peachtree Street
> Atlanta, Georgia 30309-3424
> 404/881-7497
> 404/881-7777 - FAX
> gbraden@alston.com
>
> ********************************************************
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
> _____
>
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 2 of 2

Case 1:07-mc-00104-RMC      Document 3-11      Filed 03/21/2007      Page 3 of 3

(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

Exhibit 10

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                                    Page 1 of 2

Case 1:07-mc-00104-RMC       Document 3-12       Filed 03/21/2007       Page 2 of 3

| Subject: | RE: |
|---|---|
| **Date:** | Mon, 5 Mar 2007 10:37:13 -0500 |
| **From:** | "Braden, Greg" <Greg.Braden@alston.com>    📇 View Contact Details   📱 Add Mobile Alert |
| **To:** | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| **CC:** | hpwaltha@burr.com, "Mike Strasavich" <MDS@bowronlatta.com>, "Matt Springer" <springem@madisonriver.net> |

If you wish to file a motion because I am making Balhoff available at my office instead of at Esquire Reporting Service a few blocks away that's your prerogative but I would  speculate that the court will not be receptive to resolving a silly dispute over the location of an out of time deposition.  I also remind you that  you picked the location for Rudd's deposition in Austin.  Balhoff will be at my DC offices Tuesday at 9am.  I'll look forward to seeing you there

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Friday, March 02, 2007 4:52 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Mark Kirkpatrick; Tom Benton
**Subject:** Re:

Dear Greg:

That is simply false.  There was never any discussion that you would make him available only at Alston & Bird either verbally or in writing.  You have received a subpoena and the deposition is to proceed at the noticed location.  It is not your choice where to produce the witness.  If you will not agree to do so, I will be forced to file a motion regarding this issue and include a request for sanctions for your ongoing abuse of the discovery process and lack of good faith.

Please confirm by 6:00 P.M. Eastern today that Mr. Balhoff will be present at the noticed location or I will file my motion and seek costs and sanctions.

Regards,

Joe

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> On several occasions I have mentioned that MR Balhoff will be made available at the DC office of Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire reporting service. While this change will involve no inconvenience to you (if anything greater convenience given the superior facilities), there is significant inconvenience to me with your preferred location. Since you insisted on "your" location in chicago I just wanted to make it clear in advance that we will appear at my office.

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 2 of 2

Case 1:07-mc-00104-RMC    Document 3-12    Filed 03/21/2007    Page 3 of 3

************************
Sent via handheld Blackberry wireless.
Gregory C. Braden
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
404/881-7497
404/881-7777 - FAX
gbraden@alston.com

*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.
_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

Exhibit 11

| Date: | Mon, 5 Mar 2007 08:24:22 -0800 (PST) |
|---|---|
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net>  📇 View Contact Details  📱 Add Mobile Alert |
| Subject: | RE: |
| To: | "Braden, Greg" <Greg.Braden@alston.com> |
| CC: | hpwaltha@burr.com, "Mike Strasavich" <MDS@bowronlatta.com>, "Matt Springer" <springem@madisonriver.net>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, "Tom Benton" <tbenton@mlrlawyers.com> |

Dear Greg:

Actually, you set the specific location for Mr. Ruud's deposition in Austin. I stated that Mr. Ruud would be made available in Austin and I did not object to the place where you set the deposition in Austin because you are entitled to notice the deposition at any specific location you want within 100 miles of his business or residence.

Despite receiving a subpoena, the first time you decided to bring this issue up was Friday. I do not understand why you think you are entitled to schedule the location of a deposition that I am taking. As long as the deposition is noticed within 100 miles of Mr. Balhoff's place of business or residence, there should be no issue for you.

The court reporter has been scheduled and the deposition will proceed as noticed. If you choose not to attend, it will be yet another example of unreasonable conduct on your part.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> If you wish to file a motion because I am making Balhoff available at my office instead of at Esquire Reporting Service a few blocks away that's your prerogative but I would speculate that the court will not be receptive to resolving a silly dispute over the location of an out of time deposition. I also remind you that you picked the location for Rudd's deposition in Austin. Balhoff will be at my DC offices Tuesday at 9am. I'll look forward to seeing you there

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax

AT&T Yahoo! Mail - erisalaw@sbcglobal.net
Page 2 of 3

Case 1:07-mc-00104-RMC     Document 3-13     Filed 03/21/2007     Page 3 of 4

gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Friday, March 02, 2007 4:52 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Mark Kirkpatrick; Tom Benton
**Subject:** Re:

Dear Greg:

That is simply false. There was never any discussion that you would make him available only at Alston & Bird either verbally or in writing. You have received a subpoena and the deposition is to proceed at the noticed location. It is not your choice where to produce the witness. If you will not agree to do so, I will be forced to file a motion regarding this issue and include a request for sanctions for your ongoing abuse of the discovery process and lack of good faith.

Please confirm by 6:00 P.M. Eastern today that Mr. Balhoff will be present at the noticed location or I will file my motion and seek costs and sanctions.

Regards,

Joe

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

On several occasions I have mentioned that MR Balhoff will be made available at the DC office of Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire reporting service. While this change will involve no inconvenience to you (if anything greater convenience given the superior facilities), there is significant inconvenience to me with your preferred location. Since you insisted on "your" location in chicago I just wanted to make it clear in advance that we will appear at my office.

************************
Sent via handheld Blackberry wireless.
Gregory C. Braden
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
404/881-7497
404/881-7777 - FAX
gbraden@alston.com

********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 3 of 3

Case 1:07-mc-00104-RMC     Document 3-13     Filed 03/21/2007     Page 4 of 4

error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing
authorities, we inform you that any tax advice contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed
on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter
addressed herein.
_____


NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.
_____

Exhibit 12

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 1 of 1

Case 1:07-mc-00104-RMC      Document 3-14      Filed 03/21/2007      Page 2 of 6

| Subject: | Balhoff depo |
| Date: | Tue, 6 Mar 2007 08:50:49 -0500 |
| From: | "Braden, Greg" <Greg.Braden@alston.com>   📇 View Contact Details   📱 Add Mobile Alert |
| To: | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| CC: | "Mike Strasavich" <MDS@bowronlatta.com>, hpwaltha@burr.com, HWW@bowronlatta.com, ".ALC.Letzer, Joseph" <jletzer@burr.com> |

Attached please find Defendants' motion for a protective order.  I am surprised that you continue to refuse this simple accomodation that will result in no inconvenience to you.  Per our prior communications, Mr Balhoff will be available in our offices today at 9am.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

—————————————————————————————————

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID ESLAVA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 04-0297-KD-B |
| | ) | pending in USDC for Southern |
| GULF TELEPHONE CO., INC., et al., | ) | District of Alabama |
| | ) | |
| Defendants. | ) | |

### GULFTEL DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COME NOW the Gulf Telephone Defendants ("GulfTel Defendants"), by and through

undersigned counsel of record, and move this Court for a protective order requiring the

deposition of Michael Balhoff to be conducted at the offices of Alston & Bird, in Washington

DC.  In support hereof, GulfTel Defendants show the Court as follows:

Plaintiffs served a subpoena demanding the appearance of Michael Balhoff for deposition

on March 6, 2007 at Esquire Reporting Services, 1020 19th Street NW, #620A, Washington, DC

20036.  Defendants agreed to produce Mr. Balhoff despite the close of discovery on March 2,

2007.  On March 2, counsel for the Gulf Telephone defendants emailed Mr. Garofolo and

requested that the deposition be held at the Washington DC office of the Gulf Telephone

Defendants' counsel because Defendants' counsel had other business at his Washington DC

office and needed to be at that office.  Mr. Garofolo refused to agree despite the fact that the

GulfTel Defendants' Washington DC office is just a few blocks from Esquire reporting services

and has superior conference room and telephonic capabilities for other counsel attending by

phone.

GulfTel Defendants' counsel's subsequent requests to Mr. Garofolo were refused without

any reason offered.   Accordingly, with regret, Defendants seek a protective order requiring the

deposition of Michael Balhoff to be conducted at the offices of Alston & Bird, 950 F Street NW,

Washington DC at 9am EST on March 6, 2007 or not at all.

Respectfully submitted on March 6, 2007.

NAME
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
Phone: 202-756-3300
Fax: 202-756-3333

Gregory C. Braden
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
Email: greg.braden@alston.com

Attorney for Defendants Gulf Telephone Company,
Inc., Gulf Coast Services, Inc., Gulf Telephone
Company Administrative Committee, Gulf
Telephone ESOP Plan Administrator, Escrow
Committee, Dale Younce, Robert Younce,
Woodward Setzer, Harold Killian, Willard
Mitchem, Sandra Bixler, Jo Gould Smith, Madison
River Telephone Company, LLC, Donald
Robertson, Kenneth Amburn, Stephen
Vanderwoude, Paul Sunu, Randy Wood, Millry
Management Corporation, Paul Brown, and Gulf
Merger Corporation.

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of March, 2007 that I filed the foregoing document with the Clerk of Court and notified all counsel of such filing by emailing it to the to the following:

Donald J. Aho daho@millermartin.com,

Jenny C. Baker jbaker@mwe.com

Thomas H. Benton, Jr. tbenton@mlrlawyers.com, dmoye@mlrlawyers.com

Scott A. Boykin sboykin@burr.com, lparker@burr.com

Lee H. Copeland copeland@copelandfranco.com

Christopher A. Crevasse ccrevasse@millermartin.com, mstratton@millermartin.com

Joseph A. Garofolo erisalaw@sbcglobal.net

Michael T. Graham mgraham@mwe.com

William H. Hardie whh@johnstoneadams.com, service@johnstoneadams.com

Shannon L. Holliday holliday@copelandfranco.com

R. Mark Kirkpatrick mkirkpatrick@cdklaw.com, jcalton@cdklaw.com

Joseph W. Letzer jletzer@burr.com, cdyer@burr.com

Paul F. Linn pflinn@mbf-law.com, amgelhaus@mbf-law.com

James D. Martin martin@copelandfranco.com

Emit L. McCafferty, III mmccafferty@vickersriis.com, cmiller@vickersriis.com

John C. Morrow jmorrow@burr.com, tmoore@burr.com

Donald F. Pierce dpierce@pierceledyard.com

John Chas. Pierce jpierce@butlerpappas.com

Michael D. Strasavich mds@bowronlatta.com, kmr@bowronlatta.com

M. Mort Swaim swaimlaw@gulftel.com

Howard P. Walthall, Jr. hpwaltha@burr.com, mwalker@burr.com

H. William Wasden hww@bowronlatta.com

Michael A. Youngpeter may@olennicholas.com

NAME
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
Phone: 202-756-3300
Fax: 202-756-3333

Exhibit 13

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                    Page 1 of 2

Case 1:07-mc-00104-RMC      Document 3-15      Filed 03/21/2007      Page 2 of 3

| Date: | Tue, 6 Mar 2007 07:32:00 -0800 (PST) |
| --- | --- |
| From: | "Joseph Garofolo" <erisalaw@sbcglobal.net>    📇 View Contact Details    📱 Add Mobile Alert |
| Subject: | RE: Balhoff depo |
| To: | "Braden, Greg" <Greg.Braden@alston.com> |
| CC: | "Mike Strasavich" <MDS@bowronlatta.com>, hpwaltha@burr.com, HWW@bowronlatta.com, ".ALC.Letzer, Joseph" <jletzer@burr.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, "Tom Benton" <tbenton@mlrlawyers.com> |

Dear Greg:

I have just discovered your emails this morning and continue to be amazed at your conduct. You only offered to make Mr. Balhoff available in Washington, D.C. on March 28 which was the same day as Mr. Heald's deposition (which had been scheduled in advance). You did not offer to make Mr. Balhoff available any other day and you stipulated to make him available on March 6.

There are several reasons why I want to proceed at this location as noticed. You previously produced documents for Mr. Heald on a CD-ROM despite the fact that the deposition was in Chicago where Mr. Heald conducts his business. At Esquire Deposition Services, I can print documents in the event you again produce electronic documents. In addition, Plaintiffs' expert Mr. Clawson is attending and Esquire has internet access at the deposition.

I will remain at Esquire until 11:00 A.M. Please let me know if you plan to attend and produce the witness as you have agreed to do and are required to do in good faith.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

<<Eslava - Motion for Protective Order.doc>> Here is the motion.
Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____
**From:** Braden, Greg
**Sent:** Tuesday, March 06, 2007 8:51 AM
**To:** 'Joseph Garofolo'
**Cc:** Mike Strasavich; Howard P. Walthall (hpwaltha@burr.com); H. William Wasden Esq. (HWW@bowronlatta.com); .ALC.Letzer, Joseph

AT&T Yahoo! Mail - erisalaw@sbcglobal.net                                    Page 2 of 2

Case 1:07-mc-00104-RMC        Document 3-15        Filed 03/21/2007        Page 3 of 3

**Subject:**   Balhoff depo

Attached please find Defendants' motion for a protective order.  I am surprised that you continue to refuse this simple accomodation that will result in no inconvenience to you.  Per our prior communications, Mr Balhoff will be available in our offices today at 9am.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com
*******************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____

Exhibit 14

| Subject: | RE: Balhoff depo |
|---|---|
| Date: | Tue, 6 Mar 2007 10:47:36 -0500 |
| From: | "Braden, Greg" <Greg.Braden@alston.com>  🔲 View Contact Details  📱 Add Mobile Alert |
| To: | "Joseph Garofolo" <erisalaw@sbcglobal.net> |
| CC: | "Mike Strasavich" <MDS@bowronlatta.com>, hpwaltha@burr.com, HWW@bowronlatta.com, ".ALC.Letzer, Joseph" <jletzer@burr.com>, "Mark Kirkpatrick" <mkirkpatrick@cdklaw.com>, "Tom Benton" <tbenton@mlrlawyers.com> |

Your belatedly expressed need for printing facilities can be accommodated here. You have also previously received hard copies of all Balhoff documents. Mr Balhoff will be here until 11am if you wish to depose him.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, March 06, 2007 10:32 AM
**To:** Braden, Greg
**Cc:** Mike Strasavich; hpwaltha@burr.com; HWW@bowronlatta.com; .ALC.Letzer, Joseph; Mark Kirkpatrick; Tom Benton
**Subject:** RE: Balhoff depo

Dear Greg:

I have just discovered your emails this morning and continue to be amazed at your conduct. You only offered to make Mr. Balhoff available in Washington, D.C. on March 28 which was the same day as Mr. Heald's deposition (which had been scheduled in advance). You did not offer to make Mr. Balhoff available any other day and you stipulated to make him available on March 6.

There are several reasons why I want to proceed at this location as noticed. You previously produced documents for Mr. Heald on a CD-ROM despite the fact that the deposition was in Chicago where Mr. Heald conducts his business. At Esquire Deposition Services, I can print documents in the event you again produce electronic documents. In addition, Plaintiffs' expert Mr. Clawson is attending and Esquire has internet access at the deposition.

I will remain at Esquire until 11:00 A.M. Please let me know if you plan to attend and produce the witness as you have agreed to do and are required to do in good faith.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the*

*intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

<<Eslava - Motion for Protective Order.doc>> Here is the motion.
Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Tuesday, March 06, 2007 8:51 AM
**To:** 'Joseph Garofolo'
**Cc:** Mike Strasavich; Howard P. Walthall (hpwaltha@burr.com); H. William Wasden Esq. (HWW@bowronlatta.com); .ALC.Letzer, Joseph
**Subject:** Balhoff depo

Attached please find Defendants' motion for a protective order. I am surprised that you continue to refuse this simple accomodation that will result in no inconvenience to you. Per our prior communications, Mr Balhoff will be available in our offices today at 9am.
Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com
*********************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____


*********************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be

used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____