For Movants (Defendants) Gulf Telephone Company, Inc.,
Gulf Coast Services, Inc., Gulf Merger Corporation,
Madison River Telephone Company, LLC
**Madison River Communications**
**103 South Fifth Street**
**Mebane, North Carolina 27302**
and
**Millry Corporation**
**30433 Highway 17**
**Millry, Alabama 36558**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID ESLAVA, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Misc. Case: 1:07MS00104 (RMC) |
| vs. | ) | |
| | ) | Underlying Civil Case No. : 04-0297-KD-B |
| GULF TELEPHONE CO., INC., | ) | pending in the U.S.D.C. for the Southern |
| et al., | ) | District of Alabama |
| | ) | |
| Defendants. | ) | |

## GULFTEL DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

COME NOW the GulfTel Defendants, by and through undersigned counsel of record, and reply as follows in further support of the Motion for Protective Order.

This dispute arises out of a deposition that was noticed for a date after the close of discovery in the underlying action in Mobile, Alabama, despite the Court's admonition that discovery had to be completed before the deadline. While counsel had agreed to the deposition out of time, this agreement broke down when Mr. Garofolo could not extend a simply courtesy (in exchange for the serious accommodation he received) to GulfTel Defendants' counsel, Mr. Braden, of allowing the deposition to take place in Mr. Braden's firm's Washington office. For the sake of brevity, GulfTel Defendants hereby

incorporate herein their Response to the Plaintiffs' Motion filed in the Southern District

of Alabama (attached hereto as Exhibit 1). Because discovery had expired in the

underlying action and Plaintiffs had no right to take the deposition out of time, Plaintiffs

are not entitled to any costs/fees, or any other relief. GulfTel Defendants respectfully

request the Court to deny Plaintiffs any relief, and to grant the protective order prayed for

herein.

Respectfully submitted on April 2, 2007.

David R. Godofsky
(DC. Bar No. 469602)
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
Phone: 202-756-3300
Fax: 202-756-3333
Email: david.godofsky@alston.com

OF COUNSEL:

Gregory C. Braden
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
Email: greg.braden@alston.com

Attorney for Defendants Gulf Telephone
Company, Inc., Gulf Coast Services, Inc.,
Gulf Telephone Company Administrative
Committee, Gulf Telephone ESOP Plan
Administrator, Escrow Committee, Dale
Younce, Robert Younce, Woodward Setzer,
Harold Killian, Willard Mitchem, Sandra

Bixler, Jo Gould Smith, Madison River
Telephone Company, LLC, Donald
Robertson, Kenneth Amburn, Stephen
Vanderwoude, Paul Sunu, Randy Wood,
Millry Management Corporation, Paul
Brown, and Gulf Merger Corporation.

## CERTIFICATE OF SERVICE

I do hereby certify that on this 2nd day of April, 2007 that I filed the foregoing document with the Clerk of Court and notified all counsel of such filing via electronic mail to the following attorneys of record:

Donald J. Aho daho@millermartin.com,

Jenny C. Baker jbaker@mwe.com

Thomas H. Benton, Jr. tbenton@mlrlawyers.com, dmoye@mlrlawyers.com

Scott A. Boykin sboykin@burr.com, lparker@burr.com

Lee H. Copeland copeland@copelandfranco.com

Christopher A. Crevasse ccrevasse@millermartin.com,

mstratton@millermartin.com

Joseph A. Garofolo erisalaw@sbcglobal.net

Michael T. Graham mgraham@mwe.com

William H. Hardie whh@johnstoneadams.com, service@johnstoneadams.com

Shannon L. Holliday holliday@copelandfranco.com

R. Mark Kirkpatrick mkirkpatrick@cdklaw.com, jcalton@cdklaw.com

Joseph W. Letzer jletzer@burr.com, cdyer@burr.com

Paul F. Linn pflinn@mbf-law.com, amgelhaus@mbf-law.com

James D. Martin martin@copelandfranco.com

Emit L. McCafferty, III mmccafferty@vickersriis.com, cmiller@vickersriis.com

John C. Morrow jmorrow@burr.com, tmoore@burr.com

Donald F. Pierce dpierce@pierceledyard.com

John Chas. Pierce jpierce@butlerpappas.com

Michael D. Strasavich mds@bowronlatta.com, kmr@bowronlatta.com

M. Mort Swaim swaimlaw@gulftel.com

Howard P. Walthall, Jr. hpwaltha@burr.com, mwalker@burr.com

H. William Wasden hww@bowronlatta.com

Michael A. Youngpeter may@olennicholas.com


David R. Godofsky
(DC. Bar No. 469602)
ALSTON & BIRD, LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
Phone: 202-756-3300
Fax: 202-756-3333
Email: david.godofsky@alston.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID ESLAVA, et al.,         )
                                  )
     Plaintiffs,          )
                                  )
v.                         )   CIVIL ACTION NO. 04-297-KD-B
                                  )
GULF TELEPHONE COMPANY, INC., )
et al.,                         )
                                  )
     Defendants.      )

## GULFTEL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO PRECLUDE DEFENDANTS FROM OFFERING TESTIMONY OF EXPERT BALHOFF (Doc. 535)

COME NOW GulfTel Defendants and respond in opposition to Plaintiffs' Motion to Preclude Defendants from offering Mr. Balhoff's testimony or to depose Mr. Balhoff. (Doc. 535.)

## INTRODUCTION

The current petty dispute is a direct result of Plaintiffs' counsel's frustration with Defendants' insistence upon abiding by the Court-ordered extended discovery deadline of March 2, 2007.[1]   In the past few weeks, Plaintiffs have littered the docket with frivolous "discovery" motions that do not seek to raise any legitimate discovery issue, but rather seek to personally attack counsel for various Defendants in this action.  Plaintiffs' behavior is, no doubt, the product of their frustration at Defendants' compliance with the Court's discovery cutoff and general unwillingness to ignore it at Plaintiffs' request.  It is

---

[1] The position Plaintiffs' counsel found themselves in with regard to needing more time for depositions was the direct result of, *inter alia*, their having taken exactly *four* (4) depositions as of late December in the first nine-plus months discovery was open, despite the fact that they sued some twenty-nine defendants.  Their predicament was also the direct result of Plaintiffs' counsel's single-minded resolve to seek to prove their case based almost solely on attorney-authored documents, which predictably resulted in a host of privilege-related discovery disputes.

also the product of their frustration at the development of the facts in discovery, facts that are not favorable to their claims and a desire to deflect the Court's attention away from the merits.

Ironically, the present motion by Plaintiffs ostensibly arises from a dispute over the location of a deposition that Defendants agreed to allow Plaintiffs to take after the discovery cutoff as an accommodation to Plaintiffs who claimed to be unable to take it before the close of discovery. That made the behavior of Plaintiffs' counsel odd at best, since their petty refusal to proceed with the deposition at Defendant's counsel's office a few blocks away from their preferred location caused them no inconvenience. However their motion, and their refusal of Defendants' subsequent offer to again make their expert available for deposition at a mutually agreeable location, suggests that they do not want the deposition. They want to try to strike Mr. Balhoff's report because it devastates their case. So they burden the Court with frivolous motions[2] purporting to chronicle alleged "discovery abuses," although Plaintiffs' counsel themselves have engaged in such behavior multiple times over the course of this litigation. The Court should not indulge this time and resource wasting gamesmanship. Plaintiffs' Motion should be denied and they should be ordered to pay Defendants' costs and fees.

---

[2] . See, e.g., Plaintiffs' Reply to Motion to Compel filed against GulfTel Defendants (Doc. No. 555); Plaintiffs' Reply to Motion to Compel filed against Attorney Mark Wilkerson (Doc. No. 543); Plaintiffs' Response to Defendant Snook's Motion to Compel (Doc. No. 544); Motion to Compel filed against Attorney Dennis Ackerman (Case No. 07-c-1232 (N.D. Ill.), Doc. No. 1, 14); Motion for Sanctions filed regarding John Hommel/North Star and counsel (Doc. No. 549); Plaintiffs' Motion for Leave to File Email (Doc. No. 558); see also Doc. 558-2, p. 8 (Email from Mark Kirkpatrick to Nancy Pridgen, March 23, 2007, responding "Is that is because you lied to the Court?" to Ms. Pridgen's suggestion that it would be most efficient to discuss all of the parties' pending discovery motions at one time).

## ARGUMENT

**I.    This Entire Dispute Derives from Plaintiffs' Insistence on a Taking Deposition Out of Time and Defendants' Accommodation of That Request.**

Dissatisfied with the Court's refusal to extend discovery past March 2nd, Plaintiffs' counsel repeatedly and unabashedly attempted to force Defendants to permit the depositions of numerous witnesses out of time.  (Affidavit of Gregory C. Braden, attached hereto as Exhibit A, attaching emails from Plaintiffs' counsel asking to take depositions out of time.)

With one exception (Balhoff's deposition), Defendants held the March 2nd (extended) deadline set by the Court itself.  That exception was premised upon the mutually-agreeable resolution of *all* other discovery/deposition timing issues, including but not limited to agreeing on the timing of the depositions of Paul Sunu and the Gulf 30(b)(6) witness.  (Id., attaching emails.)  While Plaintiffs' counsel is correct that Mr. Braden's email of February 13, 2007 stated that Balhoff's deposition scheduled for after the discovery date was conditioned on the satisfactory scheduling of Mr. Sunu's and the 30(b)(6) deposition, that is because as of that date, Plaintiffs and Defendants had been able to reach agreement on substantially all other scheduling issues, and those were the only notable ones remaining.  (Id.)

Discussions between Mr. Braden and Plaintiffs' counsel Mr. Garofolo regarding setting the deposition of defense expert Michael Balhoff were clear and unambiguous – as a *courtesy* to Plaintiffs' counsel, Defendants would agree to make Mr. Balhoff available for his deposition, at the Washington D.C. offices of Alston & Bird, LLP after the discovery period even though Defendants *were not* required to do so.  (Id.)  Thus,

- 3 -

Plaintiffs' attempt to renege and seek to take another deposition out of time prompted Mr. Braden's admonition to Plaintiffs that they had abrogated the agreement on scheduling.

This Court's Scheduling Order is crystal clear; the end of discovery means the end of discovery, including all depositions: "For all actions, 'completed' means ... *all depositions, including experts' depositions*, taken ... ." (Doc. 173 at 2.) There is nothing even remotely vague or ambiguous about the Court's instruction, and Plaintiffs were not free to ignore this in favor of the more permissive language in Fed. R. Civ. P. 29, especially given the fact that Rule 29 specifically preferences its allowance with "*Unless otherwise directed by the court* ... ." In other words, Rule 29 does not assist Plaintiffs in any way. Plaintiffs' counsel's decision to take Mr. Balhoff's deposition out of time was clearly done at their own clients' peril, and their latest temper tantrum, which is the direct result of their refusal to accommodate the reasonable location request of Defendants' counsel, should not be condoned. It certain does not justify the filing of the instant motion.[3]

Mr. Braden indicated to Mr. Garofolo in their initial discussions about expert depositions weeks before the depositions occurred that Mr. Balhoff would be made available in Mr. Braden's Washington D.C. office. (Braden Afft., Exh. A.) Mr. Braden did not memorialize that conversation in an email because it is standard practice in his experience to make witnesses available at the offices of counsel representing or engaging

---

[3]  Plaintiffs also did not attempt to resolve the dispute in good faith before filing this motion. While Plaintiffs' counsel did threaten many times to "file a motion" if Defendants' counsel would not acquiesce to the demand regarding the location of the deposition, the only "motion" that he could have properly filed was a motion to compel Mr. Balhoff's attendance at the deposition, and such motion would have had to be filed in the federal court in Washington, D.C. Not once did Plaintiffs' counsel ever even suggest they would be requesting the absurdly punitive sanction that is requested here. Thus, Defendants contend Plaintiffs failed to confer in good faith in an attempt to resolve this dispute without the Court's assistance. For the sake of brevity, Defendants incorporate herein the discussion of the good-faith requirements as outlined in Doc. No. 537, pp. 4-9. The instant motion can and should be denied on this basis.

them and, he believed (obviously incorrectly) that the location would not be a matter of great controversy to Plaintiffs' counsel, especially since Plaintiffs' counsel had no office in Washington. (Id.) Without prior notification/consultation, Mr. Garofolo noticed Mr. Balhoff's deposition for the Esquire reporting service's office, presumably either in an attempt to bait Mr. Braden into a silly and unproductive fight and/or under the assumption that the location of deposition on the notice would escape his attention.

On Friday, March 2nd, Mr. Braden sent Mr. Garofolo an email reminding him Garofolo that they had previously agreed to conduct Mr. Balhoff's deposition at Mr. Braden's firm's Washington D.C. office.[4] (Braden Afft., Exh. A.) Mr. Garofolo sent a reply denying the agreement, saying it would be at the noticed location, period. (Doc. 535, exh. 23.) Mr. Braden then sent an email at 8:42 pm on Monday, March 5th, stating "As I said Joe, I need to be at my office for other reasons and I have heard absolutely no reason why that need cannot be accommodated aside from your apparent need to 'win.' " (Exh. A, attached email.)[5]

Receiving no response, Mr. Braden drafted a motion for a protective order. (Braden Afft., Exh. A.) Mr. Braden sent a copy of the drafted motion by email before the scheduled start of the deposition, assuming Mr. Garofolo would come to his senses, drop

---

[4] On the February 28, the day of Mr. Heald's deposition, Plaintiffs took the depositions of Mr. Hommel and the GCSI 30(b)(6) witness at the offices of McDermott, Will & Emery in Chicago. Despite the obvious convenience of taking Mr. Heald's deposition at that firm's offices and despite abundant available space, and despite Defense counsel's request to do so, Mr. Garofolo insisted on taking Mr. Heald's deposition in an entirely different location than every other deposition that was occurring contemporaneously in Chicago, for no apparent reason, many blocks away with none of the amenities (telephone, internet access, etc.) available at McDermott, Will & Emery. (Braden Afft., Exh. A.)

[5] Mr. Braden needed to be in his firm's office for other business (which he was willing, and would have been able, to conduct during breaks, including any lunch break, and before or after the deposition). Indeed, Plaintiffs' depositions had typically been conducted on a leisurely pace with numerous breaks.

- 5 -

his confrontational attitude and accommodate Mr. Braden's need to be at his Washington

D.C. office.  (Id.)

Mr. Garofolo did not respond to either email until 10:32 a.m. the morning on

March 6, 2007, about an hour and a half after the deposition was to commence, and for

the first time suggested that he needed the ability to print documents in the event that

Defendants produced Mr. Balhoff's documents on a CD.  (Doc. 535, Exh. 27.) (Of course,

defendants had already shipped a complete production of the Balhoff documents - over

10,000 pages - to Mr. Garofolo.)  Mr. Garofolo concluded his email with an ultimatum "I

will remain at Esquire until 11:00 a.m." (28 minutes after the email was sent).  (Id.)  Mr.

Braden promptly replied that "[y]our belatedly express need for printing facilities can be

accommodated here.  You have also previously received hard copies of all Balhoff

documents." (Braden Afft., Exh. A.).

Mr. Garofolo refused to come to the Alston & Bird office, a mere seven or eight

blocks away.  Mr. Braden was then forced to file a motion for protective order in the

federal court in Washington, D.C.

In sum, despite the fact that Mr. Braden had demonstrated his need to have the

deposition occur at his office a few blocks from Mr. Garofolo's preferred location,

despite the fact that Mr. Braden had accommodated Mr. Garofolo's request to take the

deposition out of time, and despite the fact that Mr. Garofolo offered no reasonable

explanation whatsoever for refusing this simple accommodation, he chose to make this

his own personal war and to burden the Court with all of his petty grievances, grievances

that Defendants have with the conduct of Plaintiffs' counsel in multiples.

**II.      Plaintiffs Are Not Entitled to Relief, Due to Their Own Discovery Abuses.**

Heretofore, Defendants exercised restraint and have not burdened the Court with demands for sanctions for Plaintiffs' counsel's conduct, but had Defendants known Plaintiffs were preparing to file a motion to burden the Court with every petty grievance they think they have, Defendants would have brought these to the attention of the Court as well, so that the Court's determination would be based on a complete and accurate record.

For example, Plaintiffs seem to argue that the expert document production for Balhoff and Heald was untimely and deficient (as if that in any way bears upon the unprofessional decision to refuse to abide by the original agreement for the office building that would serve as the location for Mr. Balhoff's deposition). That is simply false. The record reflects that Defendants' two experts produced over 18,000 pages in response to their subpoenas, while Plaintiffs' three experts produced in advance of their depositions less than two thousand pages,[6] and none of the experts produced their draft reports pursuant to their subpoenas and, in Womack's case, not even until his deposition. (Braden Afft., Exh. A, attaching Letter from Braden to Garofolo on February 19, 2007.) Mr. Clawson did not timely respond to numerous requests regarding his inadequate expert disclosures which failed to list the courts for the actions in which he previously served as an expert. (Exh. B.) Further, he produced exactly *two* of his previous expert reports from other actions even though his disclosures list some dozen or so actions. Finally, on February 21, 2007, just three days before his deposition, he amended his expert disclosures to include a host of documents he claims to have reviewed but failed to

---

[6] Mr. Garofolo produced draft reports for some of the experts, and produced most of the documents relating to the Plaintiffs' experts. As a courtesy, Defense counsel did not demand duplicates from the experts. It did not constitute permission to withhold documents that were not duplicates of Garofolo's production.

disclose when he filed his report *almost three months before*.  Further, Mr. Clawson

produced a supplemental report *after* his deposition, purporting to opine on an issue he

admitted in his deposition that he did not have an opinion about,[7] thus preventing

Defendants from inquiring into the bases of the opinions in his deposition, all the while

Plaintiffs counsel complain loudly about the *complete* production by Defendants' experts

     As to the timeliness of Defendants' expert production,[8] due to the parties'

agreement and the Court's Order directing Defendants to produce the experts'

documents, Defendants directed the experts to send their files to a copy vendor and have

everything sent to Defendants' counsel who could then comply with the Order and

produce the documents.  Defendants did so, and produced all of the experts' documents

to Plaintiffs with ample time for them to review them well prior to the scheduled

depositions.  The only exception to this, and it is an exceedingly minor exception, is Mr.

Heald.  Defendants received additional documents from Mr. Heald on February 22nd,

and in accordance with their duties to timely supplement the production, ***immediately***

scanned the documents and sent the PDFs to Plaintiffs' counsel via email.  Mr. Braden's

associate, Ms. Pridgen, also left hard copies of these documents in Mr. Braden's office

prior to the Clawson deposition on February 24th but unfortunately, because Mr. Braden

had been out of town for several days, the papers were not readily found by Mr. Braden

amongst the copious amounts of unopened mail and other paperwork left for him.

---

[7] Defendants incorporate herein by reference all arguments made in Doc. No. 551.

[8] Plaintiffs' counsel specifically directed Defendants' paralegal to send the experts' documents via UPS ground, rather than UPS overnight/air, and therefore cannot now complain that the documents arrived late. (Exh. A, attaching email/UPS tracking information.)  These documents were placed with UPS for delivery on February 14 & 16, 2007, within ten (10) business days of the Defendants' expert report disclosures.  It is beyond cavil that service is completed upon mailing, or upon conveyance to the agency making the delivery, not receipt by the served party. Fed. R. Civ. P. 5(b). The production was thus timely under the Rules, and Plaintiffs' argument to the contrary is completely meritless.

Further, Mr. Garofolo's demand for Mr. Heald's draft reports caused Mr. Braden to

misunderstand what it was he was looking for, as Mr. Braden was aware that Mr. Heald

had not been able to locate draft reports on his computer system. After Mr. Heald's

drafts were located, Defendants' counsel saved them to a CD and produced them at Mr.

Heald's deposition. In stark contrast, Defendants still do not know whether they have

received a complete production of Plaintiffs' expert documents, as addition documents

were produced at the depositions and promised to be produced *after* the depositions by

Plaintiffs' counsel. (Womack Depo., pp. 63-64.)[9]

Consistent with Defendants' understanding that documents within the possession

of the attorney are not within the possession, custody or control of the expert,[10]

Defendants served subpoenas upon the Plaintiffs' law firms in the case in order to

discovery the documents within their possession. Of course, these documents are not

subject to any privilege. Two of Plaintiffs' counsel[11] completely refused to comply with

their subpoenas, and Defense counsel went to great lengths to avoid having to file a

motion to compel their compliance with the subpoenas, including undertaking several

hours of good-faith conferences. Those good-faith efforts were rewarded by Plaintiffs'

---

[9] MR. BRADEN: Mike, before we go any further, let me just, for the record,note that in response to the subpoenas that were issued to Mr. Kirkpatrick and Mr. Benton, it was represented to us that Mr. Womack's production included everything that they, Mr. Benton and Mr. Kirkpatrick had. That now no longer appears to be the case. And I understand that you will provide us with those documents, Tom?
MR. BENTON: I'll provide you with the email. To the extent it's not included in his, we'll provide it.
MR. BRADEN: And that applies to all documents that you have that are not included in this production?
MR. BENTON: Yeah, although as I look at the stack, it's not eight inches. It's more like a foot. It will require me to go through it. But, yes, I will.
(Womack Depo., pp. 63-64.)

[10] Plaintiffs are also now asserting, conspicuously without citing any case law supporting their assertion, that defense *counsel* is somehow under the control of their expert witnesses, which *counsel engaged*. Defendants have found no support for that proposition, as apparently none exists.

[11] Of the three Plaintiffs' counsel, only Mr. Garofolo complied with his subpoena.

- 9 -

experts Womack failing to produce a significant number of documents until his deposition, including there were drafts and notes that were never produced in response to our subpoenas to him or Plaintiffs' lawyers. (Womack Depo. pp. 63-64.) Although some drafts of Plaintiffs' expert reports were included within Mr. Garofolo's production, *none* of the expert witnesses' productions included their drafts, suggesting that documents may have been withheld. Because Mr. Benton and Mr. Kirkpatrick refused to comply with their subpoenas, Defendants have no way of knowing if drafts of the Plaintiffs' experts' reports were exchanged between the experts and the either of the other two Plaintiffs' counsel. Thus, there remains the possibility that Defense counsel was impaired in their ability to question Plaintiffs' experts at their depositions (more than by their refusal to produce documents until the actual depositions) regarding the stages of their draft reports, facts conveniently left out of the instant motion.

Plaintiffs' counsel would apparently have this Court believe that they have somehow been discovery "boy scouts" throughout this litigation. That is also false. Some of Plaintiffs' counsel's more notable discovery abuses include:

- Plaintiffs objected to each and every interrogatory and request for production served by the ESOP Trustees in December and answered exactly none.

- Plaintiffs denied each and every request for admissions served by GulfTel Defendants, despite the fact that several of them were lifted *directly* from Plaintiffs' own deposition testimony.

- Plaintiffs responded and objected to several defendants' discovery requests on the basis that the information/documents sought were protected by the attorney-client privilege. The only privilege log they ever produced covered only a narrow

category of communications that were sought after Eslava's deposition and did

not contain the information required by the local rules. (Exh. C). Because

Defendants' discovery requests were much broader than just emails between

counsel and named Plaintiffs, it appears that Plaintiffs may have withheld

privileged documents without bothering to inform Defendants of their existence,

and therefore, Defendants have not been able to evaluate/challenge the privilege.

- Virtually every one of the Plaintiff's eleventh-hour discovery motions filed after

  the close of business on Friday, March 2, 2007 were filed with the requisite good-

  faith attempt to confer with opposing counsel. Most were premised only upon a

  vague demand letter sent late in the afternoon, which provided no one the ability

  to confer or comply with the request before the threatened motions were filed.

- Last summer Plaintiffs filed several patently baseless motions to quash

  depositions for persons who were not even their clients, without any attempt to

  confer in good faith and without standing to bring the motions, and Defendants

  were required to respond to them.

- Plaintiffs' counsel agreed to withdraw the motion to compel against NorthStar

  and Hommel, reneged on the deal, and then filed a motion for sanctions when

  Hommel produced documents that were not covered by the motion to compel.

- Plaintiffs' counsel misrepresented John Hommel's deposition testimony to

  counsel for David Ackerman in an effort to coerce the production of documents

  pursuant to a contested subpoena.

- Plaintiffs' counsel recently filed a motion for leave to file a clearly privileged/

  work-product protected email between lead counsel and his associate, for the sole

purpose of attempting to embarrass counsel, under the guise of "support" for a

motion to compel production of documents that has nothing to do with the subject

of the email.

- Plaintiffs' counsel's deposition behavior has also been dreadful  First, Mr. Benton

  and Mr. Kirkpatrick have been late to virtually every deposition they noticed,

  putting Mr. Garofolo's whining about the starting time of Mr. Heald's deposition

  into perspective.  (Doc. 535, p. 7.)  Further, Mr. Garofolo's incessant and loudly-

  interposed objections while defending his expert, Mr. Clawson, got so ridiculous

  that even Mr. Clawson, Plaintiffs' own witness, felt the need to comment about

  Mr. Garofolo's objections on the record.  (Clawson Depo., pp. 219.)[12]  Indeed, he

  often interrupted his own witness (e.g., Mr. Ruud) in his haste to make loud

  frivolous objections.

In sum, Plaintiffs have failed to act in good faith throughout the discovery phase

of this litigation.  They are not entitled to file a motion alleging misbehavior on the part

of defense counsel, and conveniently leave out their own discovery shortcomings.  The

remedy of precluding defendants' valuation expert from testifying for the petty discovery

---

[12] Q. And is that why DiGiPH gave back its band width?
MR. GAROFOLO: Object to form.
BY MR. BRADEN: Q. Because of the financial difficulties it was having?
MR. GAROFOLO: Object to form.
A. Or it simply assessed that it was not -- they had the opportunity to do it and it was an area
that they just decided that it was more advantageous for them to take it back.
BY MR. BRADEN: Q. But you don't know?
A. The internal decision, no.
Q. All right. So just so we're clear on the record, you don't know why DiGiPH gave back its band width?
A. No, I do not.
Q. And I take it you never asked?
A. I'm not sure how I would have asked.
Q. You could have asked your counsel. All right, sir.
*A. He would have objected to my question.*
MR. WALTHALL: I can assure you of that.
(Clawson Depo., p. 219, emphasis added.)

- 12 -

dispute related to the location of a deposition is not only unsupported by the record, but is

unsupported by the case law as well.  See, e.g., Wouters v. Martin County, Fla., 9 F.3d

924, 934 (11th Cir. 1993) (severe sanctions require showing of "willfully contemptuous

conduct" and "willful or bad faith disregard for [discovery] orders"; appellate court will

find district court "abuse[d] [its] discretion if less drastic sanctions would suffice");

Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) (drastic sanctions

only appropriate when there is "willful or bad faith failure to obey a discovery *order*")

(emphasis added); .

Finally, the most telling indication of what may have motivated this instant

motion is that Plaintiffs have refused Defendants' offer to reset Mr. Balhoff's deposition.

(Exh. A, attaching email.)  Instead, Plaintiffs are insisting on precluding Mr. Balhoff's

testimony.  Defendants and the Court are left to wonder (but not much) whether this

motion was motivated out of a desire to avoid having to address the dispositive impact of

Mr. Balhoff's valuation report on Plaintiffs' claims.

For the reasons stated above, the Court should deny Plaintiffs' motion and award

Defendants their costs for having to respond.  If the Court is not inclined to deny the

motion, the only relief to which Plaintiffs would even arguably be entitled is for the Court

to allow the deposition of Mr. Balhoff to go forward at a mutually-convenient time and

location.

Respectfully submitted,

/s/ Gregory C. Braden
Gregory C. Braden (Ga. Bar No. 074367)
Alston + Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

- 13 -

(404) 881-7777 facsimile
Email: gbraden@alston.com

*Attorney for Defendants Gulf Telephone
Company, Inc., Gulf Coast Services, Inc., Gulf
Telephone Company Administrative Committee,
Gulf Telephone ESOP Plan Administrator,
Escrow Committee, Dale Younce, Robert
Younce, Woodward Setzer, Harold Killian,
Willard Mitchem, Sandra Bixler, Jo Gould
Smith, Madison River Telephone Company,
LLC, Donald Roberton, Kenneth Amburn,
Stephen Vanderwoude, Paul Sunu, Randy Wood,
Millry Management Corporation, Paul Brown,
and Gulf Merger Corporation.*

- 14 -

## CERTIFICATE OF SERVICE

I do hereby certify that on this 2nd day of April, 2007 that I filed the foregoing electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Donald J. Aho | daho@millermartin.com, dmason@millermartin.com, rwomack@millermartin.com |
| Jenny C. Baker | jbaker@mwe.com |
| Thomas H. Benton, Jr. | tbenton@mlrlawyers.com, dmoye@mlrlawyers.com |
| Scott A. Boykin | sboykin@burr.com, lparker@burr.com |
| Lee H. Copeland | copeland@copelandfranco.com |
| Christopher A. Crevasse | ccrevasse@millermartin.com, mstratton@millermartin.com |
| Joseph A. Garofolo | erisalaw@sbcglobal.net |
| Michael T. Graham | mgraham@mwe.com |
| William H. Hardie | whh@johnstoneadams.com, service@johnstoneadams.com |
| Shannon L. Holliday | holliday@copelandfranco.com, smith@copelandfranco.com |
| R. Mark Kirkpatrick | mkirkpatrick@cdklaw.com, amullins@cdklaw.com, jcalton@cdklaw.com |
| Joseph W. Letzer | jletzer@burr.com, cdyer@burr.com |
| Paul F. Linn | pflinn@mbf-law.com, amgelhaus@mbf-law.com, aekeller@mbf-law.com |
| James D. Martin | martin@copelandfranco.com, moseley@copelandfranco.com |
| Emit L. McCafferty, III | mmccafferty@vickersriis.com, cmiller@vickersriis.com |
| John C. Morrow | jmorrow@burr.com, tmoore@burr.com |

| Donald F. Pierce | dpierce@pierceledyard.com, dvanek@butlerpappas.com |
| John Chas. Pierce | jpierce@butlerpappas.com, bedwards@butlerpappas.com |
| Michael D. Strasavich | mds@bowronlatta.com, kmr@bowronlatta.com |
| M. Mort Swaim | swaimlaw@gulftel.com |
| Howard P. Walthall, Jr. | hpwaltha@burr.com, mwalker@burr.com |
| H. William Wasden esm@bowronlatta.com | hww@bowronlatta.com, kbm@bowronlatta.com, |
| Michael A. Youngpeter | may@olennicholas.com |

<u>Gregory C. Braden, Esq.</u>
Gregory C. Braden (Ga. Bar No. 074367)

LEGAL02/30313601v1

# EXHIBIT  A

ADMIN/20082579v1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID ESLAVA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-297-KD-B |
| | ) | |
| GULF TELEPHONE COMPANY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF GREGORY C. BRADEN

Gregory C. Braden, first duly sworn, deposes and states:

1.      My name is Gregory C. Braden.  I have personal knowledge of the facts set forth herein, except as specifically stated.   I am over the age of eighteen (18) and am otherwise competent to make this Affidavit.

2.      I am an attorney licensed to practice in the State of Georgia and am a partner in the law firm of Alston & Bird LLP, in Atlanta, Georgia.  I have practiced law exclusively in the area of ERISA litigation and employee benefits for over 24 years.  I am lead counsel for the Gulf Telephone Defendants in this action.  I have associates in my practice group that are assisting in the defense of this action, including Peter Varney and Nancy Pridgen.

3.      I communicated with Plaintiffs' counsel on a number of occasions by email and by telephone concerning the scheduling of numerous depositions shortly before the discovery cutoff in this case.  Plaintiffs' counsel repeatedly requested to take several depositions after the discovery cutoff.  (Attached hereto as Exhibit 1 are email exchanges

to that effect.)  Defendants permitted only one such accommodation, in the form of agreement to make Mr. Balhoff, Defendants' valuation expert available after the discovery cutoff.  In all conversations with Plaintiffs' counsel, I made it clear that our accommodation was contingent on completing all other depositions before the discovery cutoff, and that Defendants would not agree to any other depositions after the cutoff.

4.     While Defendants were reluctant to agree to an out of time deposition they ultimately agreed as an accommodation that was contingent on scheduling all other depositions the Plaintiffs desired before the discovery cutoff.  (Attached hereto as Exhibit 2 are email exchanges to that effect.)  While my email dated February 13, 2007 stated that Balhoff's out-of-time deposition was contingent upon agreement regarding scheduling of Mr. Sunu's and the 30(b)(6) witness' depositions, as of that date, we had been able to reach agreement on substantially all other scheduling issues, and those were the only notable ones remaining left to be agreed-upon.

5.     In my initial discussion with Plaintiffs' counsel about the expert depositions of Balhoff and Clawson, I made it clear that Mr. Balhoff was going to be made available for his deposition at the Washington, D.C. office of Alston & Bird LLP.  I did not memorialize that conversation in an email because it is standard practice to make a party's expert witness available at the party's counsel's office, and I did not believe the location was going to be a matter of great controversy to Plaintiffs' counsel.

6.     Attached hereto as exhibit 3 are email exchanges between me and Mr. Garofolo discussing the location of Mr. Balhoff's March 6, 2007 deposition.

7.     I had other business I had to accomplish in my D.C. office on Tuesday, March 6, 2007, and that other business was something I could have conducted during breaks in the deposition, over the lunch break, and before and after the deposition if need be.

8.     A motion for protective order was drafted to be filed in the federal court in Washington, but I did not direct it to be filed on Monday because I was still hoping Mr. Garofolo would make the rational choice to accommodate my reasonable request to be at my D.C. office on Tuesday.  I sent the draft to Mr. Garofolo on Tuesday morning before the deposition was set to commence in hopes that he would realize how unreasonable he was being.  When Mr. Garofolo refused, I was forced to file the motion.

9.     Attached hereto as Exhibit 4 is a true and correct copy of a letter I sent to Mr. Garofolo on February 19, 2007.  Defendants produced to Mr. Garofolo over 18,000 pages of documents from Defendants' experts pursuant to Mr. Garofolo's delivery instructions. Mr. Garofolo received all of these documents well before the scheduled depositions.

10.     Attached hereto as Exhibit 5 is a true and correct copy of an email I sent on February 15, 2007 confirming Plaintiffs' counsel's instructions to send the experts' document production to Mr. Garofolo via UPS ground, as well as printouts from the UPS tracking system showing that the documents were sent in two shipments, on February 14 & 16, 2007 respectively.

11.     Following the deposition of Mr. Clawson, which was conducted at the offices of Defendants' counsel at Mr. Clawson's request and for his convenience, Mr. Garofolo confronted me demanding documents he claimed my associate Nancy Pridgen had left with me for him to pick up.  The documents consisted of additional documents we had recently received from Mr. Heald that had previously been sent to Mr. Garofolo

- 3 -

electronically by Ms. Pridgen. However, Mr. Garofolo represented that he had been promised by Ms. Pridgen that Mr. Heald would produce his draft reports. I knew that was not true because Mr. Heald had not retained his drafts.

12.     I had been out of town the preceding week, my office was inundated with unopened mail, and I was unable to find any documents left by Ms. Pridgen and indicated to Mr. Garofolo that Mr. Heald had not retained any draft reports. Mr. Garofolo insisted on the production of draft reports in the possession of Defendants' counsel and I responded that I had received no subpoena from Plaintiffs' counsel for such documents, but, if such a subpoena was issued, we would respond. Mr. Garofolo began shouting and I ended the discussion. No subpoena or other request was subsequently served requesting counsel's documents, nevertheless, the CD that I delivered to Mr. Garofolo at Mr. Heald's deposition contained his draft reports.

13.     While Mr. Garofolo was usually punctual for the few depositions he noticed and took, Mr. Benton and Mr. Kirkpatrick were late to virtually every deposition they noticed and took.

14.     Attached hereto as Exhibit 6 is a true and correct copy of an email I sent to Plaintiffs' counsel on March 30, 2007 offering to resolve the matter regarding Balhoff's deposition. Plaintiffs have failed to respond.

- 4 -

FURTHER AFFIANT SAYETH NOT.


4/2/07
_____
Date

_____
Gregory C. Braden


SWORN to and subscribed before me,
this _2nd_ day of April, 2007.

_____
Notary Public for NEWTON COUNTY

- 5 -

# EXHIBIT  1

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:22 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: RE: Eslava Expert Depostion of B. Ruud |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Tuesday, February 06, 2007 2:42 PM
**To:** Joseph Garofolo
**Subject:** RE: RE: Eslava Expert Depostion of B. Ruud

Works for me.  thx.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, February 06, 2007 2:33 PM
**To:** Braden, Greg
**Cc:** Mark Kirkpatrick; Tom Benton
**Subject:** RE: RE: Eslava Expert Depostion of B. Ruud

He may be traveling, but I will confirm and get back to you.  If he is not, I would want to do it on
Saturday, the 24th.

3/26/2007

*"Braden, Greg" <Greg.Braden@alston.com>* wrote:

> What about the 24th or 25th?
>
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com
>
> _____
>
> **From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
> **Sent:** Tuesday, February 06, 2007 1:53 PM
> **To:** Braden, Greg
> **Cc:** Mark Kirkpatrick; Tom Benton
> **Subject:** RE: RE: Eslava Expert Deposition of B. Ruud
>
> Dear Greg:
>
> Mr. Clawson is out of town the 13-20 and unavailable the 23. I am unavailable on the 12. I understand that you will be defending depositions on the 21 and 22.
>
> Do you want to propose February 28, March 1, or March 2 knowing that depositions of other Defendants are scheduled that day? I can then confirm with Mr. Clawson, but expect that he wil still be available.
>
> Regards,
>
> Joe
>
> Joseph A. Garofolo, Esq.
> Law Office of Joseph A. Garofolo
> 2125 Oak Grove Road, Suite 110
> Walnut Creek, CA 94598
> Telephone: (925) 926-0524
> Fax: (925) 926-0521
>
>
> *"Braden, Greg" <Greg.Braden@alston.com>* wrote:
>
>> Joe, after conferring with co-counsel, we cannot do the clawson depo after the discovery cutoff. Please send me his available dates in February.   Thanks.
>>
>> Gregory C. Braden
>> Alston & Bird
>> 1201 West Peachtree St.
>> Atlanta, Georgia 30309

3/26/2007

(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 05, 2007 1:48 PM
**To:** Braden, Greg
**Subject:** Fwd: RE: Eslava Expert Depostion of B. Ruud

Greg, below is an email I sent to you regarding the Clawson deposition. Mr. Clawson is not available on the 15th. Plaintiffs are willing to stipulate to his deposition after the discovery cut-off the week of March 5.

*Joseph Garofolo <erisalaw@sbcglobal.net>* wrote:

> Date: Fri, 2 Feb 2007 12:37:38 -0800 (PST)
> From: Joseph Garofolo <erisalaw@sbcglobal.net>
> Subject: RE: Eslava Expert Depostion of B. Ruud
> To: "Braden, Greg" <Greg.Braden@alston.com>
> CC: Nancy Pridgen <nancy.pridgen@alston.com>,
> Tom Benton <tbenton@mlrlawyers.com>,
> Mark Kirkpatrick <mkirkpatrick@cdklaw.com>
>
> Dear Greg:
>
> I am coordinating the deposition of Mr. Clawson and Tom Benton is coordinating for Mr. Womack. Mr. Clawson is not available the 13-20 or the 23rd of February.
>
> Considering the number of depositions scheduled for the week of the 26 extending to March 1-2, Plaintiffs are willing stipulate to permit Mr. Clawson to be deposed after the discovery cut-off, the week of March 5. Mr. Clawson is available March 5-9. Please let me know.
>
> Best regards,
>
> Joe
>
> Joseph A. Garofolo, Esq.
> Law Office of Joseph A. Garofolo
> 2125 Oak Grove Road, Suite 110
> Walnut Creek, CA 94598
> Telephone: (925) 926-0524
> Fax: (925) 926-0521
>
> *"Braden, Greg" <Greg.Braden@alston.com>* wrote:
>
>> Ps-- I am issuing subpoenas for Womack in Birmingham and Clawson in DC the 14th and 15th respectively. I am willing to discuss other possible dates but

we need to get these on the books with time running out.  Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Tuesday, January 30, 2007 3:24 PM
**To:** 'Joseph Garofolo'
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Joe, I got summary judgment so my trial is off that week.  I can do 2/28.  Pls
confirm his availability.  Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Wednesday, January 24, 2007 11:45 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Dear Greg:

Mr. Ruud may have availability on February 26-28.  The deposition will
have to be in Texas.  Do any of those days work for you?

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524

3/26/2007

Fax: (925) 926-0521

**"Braden, Greg"** *<Greg.Braden@alston.com>* wrote:

Joe, I understand that the court extended discovery only until 3/2.
Accordingly, we will need to get dates for Rudd in Feb.  If we have to
do a weekend, we will.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Wednesday, January 24, 2007 11:49 AM
**To:** 'Joseph Garofolo'
**Subject:** RE: Eslava Expert Depostion of B. Ruud

The 14th works for defense counsel.  Are you bringing him to Mobile?

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, January 23, 2007 7:01 PM
**To:** Braden, Greg
**Cc:** Tom Benton; Mark Kirkpatrick; Pridgen, Nancy
**Subject:** Eslava Expert Depostion of B. Ruud

Dear Greg:

The dates that work for a deposition for Mr. Ruud and myself are
February 26-28 and March 12-15.  Please let me know since Mr.
Ruud's schedule fills up quickly.  Thanks.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*
*************************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

---

3/26/2007

**************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

**************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

**************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

3/26/2007

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Tuesday, March 27, 2007 8:55 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Eslava Expert Depostion of B. Ruud |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Monday, February 05, 2007 2:45 PM
**To:** Joseph Garofolo
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Thanks for your message. Assuming we can find back to back dates for Clawson and Balhoff, that should be agreeable, subject to hearing from co counsel.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 – phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Friday, February 02, 2007 3:38 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud

Dear Greg:

I am coordinating the deposition of Mr. Clawson and Tom Benton is coordinating for Mr. Womack. Mr. Clawson is not available the 13-20 or the 23rd of February.

Considering the number of depositions scheduled for the week of the 26 extending to March 1-2, Plaintiffs are willing stipulate to permit Mr. Clawson to be deposed after the discovery cut-off, the week of March 5.  Mr.  Clawson is available March 5-9.  Please let me know.


Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> Ps-- I am issuing subpoenas for Womack in Birmingham and Clawson in DC the 14th and 15th respectively.  I am willing to discuss other possible dates but we need to get these on the books with time running out.  Thanks.
>
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com
>
>
> _____
>
> **From:** Braden, Greg
> **Sent:** Tuesday, January 30, 2007 3:24 PM
> **To:** 'Joseph Garofolo'
> **Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
> **Subject:** RE: Eslava Expert Depostion of B. Ruud
>
>
> Joe, I got summary judgment so my trial is off that week.  I can do 2/28.  Pls confirm his availability.  Thanks.
>
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax

gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Wednesday, January 24, 2007 11:45 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava Expert Depostion of B. Ruud


Dear Greg:

Mr. Ruud may have availability on February 26-28.  The deposition will have to be in Texas.  Do any of those days work for you?

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> Joe, I understand that the court extended discovery only until 3/2.  Accordingly, we will need to get dates for Rudd in Feb.  If we have to do a weekend, we will.
>
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Wednesday, January 24, 2007 11:49 AM
**To:** 'Joseph Garofolo'
**Subject:** RE: Eslava Expert Depostion of B. Ruud


The 14th works for defense counsel.  Are you bringing him to Mobile?

Gregory C. Braden

Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, January 23, 2007 7:01 PM
**To:** Braden, Greg
**Cc:** Tom Benton; Mark Kirkpatrick; Pridgen, Nancy
**Subject:** Eslava Expert Depostion of B. Ruud

Dear Greg:

The dates that work for a deposition for Mr. Ruud and myself are February 26-28 and March 12-15.  Please let me know since Mr. Ruud's schedule fills up quickly.  Thanks.

Best regards,

Joe


Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments.  Any tax advice contained in this communication (including any attachments) is not intended or written to be used,  and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

*******************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it

may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:27 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Correction of Prior Email re 30(b)(6) Depos |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Thursday, February 15, 2007 5:04 PM
**To:** Joseph Garofolo
**Subject:** RE: Correction of Prior Email re 30(b)(6) Depos

Joe, I'm sorry to report that we cannot agree to take Younce out of time.  There are at least 3 of you and only 2 will be occupied in Chicago on the 28th so I believe Younce can be done before the cutoff.  He has agreed to do it any time that week.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Thursday, February 15, 2007 2:32 PM
**To:** Braden, Greg
**Subject:** RE: Correction of Prior Email re 30(b)(6) Depos

Greg, considering the schedule the week of the 26 and the great efforts we have all made to work out the other depos, we would like to work out scheduling for Younce after the discovery cut-off in Foley. I understand that your co-counsel and clients have expressed a hesitation to do so, but considering that Younce was noticed well in advance for the 19th, this request is reasonable.  Please let me know.  Thanks.

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

I knew what you meant and it should work assuming we can get Younce cleared up.   Thanks.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Thursday, February 15, 2007 12:31 PM
**To:** Braden, Greg; Thomas H. Benton; Mike Strasavich
**Cc:** Mark Kirkpatrick
**Subject:** Correction of Prior Email re 30(b)(6) Depos

Dear Greg:

I would like to correct a statement in my prior email.  The Heald deposition will be noticed for February 28 in Chicago, not March 28.

Accordingly, the deposition scheduling would be GulfTel/GCSI 30(b)(6)s in Chicago at 2:00 P.M. on February 28 after the Hommel depo that begins at 9:00 A.M., the Heald deposition at 10:00 A.M. on February 28 in Chicago, and the Balhoff deposition on March 6 in Washington, D.C. Please confirm the above and that you will accept electronic service for Mr. Heald and Mr. Balhoff.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Gentlemen, I regret to report that we cant make the 20th work in Foley.  We can make the Gulf/ GCSI 30b6 available in Chicago or Foley any time the week of the 26th.  Let me know.  Thanks

Gregory C. Braden

Alston & Bird

1201 West Peachtree St.

Atlanta, Georgia 30309

(404) 881-7497 - phone

(404) 831-0041 - cell

(404) 881-7777 - fax

gbraden@alston.com

**From:** Thomas H. Benton [mailto:tbenton@mlrlawyers.com]
**Sent:** Wednesday, February 14, 2007 5:52 PM
**To:** 'Mike Strasavich'
**Cc:** JOE GAROFOLO; Braden, Greg
**Subject:** Byrd Gates Depositions

Mike:

    I just got off the phone with Greg and we are trying to schedule the depositions of Gulftel and GCSI on the 20th in Foley. Can we do Byrd and Gates on the 21st?

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____

# EXHIBIT  2

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:30 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Letter to Garofolo 2/19/07 |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Tuesday, February 20, 2007 7:48 PM
**To:** Joseph Garofolo
**Cc:** Mike Strasavich; hpwaltha@burr.com; .ALC.Letzer, Joseph; HWW@bowronlatta.com; Wagoner, Kerry Ann; Tom Benton; Mark Kirkpatrick; Walthall, Howard; Matt Springer
**Subject:** RE: Letter to Garofolo 2/19/07

Joe, I note you filed a motion. Per my conversation with Tom today, if you elect to proceed with the motion our agreement to make Balhoff available after the discovery cutoff, which was contingent on reaching agreement on scheduling all of the depositions (agreement we had reached), is abrogated. In that event Balhoff will be made available in DC before the cutoff and we will oppose any attempt to depose Heald after the deadline. In view of Magistrate Bivins' reaction to the joint attempt to extend discovery, you would be well served to reconsider. Let me know how you would like to proceed.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, February 19, 2007 9:09 PM
**To:** Braden, Greg

11

**Cc:** Mike Strasavich; hpwaltha@burr.com; .ALC.Letzer, Joseph; HWW@bowronlatta.com; Braden, Greg; Wagoner, Kerry Ann; Tom Benton; Mark Kirkpatrick
**Subject:** Re: Letter to Garofolo 2/19/07


Dear Greg:

It suffices to say that I strongly disagree with the content of your letter dated February 19, 2007. Thus, I will be filing a motion for leave to depose Mr. Heald after the discovery cut-off.

Further, if you will not agree to produce the documents commanded by the Court's Order for Mr. Heald by the close of business on Thursday, February 22, 2007, I will have no choice but to file a motion to compel compliance with the Court's Order. Please let me know as soon as possible if you will agree to produce such documents by Thursday.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*


**"Wagoner, Kerry Ann" <KerryAnn.Wagoner@alston.com>** wrote:


<<Letter to Garofolo.pdf>>
*Kerry Ann Wagoner*
*Legal Secretary to*
*Gregory C. Braden and John B. Shannon*
*Alston & Bird LLP*
*One Atlantic Center*
*1201 West Peachtree Street*
*Atlanta, Georgia 30309-3424*
*404-881-7498*
*www.alston.com*


*********************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:27 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Correction of Prior Email re 30(b)(6) Depos |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Friday, February 16, 2007 10:13 PM
**To:** Joseph Garofolo
**Subject:** RE: Correction of Prior Email re 30(b)(6) Depos

Joe, this is the only outstanding issue to my knowledge. Can we wrap this up? Our agreement on the others is contingent on not needing to seek court intervention. I think you know that Judge Bivins will not appreciate having to address a demand that a former employee cancel his vacation with his daughter for the convenience of counsel.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Thursday, February 15, 2007 5:04 PM
**To:** 'Joseph Garofolo'
**Subject:** RE: Correction of Prior Email re 30(b)(6) Depos

Joe, I'm sorry to report that we cannot agree to take Younce out of time.  There are at least 3 of you and only 2 will be occupied in Chicago on the 28th so I believe Younce can be done before the cutoff.  He has agreed to do it any time that week.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Thursday, February 15, 2007 2:32 PM
**To:** Braden, Greg
**Subject:** RE: Correction of Prior Email re 30(b)(6) Depos


Greg, considering the schedule the week of the 26 and the great efforts we have all made to work out the other depos, we would like to work out scheduling for Younce after the discovery cut-off in Foley. I understand that your co-counsel and clients have expressed a hesitation to do so, but considering that Younce was noticed well in advance for the 19th, this request is reasonable.  Please let me know.  Thanks.

**_"Braden, Greg" <Greg.Braden@alston.com>_** wrote:

  I knew what you meant and it should work assuming we can get Younce cleared up.   Thanks.

  Gregory C. Braden
  Alston & Bird
  1201 West Peachtree St.
  Atlanta, Georgia 30309
  (404) 881-7497 - phone
  (404) 831-0041 - cell
  (404) 881-7777 - fax
  gbraden@alston.com


  _____

  **From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
  **Sent:** Thursday, February 15, 2007 12:31 PM
  **To:** Braden, Greg; Thomas H. Benton; Mike Strasavich
  **Cc:** Mark Kirkpatrick
  **Subject:** Correction of Prior Email re 30(b)(6) Depos


  Dear Greg:

I would like to correct a statement in my prior email.  The Heald deposition will be noticed for February 28 in Chicago, not March 28.

Accordingly, the deposition scheduling would be GulfTel/GCSI 30(b)(6)s in Chicago at 2:00 P.M. on February 28 after the Hommel depo that begins at 9:00 A.M., the Heald deposition at 10:00 A.M. on February 28 in Chicago, and the Balhoff deposition on March 6 in Washington, D.C. Please confirm the above and that you will accept electronic service for Mr. Heald and Mr. Balhoff.

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521


**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

Gentlemen, I regret to report that we cant make the 20th work in Foley.  We can make the Gulf/ GCSI 30b6 available in Chicago or Foley any time the week of the 26th.  Let me know.  Thanks
Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com


_____

**From:** Thomas H. Benton [mailto:tbenton@mlrlawyers.com]
**Sent:** Wednesday, February 14, 2007 5:52 PM
**To:** 'Mike Strasavich'
**Cc:** JOE GAROFOLO; Braden, Greg
**Subject:** Byrd Gates Depositions


Mike:
    I just got off the phone with Greg and we are trying to schedule the depositions of Gulftel and GCSI on the 20th in Foley. Can we do Byrd and Gates on the 21st?
*******************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

# EXHIBIT 3

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:35 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Balhoff depo |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Braden, Greg
**Sent:** Tuesday, March 06, 2007 10:48 AM
**To:** Joseph Garofolo
**Cc:** Mike Strasavich; hpwaltha@burr.com; HWW@bowronlatta.com; .ALC.Letzer, Joseph; Mark Kirkpatrick; Tom Benton
**Subject:** RE: Balhoff depo

Your belatedly expressed need for printing facilities can be accommodated here. You have also previously received hard copies of all Balhoff documents. Mr Balhoff will be here until 11am if you wish to depose him.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

_____

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, March 06, 2007 10:32 AM
**To:** Braden, Greg
**Cc:** Mike Strasavich; hpwaltha@burr.com; HWW@bowronlatta.com; .ALC.Letzer, Joseph; Mark Kirkpatrick; Tom Benton
**Subject:** RE: Balhoff depo

Dear Greg:

I have just discovered your emails this morning and continue to be amazed at your conduct.  You only offered to make Mr. Balhoff available in Washington, D.C. on March 28 which was the same day as Mr. Heald's deposition (which had been scheduled in advance).  You did not offer to make Mr. Balhoff available any other day and you stipulated to make him available on March 6.

There are several reasons why I want to proceed at this location as noticed.  You previously produced documents for Mr. Heald on a CD-ROM despite the fact that the deposition was in Chicago where Mr. Heald conducts his business.  At Esquire Deposition Services, I can print documents in the event you again produce electronic documents.   In addition, Plaintiffs' expert Mr. Clawson is attending and Esquire has internet access at the deposition.

I will remain at Esquire until 11:00 A.M.  Please let me know if you plan to attend and produce the witness as you have agreed to do and are required to do in good faith.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments.  Any tax advice contained in this communication (including any attachments) is not intended or written to be used,  and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

> <<Eslava - Motion for Protective Order.doc>> Here is the motion.
> Gregory C. Braden
> Alston & Bird
> 1201 West Peachtree St.
> Atlanta, Georgia 30309
> (404) 881-7497 - phone
> (404) 831-0041 - cell
> (404) 881-7777 - fax
> gbraden@alston.com

---

**From:**   Braden, Greg

3

**Sent:**    Tuesday, March 06, 2007 8:51 AM
**To:**    'Joseph Garofolo'
**Cc:**    Mike Strasavich; Howard P. Walthall (hpwaltha@burr.com); H. William Wasden Esq. (HWW@bowronlatta.com); .ALC.Letzer, Joseph
**Subject:**    Balhoff depo

Attached please find Defendants' motion for a protective order. I am surprised that you continue to refuse this simple accomodation that will result in no inconvenience to you. Per our prior communications, Mr Balhoff will be available in our offices today at 9am.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com
*******************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

_____

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:33 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

————————————

**From:** Braden, Greg
**Sent:** Monday, March 05, 2007 8:42 PM
**To:** Joseph Garofolo
**Cc:** hpwaltha@burr.com; Mike Strasavich; Matt Springer; Mark Kirkpatrick; Tom Benton
**Subject:** RE:

As I said Joe, I need to be at my office for other reasons and I have heard absolutely no reason why that need cannot be accommodated aside from your apparent need to "win".  As you know your court reporter will be happy to appear at my office and you will not get charged for a conference room by Esquire.  Why not just do the right thing and join Mr. Balhoff and I at 950 F Street?   We will be there at 9am.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

————————————

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Monday, March 05, 2007 11:24 AM
**To:** Braden, Greg
**Cc:** hpwaltha@burr.com; Mike Strasavich; Matt Springer; Mark Kirkpatrick; Tom Benton

**Subject:** RE:


Dear Greg:

Actually, you set the specific location for Mr. Ruud's deposition in Austin. I stated that Mr. Ruud would be made available in Austin and I did not object to the place where you set the deposition in Austin because you are entitled to notice the deposition at any specific location you want within 100 miles of his business or residence.

Despite receiving a subpoena, the first time you decided to bring this issue up was Friday. I do not understand why you think you are entitled to schedule the location of a deposition that I am taking. As long as the deposition is noticed within 100 miles of Mr. Balhoff's place of business or residence, there should be no issue for you.

The court reporter has been scheduled and the deposition will proceed as noticed. If you choose not to attend, it will be yet another example of unreasonable conduct on your part.

Regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*



**"Braden, Greg" <Greg.Braden@alston.com>** wrote:

If you wish to file a motion because I am making Balhoff available at my office instead of at Esquire Reporting Service a few blocks away that's your prerogative but I would speculate that the court will not be receptive to resolving a silly dispute over the location of an out of time deposition. I also remind you that you picked the location for Rudd's deposition in Austin. Balhoff will be at my DC offices Tuesday at 9am. I'll look forward to seeing you there

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309

(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Friday, March 02, 2007 4:52 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Mark Kirkpatrick; Tom Benton
**Subject:** Re:


Dear Greg:

That is simply false.  There was never any discussion that you would make him available only at
Alston & Bird either verbally or in writing.  You have received a subpoena and the deposition is to
proceed at the noticed location.  It is not your choice where to produce the witness.  If you will not
agree to do so, I will be forced to file a motion regarding this issue and include a request for
sanctions for your ongoing abuse of the discovery process and lack of good faith.

Please confirm by 6:00 P.M. Eastern today that Mr. Balhoff will be present at the noticed location
or I will file my motion and seek costs and sanctions.

Regards,

Joe

**"Braden, Greg" <Greg.Braden@alston.com> wrote:**

> On several occasions I have mentioned that MR Balhoff will be made available at the DC
> office of Alston + Bird. He will be available at 9 am at that office. He will not appear at Esquire
> reporting service. While this change will involve no inconvenience to you (if anything greater
> convenience given the superior facilities), there is significant inconvenience to me with your
> preferred location. Since you insisted on "your" location in chicago I just wanted to make it
> clear in advance that we will
> appear at my office.
>
> ***********************
> Sent via handheld Blackberry wireless.
> Gregory C. Braden
> Alston & Bird LLP
> 1201 W. Peachtree Street
> Atlanta, Georgia 30309-3424
> 404/881-7497
> 404/881-7777 - FAX
> gbraden@alston.com
>
> *********************************************************
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and
> other taxing authorities, we inform you that any tax advice contained in this communication

(including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

*******************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:32 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: Eslava: Continuing Refusal to Provide Heald Drafts and Other Documents |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---------

**From:** Braden, Greg
**Sent:** Sunday, February 25, 2007 2:08 PM
**To:** Joseph Garofolo
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** RE: Eslava: Continuing Refusal to Provide Heald Drafts and Other Documents

Joe, you have completely mischaracterized our discussion.  I said to you that if you wanted Alston & Bird to produce documents you needed to issue a subpoena for them.  I find it highly ironic that you are complaining loudly about not getting documents from our experts when we have produced almost 20,000 pages, over 10 times the number of documents produced by you and your experts in response to our subpoenas and we still have not received production of Womack drafts over a week after his deposition.  As established in the Clawson depo, we did not receive a complete production from him either and he "supplemented" his disclosures with information known to him for months just 2 days before his depo.

While you seem enamored with "on the record" debates over document production, I am not interested in wasting court reporter time or my clients' money with such exercises.  As you note in your email, we had a full discussion of these issues in my office after the depo.  Unlike your cocounsel, I will confer with Mr Heald and he will make drafts of his prior reports available at his deposition despite the absence of any obligation to do so.

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Saturday, February 24, 2007 9:01 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Tom Benton; Mark Kirkpatrick
**Subject:** Eslava: Continuing Refusal to Provide Heald Drafts and Other Documents

Dear Greg:

This email memorializes your statements to me that you would not produce drafts of Mr. Heald's expert reports that were exchanged between Mr. Heald and you (or other counsel acting on behalf of the Defendants). You asserted that the Court's Order does not compel production of such documents because your possession is not sufficient to place them within Mr. Heald's possession, custody, or control. I have previously informed you that this position is frivolous.

Today after the Clawson deposition, I attempted to discuss the production of Mr. Heald's drafts, notes, and additional court testimony on the record. You instructed the court reporter to go off the record and then you promptly exited the room when I would not go agree to have an off the record discussion. This combined with your failure to provide me with copies of documents that your colleague stated would be provided to me today yet again evidences your lack of good faith.

Regards,

Joe


Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

# EXHIBIT  4

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Gregory C. Braden                  Direct Dial: 404-831-7497          E-mail: greg.braden@alston.com

February 19, 2007

Joseph A. Garofolo
Attorney at Law
2125 Oak Grove Road
Suite 110
Walnut Creek, California  94598

> Re:    Eslava, et al. v. Gulf Telephone, et al.

Dear Joe:

This letter responds to your letter dated February 18, 2007 regarding production of documents for Mr. Heald.

First, I refer you to Fed. R. Civ. P. 6(a) regarding the computation of time. As you noted, production of the documents responsive to the subpoena was required to be made ten (10) days after the expert reports. Rule 6(a) notes that the day of the event from which the designated period of time begins to run "shall not be included." Further, Rule 6(a) provides that when the period of time "is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded." Finally, Rule 6(e) provides for three additional days for service/ mailing. Thus, the production of the experts' documents is and was timely within both the letter and spirit of the Rules.

Second, a cursory comparison of the productions by yours and our experts indicates that yours produced virtually nothing. For example, Mr. Womack produced 1,550 pages (with an additional 10 pages from you) while Mr. Heald produced 6,200 pages of documents. Between you and your valuation expert, Clawson, you produced a total of approximately 300 pages. Our valuation expert produced over 12,000 pages. So, I find it ironic that you complain about the adequacy of our experts' production.

Bank of America Plaza                90 Park Avenue          3201 Beechleaf Court, Suite 600    601 Pennsylvania Avenue, N.W.
101 South Tryon Street, Suite 4000    New York, NY 10016              Raleigh, NC 27604-1062          North Building, 10th Floor
Charlotte, NC 28280-4000            212-210-9400                  919-862-2200              Washington, DC 20004-2601
704-444-1000                    Fax: 212-210-9444              Fax: 919-862-2260                  202-756-3300
Fax: 704-444-1111                                                                          Fax: 202-756-3333

Joseph A. Garofolo
Attorney at Law
February 19, 2007
Page 2

Third, as to draft reports, in view of the fact that none of the productions from any of plaintiffs' expert witnesses included drafts of any reports exchanged between the experts and plaintiffs' counsel, defense counsel understood that plaintiffs' counsel interpreted the subpoena language to mean draft reports were not called for. Indeed, Womack's tardy document production Saturday confirms that numerous documents were withheld from the original production. If that is not your interpretation, your expert witnesses need to produce their draft reports and other documents withheld forthwith – as not only has the time for production pursuant to their subpoenas come and gone many weeks ago, but depositions of plaintiffs' experts has already begun. Unless and until your experts' draft reports are produced, defense counsel will presume your interpretation of the subpoena does not so require. The court would undoubtedly be quite interested in knowing that you interpreted the subpoena the opposite for your experts than for ours.

Fourth, as to the listing of cases in which Heald testified, similar to your expert witnesses' representations and productions, some of Mr. Heald's cases are undoubtedly under protective orders or otherwise confidential. Mr. Heald will produce documents (to the extent he has them) from prior cases with the same haste that plaintiffs' experts have exhibited. Given that Mr. Clawson's deposition is going forward this coming Saturday even though he has produced exactly two reports -- and no other documents -- from all of his numerous cases, your request to put off Heald's deposition on this basis appears to simply be another of your repeated attempts to move depositions to beyond the court's deadline. As we have discussed several times, Mr. Heald will be available for his deposition on February 28th, and only on February 28th. Under no circumstance will defense counsel agree to delay Mr. Heald's deposition until after the discovery cutoff.

Finally, you complain about the fact that Mr. Heald's list of documents does not include depositions that he reviewed. During your review of the documents, you must have noticed copies of the Mackey, Williams, Brown and Jordan deposition transcripts. The failure to list these depositions is an oversight, and a harmless one since they are included in the documents produced. Please consider Mr. Heald's document list amended by this letter to include reference to those depositions. Also, as soon as we locate the first page of the email from Mr. Varney to Mr. Heald, we will produce it.

Joseph A. Garofolo
Attorney at Law
February 19, 2007
Page 3

I am compelled to point out that the strategy plaintiffs undertook with regard to their experts' productions for their subpoenas has forged the path for defense experts' productions.  If you are amenable to coming to agreement as to the documents that your experts have failed to produce (draft reports, prior cases, etc.), I am happy to discuss it with you.

Very truly yours,

Gregory C. Braden

GCB:nbp

# EXHIBIT  5

**Pridgen, Nancy**

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Monday, March 26, 2007 3:27 AM |
| **To:** | Pridgen, Nancy |
| **Subject:** | FW: FW: UPS Ship Notification, Tracking Number 1ZE300087248955696 |

Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Braden, Greg
**Sent:** Thursday, February 15, 2007 5:08 PM
**To:** Joseph Garofolo
**Cc:** von Thielen, Hans-Peter; mds@bowronlatta.com; HWW@bowronlatta.com; Howard Walthall; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick; mgraham@mwe.com; Matt Springer
**Subject:** RE: FW: UPS Ship Notification, Tracking Number 1ZE300087248955696

**Joe, the email string below shows that my paralegal followed your instructions to ship by UPS ground rather than next day air.**

**Gregory C. Braden**
**Alston & Bird**
**1201 West Peachtree St.**
**Atlanta, Georgia 30309**
**(404) 881-7497 - phone**
**(404) 831-0041 - cell**
**(404) 881-7777 - fax**
**gbraden@alston.com**

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Tuesday, February 13, 2007 6:23 PM
**To:** von Thielen, Hans-Peter; Tom Benton
**Cc:** Braden, Greg; Mark Kirkpatrick
**Subject:** Re: Eslava v. Gulf Telephone

Dear Hans-Peter:

Please send the documents via UPS Ground (the $32 method of delivery) to me at the address below my signature in this email.  Will the documents be sent tomorrow?  Thank you.

25

Best regards,

Joe

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

**"von Thielen, Hans-Peter" <Hans-Peter.vonThielen@alston.com>** wrote:

> Dear Joe:
> I have collected 4 boxes of documents that Defendants' expert Mr. Balhoff send to us. I did not count the pages but I believe that we have between 10,000 and 11,000 pages of documents.
> We are charging 11 cents per copy and the shipping cost plus COD costs are $32 per box via UPS Ground or $82 per box via UPS Next Day Air.
> Please let me know how and where you want the documents shipped. I will give you the exact total costs for copying and shipping as soon as the documents are copied and you provide me with the method of shipment and location.
> Thank you.
> Hans-Peter
>
>
> Hans-Peter von Thielen
> ERISA Litigation Paralegal
> ALSTON & BIRD, LLP
> One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> Phone: 404-881-7531
> Fax: 404-253-8136
> E-mail: hans-peter.vonthielen@alston.com
> ********************************************************

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Thursday, February 15, 2007 3:30 PM
**To:** Braden, Greg
**Cc:** von Thielen, Hans-Peter; mds@bowronlatta.com; HWW@bowronlatta.com; Howard Walthall; .ALC.Letzer, Joseph; Matt Springer; Tom Benton; Mark Kirkpatrick; mgraham@mwe.com
**Subject:** Re: FW: UPS Ship Notification, Tracking Number 1ZE300087248955696


Dear Counsel for the Defendants:

Please see the email below from Mr. von Thielen.  It is not reasonable to receive the production of 12,054 pages of documents relating to Mr. Balhoff on Tuesday, February 20 before a deposition of our expert scheduled in Atlanta for Saturday, February 24.  In addition, I have not received documents relating to Mr. Heald whose deposition is scheduled for Wednesday, February 28.

The Court's Order (Doc. 472) requires the production of documents for Defendants' experts within 10 days of Defendants' expert disclosures which were made on February 2.  I have attempted to resolve the issue relating to the production of Mr. Balhoff's documents pursuant to a discussion with Mr. von

Thielen by a possible Saturday delivery of documents. However, Plaintiffs are not required to pay any additional charges for a Saturday delivery for the documents produced by Mr. Balhoff. Also, I will need Defendants' production of documents for Mr. Heald no later than February 16.

If we cannot resolve these issues, then we cannot proceed with the expert depositions as scheduled. Please let me know as soon as possible.

Best regards,

Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

***"von Thielen, Hans-Peter" <Hans-Peter.vonThielen@alston.com>*** wrote:

> Dear Joe,
>
> Please see below email from UPS. You will receive the four boxes on February 20, 2007. The total amount for the COD is $1469.95.
> If you have any question, please do not hesitate to contact me.
>
> Thank you.
>
> Hans-Peter
> Hans-Peter von Thielen
> ERISA Litigation Paralegal
> **ALSTON & BIRD, LLP**
> Phone: 404-881-7531
> Email: hans-peter.vonthielen@alston.com
>
> _____
>
> **From:** QuantumView [mailto:QuantumViewNotify@ups.com]
> **Sent:** Wednesday, February 14, 2007 9:04 PM
> **To:** von Thielen, Hans-Peter
> **Subject:** UPS Ship Notification, Tracking Number 1ZE300087248955696
>
> ***Do not reply to this e-mail. UPS and ALSTON & BIRD will not receive your reply.
> This message was sent to you at the request of ALSTON & BIRD to notify you that the package information below has been transmitted to UPS. The package(s) may not have actually been placed with UPS for shipment. To verify when and if the shipment is tendered to UPS and its actual transit status, click on the tracking link below or contact ALSTON & BIRD directly.
> **Important Delivery Information**
>
> _____
>
> **Collect On Delivery Amount:**    USD 1, 469.95 , 4 package(s)
> **Payment:** Cashier's check or money order only - No Cash
>     **Scheduled Delivery:** 20-February-2007

## Shipment Detail

---

**Ship To:**
Joeseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
88 King Street
Suite 806
San Francisco
CA
94107
US
**Number of Packages**   4
**UPS Service:**    GROUND
**Weight:**    134.0 LBS


**Tracking Number:**   1ZE300087248955696
**Reference Number 1:**   009990-030000
**Reference Number 2:**   Hans-Peter von Thielen
Click here to track or visit if UPS has received your shipment or visit
http://www.ups.com/WebTracking/track?loc=en_US on the Internet.

---

This e-mail contains proprietary information and may be confidential. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you received this message in error, please delete it immediately.
This e-mail was automatically generated by UPS e-mail services at the shipper's request. Any reply to this e-mail will not be received by UPS or the shipper. Please contact the shipper directly if you have questions regarding the referenced shipment or you wish to discontinue this notification service.

*********************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

---



Home | About UPS | Contact UPS | Getting Started @ UPS.com

**UPS Uni**

Shipping | **Tracking** | Freight | Locations | Support | Business Solutions

## Tracking

**Track Shipments**
  Track by Reference
  Get Signature Images
  Track by E-mail
  Import Tracking Numbers 🔒
  SMS Tracking
  Track with Quantum View
  Access Flex Global View
  Integrate Tracking Tools
  Void a Shipment 🔒
  Help

**Find Answers to Your
Tracking Questions**

➔ Go to Tracking FAQ

Log-In  User ID: [            ]  Password: [            ] →  | Forgot Password

# Track Shipments

Track Packages & Freight    Quantum View    Flex Global View

**Tracking Detail**                                      Printer Friend

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z E30 008 72 4895 569 6 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered on: | 02/20/2007 12:46 P.M. |
| Signed by: | TUALA |
| Location: | FRONT DESK |
| Delivered to: | SAN FRANCISCO, CA, US |
| Shipped or Billed on: | 02/14/2007 |
| Service Type: | GROUND |
| Weight: | 37.00 Lbs |
| Multiple Packages: | 4 📷 Show All |

**Package Progress**

| Location | Date | Local Time | Description |
|---|---|---|---|
| SAN FRANCISCO, CA, US | 02/20/2007 | 12:46 P.M. | DELIVERY |
| | 02/20/2007 | 4:42 A.M. | OUT FOR DELIVERY |
| | 02/20/2007 | 3:15 A.M. | ARRIVAL SCAN |
| SAN PABLO, CA, US | 02/20/2007 | 12:36 A.M. | DEPARTURE SCAN |
| SAN PABLO, CA, US | 02/19/2007 | 2:58 P.M. | ARRIVAL SCAN |
| HODGKINS, IL, US | 02/16/2007 | 10:01 A.M. | DEPARTURE SCAN |
| | 02/16/2007 | 2:03 A.M. | ARRIVAL SCAN |
| INDIANAPOLIS, IN, US | 02/15/2007 | 11:37 P.M. | DEPARTURE SCAN |
| | 02/15/2007 | 9:37 P.M. | ARRIVAL SCAN |
| DORAVILLE, GA, US | 02/15/2007 | 11:12 A.M. | DEPARTURE SCAN |
| | 02/15/2007 | 2:14 A.M. | ARRIVAL SCAN |
| ATLANTA, GA, US | 02/15/2007 | 1:34 A.M. | DEPARTURE SCAN |
| ATLANTA, GA, US | 02/14/2007 | 9:36 P.M. | ORIGIN SCAN |

US                02/14/2007        9:03 P.M.    BILLING INFORMATION RECEIV

Tracking results provided by UPS:  02/21/2007 10:37 A.M.  EST (USA)

Printer Friendly 🖨

**Get Notified: Quantum View Notify**[SM]
Log in or register to e-mail this page to up to three recipients.
➔ Log in
➔ Register

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tenc
for you to UPS for delivery and for no other purpose. Any other use of UPS tracking syste
information is strictly prohibited.

← Back to Tracking Summary

Home | Shipping | Tracking | Freight | Locations | Support | Business Solutions | About UPS | Contact UPS | Register | Getting Started
Advanced Search | UPS Global | UPS Corporate

Copyright © 1994-2007 United Parcel Service of America, Inc. All rights reserved.
Web Site Terms of Use | Privacy Policy | Trademarks | UPS Tariff/Terms and Conditions



Home | About UPS | Contact UPS | Getting Started @ UPS.com



**UPS Uni**

Shipping | **Tracking** | Freight | Locations | Support | Business Solutions

## Tracking

**Track Shipments**
Track by Reference
Get Signature Images
Track by E-mail
Import Tracking Numbers
SMS Tracking
Track with Quantum View
Access Flex Global View
Integrate Tracking Tools
Void a Shipment
Help

**Find Answers to Your Tracking Questions**

➔Go to Tracking FAQ

Log-In   User ID: [        ]   Password: [        ]  →  | Forgot Password

# Track Shipments

Track Packages & Freight     Quantum View     Flex Global View

**Tracking Detail**                                        Printer Friend

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z E30 008 60 4749 615 3 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered on: | 02/17/2007 12:58 P.M. |
| Signed by: | PASTOR |
| Location: | RECEIVER |
| Delivered to: | SAN FRANCISCO, CA, US |
| Shipped or Billed on: | 02/16/2007 |
| Service Type: | NEXT DAY AIR |
| Weight: | 34.70 Lbs |
| Multiple Packages: | 2  Show All |

### Package Progress

| Location | Date | Local Time | Description |
|---|---|---|---|
| SAN FRANCISCO, CA, US | 02/17/2007 | 12:58 P.M. | DELIVERY |
| | 02/17/2007 | 11:58 A.M. | THE RECEIVER DID NOT HAVE AVAILABLE ON THE 1ST DELIVI ATTEMPT. A 2ND DELIVERY AT WILL BE MADE |
| | 02/17/2007 | 8:58 A.M. | OUT FOR DELIVERY |
| | 02/17/2007 | 8:30 A.M. | ARRIVAL SCAN |
| OAKLAND, CA, US | 02/17/2007 | 8:14 A.M. | DEPARTURE SCAN |
| | 02/17/2007 | 6:39 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 02/17/2007 | 5:11 A.M. | DEPARTURE SCAN |
| LOUISVILLE, KY, US | 02/16/2007 | 11:53 P.M. | ARRIVAL SCAN |
| HAPEVILLE, GA, US | 02/16/2007 | 10:35 P.M. | DEPARTURE SCAN |
| | 02/16/2007 | 10:06 P.M. | ARRIVAL SCAN |
| ATLANTA, GA, US | 02/16/2007 | 9:50 P.M. | DEPARTURE SCAN |
| | 02/16/2007 | 9:28 P.M. | ORIGIN SCAN |

|     | US | 02/16/2007 | 9:00 P.M. | BILLING INFORMATION RECEIV |

Tracking results provided by UPS:  02/20/2007 11:17 A.M.  EST (USA)

Printer Friendly 🖶

**Get Notified: Quantum View Notify[SM]**
Log in or register to e-mail this page to up to three recipients.
➔ Log in
➔ Register

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tenc
for you to UPS for delivery and for no other purpose. Any other use of UPS tracking syste
information is strictly prohibited.

← Back to Tracking Summary

Home  | Shipping  | Tracking  | Freight  | Locations  | Support  | Business Solutions  | About UPS  | Contact UPS  | Register  | Getting Started
Advanced Search  | UPS Global  | UPS Corporate

Copyright © 1994-2007 United Parcel Service of America, Inc. All rights reserved.
Web Site Terms of Use  | Privacy Policy  | Trademarks  | UPS Tariff/Terms and Conditions

# EXHIBIT  6

## Pridgen, Nancy

| | |
|---|---|
| **From:** | Braden, Greg |
| **Sent:** | Friday, March 30, 2007 7:57 PM |
| **To:** | Joseph Garofolo |
| **Cc:** | Pridgen, Nancy; Varney, Peter; Tom Benton; Mark Kirkpatrick; Ben Hahn |
| **Subject:** | RE: Eslava: Plaintiffs' Offer to Resolve Issues Relating to Balhoff Deposition |

Joe, the Defendants will agree to pay your airfare and nothing else in order to spare Judge Bivins this exercise and the expense of preparing for it. We will make Balhoff available on a mutually agreeable date over the next 45 days. This is our final offer to resolve this matter and will expire at 5pm tomorrow. Obviously, if you do not wish to accept, we will oppose your motion and any attempt to depose Mr. Balhoff, and we will seek sanctions as well.


Gregory C. Braden
Alston & Bird
1201 West Peachtree St.
Atlanta, Georgia 30309
(404) 881-7497 - phone
(404) 831-0041 - cell
(404) 881-7777 - fax
gbraden@alston.com

---

**From:** Joseph Garofolo [mailto:erisalaw@sbcglobal.net]
**Sent:** Friday, March 30, 2007 5:00 PM
**To:** Braden, Greg
**Cc:** Pridgen, Nancy; Varney, Peter; Tom Benton; Mark Kirkpatrick; Ben Hahn
**Subject:** Eslava: Plaintiffs' Offer to Resolve Issues Relating to Balhoff Deposition

Dear Greg:

Please find attached a letter relating to our discussion on March 28, 2007 regarding Plaintiffs' Motion to Preclude Defendants from Offering the Testimony of Their Putative Expert Michael J. Balhoff (Doc. 535).

Best regards,

Joe


Joseph A. Garofolo, Esq.
Law Office of Joseph A. Garofolo
2125 Oak Grove Road, Suite 110
Walnut Creek, CA 94598
Telephone: (925) 926-0524
Fax: (925) 926-0521

*This email and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this email and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

# EXHIBIT  B

**Pridgen, Nancy**

---

**From:** Pridgen, Nancy
**Sent:** Sunday, February 18, 2007 2:16 PM
**To:** ClawsonGroup
**Cc:** JOE GAROFOLO; Braden, Greg
**Subject:** RE: Clawson's expert disclosures/subpoena

Several of your listed cases fail to identify the court.  Please provide that information.

--Nancy

---

**From:** ClawsonGroup [mailto:kclawson@clawsongroup.com]
**Sent:** Friday, February 16, 2007 2:25 PM
**To:** Pridgen, Nancy
**Cc:** 'Joseph Garofolo'; Braden, Greg; mkirkpatrick@cdklaw.com; tbenton@mlrlawyers.com;
daho@millermartin.com; leslie.bassett@alson.com; sboykin@burr.com; ccrevasse@millermartin.com;
mgraham@mwe.com; .ALC.Letzer, Joseph; pflinn@mbs-law.com; mmccafferty@vickersriis.com;
jmorrow@burr.com; jpierce@butlerpappas.com; mds@bowronlatta.com; swaimlaw@gulftel.com;
hpwalthall@burr.com; hww@bowronlatta.com
**Subject:** RE: Clawson's expert disclosures/subpoena

Nancy:

This email responds to your email dated February 14, 2007 (see below) regarding disclosures made under Fed. R. Civ. P. 26(a)(2)(B). Please note that I have previously disclosed all of the italicized information that you request in your email. I served this information on you by mail on November 30, 2006, and I also understand it was emailed to Mr. Braden by Mr. Benton on that same day. Accordingly you have had the italicized information since November 30, 2006. In addition to the information previously provided, I now provide you with an Amended Rule 26 disclosure. This information amends both the document entitled Rule 26 Disclosure and also Exhibit 1 of my previously disclosed expert report.

Kace G. Clawson
Chief Executive Officer
ClawsonGroup, Inc.
11951 Freedom Drive, 13th Floor
Reston, Virginia 20190
(703) 251-4824 - Office
(703) 593-5214 - Mobile
(703) 991-6642 - Fax

---

**From:** Pridgen, Nancy [mailto:Nancy.Pridgen@alston.com]
**Sent:** Wednesday, February 14, 2007 11:51 PM
**To:** ClawsonGroup
**Cc:** Joseph Garofolo; Braden, Greg
**Subject:** Clawson's expert disclosures/subpoena
**Importance:** High

Reference is made to Fed. R. Civ. P. 26(a)(2)(B) which sets forth, inter alia, the following requirements for expert reports:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, *including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*

In reviewing your report, we have noted the disclosures required by the rules set forth above are not included. If the deficiencies in your report are not remedied by Friday, we will be forced to move to strike your report.

Further, we have not received documents pursuant to request number 1 of the subpoena duces tecum we served on you. Your deposition is set for Feb 24th. You have now had over a month to locate and produce the documents responsive to request number 1 of your subpoena. According to our discussions, you agreed to produce those within one week before your deposition. Therefore, we expect to receive those by the end of this week or we will order our steps accordingly.

We would appreciate your cooperation so we are not forced to involve the court in these matters.

*Nancy B. Pridgen*

Alston + Bird LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
ph 404.881.7884
fx 404.253.8144
nancy.pridgen@alston.com


*************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

**Pridgen, Nancy**

---

**From:**    Pridgen, Nancy
**Sent:**    Wednesday, February 21, 2007 3:34 PM
**To:**    ClawsonGroup
**Cc:**    'JOE GAROFOLO'; Braden, Greg
**Subject:** RE: Clawson's expert disclosures/subpoena

Perhaps this has slipped your mind -- please identify the courts on all cases missing that information.  Thank you.

--Nancy

---

**From:** ClawsonGroup [mailto:kclawson@clawsongroup.com]
**Sent:** Monday, February 19, 2007 11:29 AM
**To:** Pridgen, Nancy
**Cc:** 'JOE GAROFOLO'; Braden, Greg
**Subject:** RE: Clawson's expert disclosures/subpoena

Nancy:

I'm traveling today and Tuesday, but will provide this as soon as I get back.

Kace G. Clawson
Chief Executive Officer
ClawsonGroup, Inc.
11951 Freedom Drive, 13th Floor
Reston, Virginia 20190
(703) 251-4824 - Office
(703) 593-5214 - Mobile
(703) 991-6642 - Fax

---

**From:** Pridgen, Nancy [mailto:Nancy.Pridgen@alston.com]
**Sent:** Sunday, February 18, 2007 2:16 PM
**To:** ClawsonGroup
**Cc:** JOE GAROFOLO; Braden, Greg
**Subject:** RE: Clawson's expert disclosures/subpoena

Several of your listed cases fail to identify the court.  Please provide that information.

--Nancy

---

**From:** ClawsonGroup [mailto:kclawson@clawsongroup.com]
**Sent:** Friday, February 16, 2007 2:25 PM
**To:** Pridgen, Nancy
**Cc:** 'Joseph Garofolo'; Braden, Greg; mkirkpatrick@cdklaw.com; tbenton@mlrlawyers.com; daho@millermartin.com; leslie.bassett@alson.com; sboykin@burr.com; ccrevasse@millermartin.com; mgraham@mwe.com; .ALC.Letzer, Joseph; pflinn@mbs-law.com; mmccafferty@vickersriis.com; jmorrow@burr.com; jpierce@butlerpappas.com; mds@bowronlatta.com; swaimlaw@gulftel.com; hpwalthall@burr.com; hww@bowronlatta.com
**Subject:** RE: Clawson's expert disclosures/subpoena

Nancy:

This email responds to your email dated February 14, 2007 (see below) regarding disclosures made under Fed. R. Civ. P. 26(a)(2)(B). Please note that I have previously disclosed all of the italicized information that you request in your email. I served this information on you by mail on November 30, 2006, and I also understand it was emailed to Mr. Braden by Mr. Benton on that same day. Accordingly you have had the italicized information since November 30, 2006. In addition to the information previously provided, I now provide you with an Amended Rule 26 disclosure. This information amends both the document entitled Rule 26 Disclosure and also Exhibit 1of my previously disclosed expert report.

Kace G. Clawson
Chief Executive Officer
ClawsonGroup, Inc.
11951 Freedom Drive, 13th Floor
Reston, Virginia 20190
(703) 251-4824 - Office
(703) 593-5214 - Mobile
(703) 991-6642 - Fax

---

**From:** Pridgen, Nancy [mailto:Nancy.Pridgen@alston.com]
**Sent:** Wednesday, February 14, 2007 11:51 PM
**To:** ClawsonGroup
**Cc:** Joseph Garofolo; Braden, Greg
**Subject:** Clawson's expert disclosures/subpoena
**Importance:** High

Reference is made to Fed. R. Civ. P. 26(a)(2)(B) which sets forth, inter alia, the following requirements for expert reports:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, *including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*

In reviewing your report, we have noted the disclosures required by the rules set forth above are not included. If the deficiencies in your report are not remedied by Friday, we will be forced to move to strike your report.

Further, we have not received documents pursuant to request number 1 of the subpoena duces tecum we served on you. Your deposition is set for Feb 24th. You have now had over a month to locate and produce the documents responsive to request number 1 of your subpoena. According to our discussions, you agreed to produce those within one week before your deposition. Therefore, we expect to receive those by the end of this week or we will order our steps accordingly.

We would appreciate your cooperation so we are not forced to involve the court in these matters.

*Nancy B. Pridgen*

Alston + Bird LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
ph 404.881.7884

4/2/2007

fx 404.253.8144
nancy.pridgen@alston.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
taxing authorities, we inform you that any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other
taxing authorities, we inform you that any tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

---

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

---

4/2/2007

# EXHIBIT  C

## McFADDEN, LYON & ROUSE, L.L.C.
### ATTORNEYS AND COUNSELLORS AT LAW
718 DOWNTOWNER BOULEVARD
MOBILE, ALABAMA 36609-5499

STOVA F. McFADDEN
WILLIAM M. LYON, JR.
BETH McFADDEN ROUSE
WILLIAM S. McFADDEN
THOMAS H. BENTON, JR.
JOHN T. BENDER

TELEPHONE: (251) 342-9172
FACSIMILE: (251) 342-9457

July 31, 2006

Gregory C. Braden
Alston & Bird
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Re:  *David Eslava, et al., v. Gulf Telephone Co., et al.*

Dear Greg:

The following is intended as a Privilege Log for the e-mails retrieved from David Eslava's computer:

| | | |
|---|---|---|
| ESL0001 | 6-9-06 | Tom Benton to Plaintiffs regarding meeting |
| ESL0006 | 6-2-06 | From Tom Benton to Plaintiffs regarding discovery responses |
| ESL0007 | 5-25-06 | From Tom Benton to David Eslava regarding discovery |
| ESL0008 | 5-23-06 | From Jon Hartman to Tom Benton and Plaintiffs regarding depositions |
| ESL0009 | | From Tom Benton to Plaintiffs regarding depositions |
| ESL0010-11 | 5-23-06 | From Tom Benton to Plaintiffs regarding class discovery |
| ESL0012-13 | | From Tom Benton regarding class discovery |
| ESL0014-15 | 5-22-06 | From Tom Benton to Plaintiffs regarding class discovery |
| ESL0016 | 5-22-06 | From Tom Benton to Plaintiffs regarding class discovery |
| ESL0017-18 | 5-22-06 | From Tom Benton to Plaintiffs regarding class discovery |
| ESL0019 | 5-11-06 | From David Eslava to Tom Benton regarding depositions |
| ESL0021 | 5-5-06 | From Tom Benton to David Eslava regarding response to interrogatories and requests for production |
| ESL0025-28 | 5-2-06 | From Mark Kirkpatrick to Plaintiffs and Plaintiffs' responses regarding witnesses |
| ESL0029-32 | 5-2-06 | From Jon Hartman to Plaintiffs' counsel and David Eslava regarding witnesses |
| ESL0038 | 4-23-06 | From Jon Hartman to Plaintiffs' counsel and David Eslava regarding just checking in |

July 31, 2006
Page 2

| | | |
|---|---|---|
| ESL0040-41 | 4-5-06 | From Tom Benton regarding mediation |
| ESL0042-45 | 3-27-06 | From Tom Benton to Plaintiffs with replies regarding request for information |
| ESL0046 | 3-9-06 | From Tom Benton regarding mediation |
| ESL0047 | | Same as ESL0046 |
| ESL0048 | 3-8-06 | From John Sutton to Plaintiffs and Tom Benton |
| ESL0049-50 | 3-7-06 | From Tom Benton to Plaintiffs regarding mediation |
| ESL0051 | | Same as ESL0048 |
| ESL0052-53 | | Same as ESL0049-50 |
| ESL0054-55 | 2-23-06 | From Tom Benton to Plaintiffs regarding update |
| ESL0058 | 1-26-06 | From Tom Benton to Plaintiffs regarding conference with judge |
| ESL0059-60 | 1-18-06 | From Tom Benton to Plaintiffs regarding update |
| ESL0061 | 5-25-06 | From David Eslava to Tom Benton regarding interrogatory Responses |
| ESL0062 | 5-11-06 | From David Eslava to Tom Benton regarding depositions |
| ESL0063 | 4-14-06 | From David Eslava to Mark Kirkpatrick |
| ESL0064-66 | 4-12-06 | From David Eslava to Mark Kirkpatrick |
| ESL0067 | 3-9-06 | From David Eslava to Tom Benton regarding mediation |

After reviewing this log, I note, that you have not provided me with a similar log for the documents that you withheld from production. Please do so by the end of next week or I will have no choice but to file a motion to compel. Please call me if you desire to discuss this matter. Also attached are the e-mails from David Eslava that were not deemed privileged.

Sincerely,

MCFADDEN, LYON & ROUSE, L.L.C.

THOMAS H. BENTON, JR.

THBjr/lh

enclosure

**McFADDEN, LYON & ROUSE, L.L.C.**
ATTORNEYS AND COUNSELLORS AT LAW
718 DOWNTOWNER BOULEVARD
MOBILE, ALABAMA 36609-5499

STOVA F. McFADDEN
WILLIAM M. LYON, JR.
BETH McFADDEN ROUSE
WILLIAM S. McFADDEN
THOMAS H. BENTON, JR.
JOHN T. BENDER

TELEPHONE: (251) 342-9172
FACSIMILE: (251) 342-9457

July 31, 2006

Gregory C. Braden
Alston & Bird
1201 West Peachtree Street
Atlanta, Georgia  30309-3424

  Re: *David Eslava, et al., v. Gulf Telephone Co., et al.*

Dear Greg:

   The following is intended as a Privilege Log for the e-mails retrieved from Robert Kaiser's computer:

| | | |
|---|---|---|
| KAI0001 | 6-2-06 | From Tom Benton to Plaintiffs regarding discovery responses |
| KAI0003 | 4-23-06 | From Jon Hartman to Plaintiffs' counsel and Plaintiffs just checking in |
| KAI0005-8 | | From Jon Hartman to Plaintiffs' counsel and David Eslava regarding witnesses |
| KAI0010 | 5-5-06 | From Tom Benton regarding discovery responses |
| KAI0011-12 | 5-22-06 | From Tom Benton regarding discovery |
| KAI0013 | 5-23-06 | From Tom Benton regarding discovery |
| KAI0014 | 5-22-06 | From Tom Benton regarding discovery |
| KAI0015-16 | 5-23-06 | From Tom Benton regarding discovery |
| KAI0018-25 | 6-5-06 | From Tom Benton regarding interrogatory responses |
| KAI0025 | 7-19-06 | From Tom Benton to Plaintiffs |

   After reviewing this log, I note, that you have not provided me with a similar log for the documents that you withheld from production.  Please do so by the end of next week or I will have no choice but to file a motion to compel.  Please call me if you desire to discuss this matter.  Also attached are the e-mails from Robert Kaiser that were not deemed privileged.

July 31, 2006
Page 2

Sincerely,

MCFADDEN, LYON & ROUSE, L.L.C.

THOMAS H. BENTON, JR.

THBjr/lh

enclosure