UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID ESLAVA**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Miscellaneous Action No. 07-104 (RMC) |
| | ) |
| **GULF TELEPHONE CO., INC.**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This case arises from pending ERISA litigation in the Southern District of Alabama. This Court has no involvement with the merits of that litigation; rather, one of the Defendants in the underlying ERISA case, Gulf Telephone Co., Inc. ("GulfTel"), has moved this Court for a protective order in connection with the deposition of one of its expert witnesses, Michael Balhoff.

Briefly, the relevant facts are as follows. Discovery in the underlying case was scheduled to close on March 2, 2007, but the parties agreed to schedule Mr. Balhoff's deposition for March 6 in Washington, D.C. Accordingly, on February 21, 2007, Plaintiffs' counsel issued a subpoena commanding Mr. Balhoff to appear on March 6 at Esquire Deposition Services in Washington, D.C. As required by Fed. R. Civ. P. 45, the location of the deposition was within 100 miles of Mr. Balhoff's place of business. On March 2, 2007, GulfTel's counsel sent an email to Plaintiffs' counsel stating that Mr. Balhoff would not appear at Esquire Services on March 6; instead, Mr. Balhoff's deposition would have to be taken at GulfTel's counsel's office because there was "significant inconvenience to [GulfTel's counsel] with [the] preferred location." In other words, GulfTel's counsel unilaterally attempted to change the location of the deposition that Plaintiffs' counsel had noticed in the February 21 subpoena. Plaintiffs' counsel responded that he had noticed

the deposition to occur at Esquire Deposition Services for various reasons and that he was not willing to change the location.

On March 6 at 9:00 a.m., Plaintiffs' counsel, having traveled from California, appeared at Esquire Deposition Services to take Mr. Balhoff's deposition. At 8:50 a.m. GulfTel's counsel sent an email to Plaintiffs' counsel indicating that Mr. Balhoff would only be made available at GulfTel's counsel's office, and — in fact — neither Mr. Balhoff nor GulfTel's counsel appeared at Esquire Deposition Services. The following day, GulfTel filed the instant motion for a protective order seeking to force Plaintiffs' counsel to take Mr. Balhoff's deposition at the offices of GulfTel's counsel.

The Court finds GulfTel's motion to be in bad faith. GulfTel cites no legal authority for its argument that it was justified in failing to produce Mr. Balhoff for the deposition. The fact that Plaintiffs' counsel refused to accommodate GulfTel's counsel's request to relocate the deposition to his office, which was made for the first time four days before the deposition, was not a legitimate basis for GulfTel's counsel's refusal to bring the witness to Esquire Deposition Services. Plaintiffs' counsel had the right to name the time and place of the deposition. *See, e.g.*, 8A Wright & Miller, *Federal Practice & Procedure* § 2112 ("[A] party must attend at the place stated in the notice and a witness must attend if the place stated in the subpoena satisfies the requirements of Rule 45(b)(2), unless the party or witness obtains an order of the court changing the place.").

More telling of GulfTel's bad faith is the relief that GulfTel seeks. GulfTel's motion asks the court to "reliev[e] Mr. Balhoff from appearing at Esquire Reporting Services." Def.'s Mot. at p. 2. But the excuse that GulfTel's counsel offered for not appearing at Esquire Reporting Services was that counsel "had other business at his Washington DC office and needed to be at that

office." *Id.* Thus, it is evident that GulfTel's counsel wanted to relocate the deposition for his own convenience, not for Mr. Balhoff's convenience. Indeed, GulfTel's motion does not even attempt to explain why the witness cannot appear at Esquire Reporting Services; it merely suggests that holding the deposition at GulfTel's counsel's offices would not be an inconvenience to Plaintiffs' counsel. GulfTel's argument that the deposition needs to be relocated to accommodate the witness is an invention of a lawyer. Further, even if GulfTel's counsel had an emergency on March 6 which might have explained his need to stay close to the office — none was proffered in GulfTel's motion— there is no basis to order Plaintiffs to take the deposition at the location on a future date.

Having found that the instant motion was brought in bad faith and for oppressive reasons, it is hereby

**ORDERED** that Gulftel Defendants' Motion for Protective Order [Dkt. No. 1] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiffs are awarded their reasonable costs and attorneys' fees incurred in attending the aborted deposition of Michael Balhoff and in responding to the instant Motion for Protective Order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (noting that federal courts have inherent authority to award costs and attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotation marks omitted). Plaintiffs shall submit a petition for costs and attorneys' fees no later than May 3, 2007.

**SO ORDERED.**

                                        /s/
                          ROSEMARY M. COLLYER
                          United States District Judge

DATE: April 12, 2007