UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID ESLAVA**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Misc. Action No. 07-104 (RMC) |
| ) | |
| **GULF TELEPHONE CO., INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiffs' counsel noticed a location for a deposition in Washington, D.C., and traveled from San Francisco to take said deposition. Defense counsel preferred a different location and failed to appear with his witness. Defense counsel filed a Motion for Protective Order, after the fact, asking this Court to require the deposition to be taken at the preferred location. The Court found the Motion in bad faith and, on April 12, 2007, denied the motion and ordered Plaintiffs' counsel to submit a petition for reasonable fees and costs by May 3, 2007. On May 22, 2007, Plaintiffs' counsel filed a motion for leave to file the attorneys' fees petition out of time, claiming that Plaintiffs' local counsel in D.C. never received an email from the Court's CM-ECF electronic system indicating that Defendants' motion for protective order had been denied and, therefore, did not know of the May 3 deadline. Plaintiffs' counsel only discovered it when he checked the PACER system. Thus, Plaintiffs' counsel late files his petition for fees and costs in the startling amount of $16,682. Defense counsel opposes granting leave and opposes the amount of the fees.

Plaintiffs' motion is late and excessive (for instance, one cannot reasonably bill $375/hour while sleeping on a red-eye, as difficult as such a flight is). His excuse is insufficient.

The factors involved in determining whether there has been "excusable neglect" under Federal Rule of Civil Procedure 6(b)(2) are well known: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the control of the movant; and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993); *Pigford v. Veneman*, 307 F. Supp. 2d 43, 50-51 (D.D.C. 2004). The Court agrees with Plaintiffs' counsel that there is little likelihood of prejudice to Defendants and that the delay will not impact the judicial proceedings in Alabama. However, the reason for the delay was clearly in counsel's control, and the papers make clear that these lawyers squabble over everything so it is difficult to find full good faith on either side. "Regardless of whether [counsel] received the e-mail notice, he remained obligated to monitor the court's docket." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1293 (D.C. Cir. 2004). Moreover, the ECF docket has an electronic receipt for the email notice sent to Mr. Hahn; any difficulties in receipt occurred at his end of the Internet, not with the Court system.

The Court urges the lawyers to resume the professional and civil relationship with which they undoubtedly started this litigation.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion For Leave to File Petition for Costs and Attorneys' Fees [Dkt. No. 6] is **DENIED**.

**SO ORDERED.**

DATE: September 5, 2007                            /s/
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge